IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 08-0730 WHA |
| Plaintiff, | |
| v. | **TENTATIVE PROTECTIVE ORDER FOR WITNESS SECURITY** |
| IVAN CERNA, et al., | |
| Defendants. | |

As discussed at the June 24 hearing, the Court's tentative protective order for this case follows. The parties shall meet and confer regarding this order and submit a joint report by **JULY 8, 2009, AT NOON**, identifying any remaining areas of disagreement. A final protective order shall then be framed. Counsel shall also advise how to conform the deadlines at the end of this order to best fit the December 11 deadline in the final scheduling order.

\*        \*        \*

With modifications, the government's motion for a protective order (Dkt. No. 324) is **GRANTED**. Pursuant to Rule 16(d)(1), a protective order is needed to protect witnesses and their families from retaliation for cooperation with law enforcement. *Ex parte*, as authorized by the rule, the government has made a satisfactory showing of good cause on a witness-by-witness basis. The proposed protective order is patterned after the Court's own order in the *Fort* case. The government's proposed modifications thereto are too restrictive, however, and will not be accepted in full. All defense objections are overruled for the reasons stated in the government's reply memorandum.

The purpose of this order is to establish a procedure for protecting the identities and/or locations of civilian witnesses who have provided information to law enforcement and whose names and/or locations appear in Government materials discoverable by the defense or received

by the defense pursuant to subpoena or other means. This order does not address what materials are discoverable. That is left to other rulings. Rather, this order sets in place a procedure for the safekeeping of identities and locations of such persons revealed in otherwise discoverable materials, materials received through subpoena, or through any other means. Although most provisions herein apply only to those defense teams electing to receive protected information or in possession of protected information obtained through subpoena or other means, a few important provisions apply to *all* defense teams, so all counsel and investigators must read this order.

1. A subject of this protective order is "identifying information." This term includes the true name, nickname, street name, alias, age, gender, physical description, family, relatives, residence address, residence block, residence street, residence building, phone number, email address, workplace, Social Security Number, driver license number, automobile, automobile registration, credit card information and any other information suggesting the identity and/or location of an individual or his or her family. The term "locator" information or data refers to any of the foregoing other than the true name, nickname, street name and alias. The term "potential trial witness" includes any civilian who has provided information to law enforcement as revealed by materials produced in discovery, obtained by subpoena, or obtained or learned by any other means. "Protected information" includes any identifying information for potential trial witnesses, any locator information, and any information learned about them *from any source*. The term "primary witnesses" means those potential trial witnesses shown by the Government to be at heightened risk. The term "secondary witnesses" means all other potential trial witnesses. The term "protected witness" includes both categories.

2. As to *all* protected witnesses, the Government has already and is hereby authorized to continue to redact all identifying information from any materials provided in discovery, provided that it reveals said protected information on the timetable as follows.

3. On the schedule set forth below, the Government must, upon written request by a defense counsel, promptly make available unredacted copies of all discoverable materials for inspection by said counsel or said counsel's investigator (or both) so long as each counsel and

2

1 investigator first signs and provides the Government with (i) an acknowledgment that the
2 unredacted information so revealed is protected by this order, (ii) an acknowledgment that each
3 has carefully read and understands this order, and (iii) an agreement to abide by this order fully
4 with respect to all such protected information, keeping in mind that protected information
5 includes not only the information learned during the review but any other information learned
6 from any source about a protected witness.  The prescribed form of the acknowledgment is
7 appended hereto.  Once all counsel and all investigators for a defendant have provided the
8 acknowledgments and agreement, they shall be "eligible" to receive protected information.
9 Such counsel and investigators will sometimes be referred to herein as an "eligible defense
10 team."  Where a defendant has two counsel, both (and any investigators) must execute and
11 provide the acknowledgments and agreement to be eligible.  An original-ink signature on each
12 acknowledgment form shall be promptly filed with the Court, in addition to the usual e-filed
13 version. To the extent that counsel is already in possession of unredacted materials obtained
14 from the United States Attorney, each counsel and investigator must execute (i) an
15 acknowledgment that the unredacted information so revealed in those materials is protected by
16 this order, (ii) an acknowledgment that each has carefully read and understands this order, and
17 (iii) an agreement to abide by this order fully with respect to all such protected information,
18 keeping in mind that protected information includes not only the information learned during the
19 review but any other information learned from any source about a protected witness.

20       4. The location of the inspections shall be in the United States Attorney's Office.  The
21 unredacted set for inspection shall remain in the room used for the inspection.  It shall be bates
22 numbered to correspond to the earlier-produced redacted versions.  Defense counsel and their
23 investigators may each make notes from the unredacted set but may not make photocopies of
24 the unredacted set or any part thereof.  Nor may they photocopy any notes made by any of them.
25 In other words, no defense team will be provided unredacted materials to take away from the
26 review room and notes made by them may not be photocopied or reformatted as a typed or
27 computerized document.  Counsel and their investigators may bring their redacted copies to the
28 place of inspection to assist in their review (but any notes made thereon shall convert said

3

1  materials to noncopyable notes under this order).  They may attend alone or together or in
2  subsets as they wish but each one attending must first have executed the acknowledgments and
3  agreement.  Within **SEVEN CALENDAR DAYS** of the review, a list of all protected individuals
4  disclosed in the materials or whose names appear in the materials obtained by subpoena or other
5  means shall be prepared by the defense counsel and provided to the Government.  If the latter
6  believes the list is incomplete, it shall promptly seek the Court's intervention.

7      5.  The timing of the inspections shall be as follows.  As to secondary witnesses, the
8  government must grant an inspection to any eligible defense team within two weeks of a written
9  request accompanied by the proper acknowledgment forms.  Such requests may be made
10 effective immediately.  As to primary witnesses, upon written request, the government must
11 grant a review to any eligible defense team but only **NINETY DAYS** before the commencement of
12 trial and only as to eligible defense teams whose clients are set for trial within the ninety-day
13 period (and not as to any defense teams set for any, later severed trial).  Documents made
14 available for the secondary-witness inspection need only be those relating to secondary
15 witnesses and the portions thereof, if any, relating to primary witnesses may remain redacted.
16 For *all* protected witnesses, locator data shall always remain redacted unless, upon noticed
17 motion and for good cause, the Court approves unredacting such information on a case-by-case
18 basis.  To the extent defense teams learn locator data on through subpoena or other means, it
19 shall be protected information under this order.

20     6.  All eligible defense teams receiving any protected information, from whatever
21 source, must maintain it in strict confidence and may disclose it and use it only as follows and
22 in no other manner:

23     (a)  Protected information may be disclosed to the United States Attorney's
24 Office and to the Court (under seal) and may be used at trial. If fewer than all defense teams are
25 eligible as to the information contained in any such filing, then the filing shall be served only on
26 eligible counsel (and the Government) and the ineligible counsel shall be served with a
27 sanitized copy.
28

4

(b) Protected information may be shared with other defense teams eligible as to the witnesses involved but only to arrange joint interviews and to memorialize follow-up interviews, provided that (specific) locator information shall not be disclosed in any memorandum, letter or other writing. Any shared work permitted under this subparagraph and containing protected information must prominently be labeled on each page "**CONTAINS PROTECTED INFORMATION PROTECTED UNDER COURT ORDER; ONLY ELIGIBLE RECIPIENTS MAY HAVE ACCESS**." The disclosing party shall verify in advance that each recipient is eligible. No ineligible party shall receive protected information.

(c) Defense teams may use protected information to locate publicly-available information about any subject witness, *i.e.*, a potential trial witness whose identity is unredacted or otherwise revealed. If this leads to other unprotected sources of information on the subject witness, public or private, counsel and/or investigators may interview those unprotected sources about the subject witness. Any information so learned shall be deemed protected information under this order.

(d) Defense teams may use protected information to frame questions to interviewees. In interviewing anyone other than the subject witness or in consulting publiclyavailable data sources, however, defense teams shall make no reference to any police report or other government-disclosed document containing protected information, the fact that any potential witness has spoken to law enforcement, the possibility that any potential witness may be cooperating with authorities or is not cooperating with the defense, or the extent to which another's testimony might help or hurt the defense or prosecution, or any need to obtain impeachment material on a witness, all of which would be unnecessary and unprofessional at all events. Nor shall the police report or other document be displayed or be visible during said inquiry. Rather, defense teams can explain their purpose by simply stating that they represent a defendant in this case and are tracking down a lead to a possible witness and/or seeking information about the subject witness. Any information learned during any such interview is protected information. Counsel and investigators shall never disclose (specific) locator

information on a subject witness to anyone other than eligible defense teams, the Court, and the Government.

(e) Defense teams, however, may use protected information to frame questions to interview a subject witness, *i.e.*, a witness whose comments are set forth in a report. In interviewing a subject witness, a defense team may reveal the relevant report (including the relevant remarks), inquire as to what was said to the police or agent and the circumstances of any remark, and inquire into any other matters bearing upon the witness's potential testimony or bias. Defense teams may assure such witnesses that the report was received legitimately via this protective order and that the defense is restricted in their use of the information. In such an interview, counsel and the investigators shall not disclose protected information *about someone other than the subject of the interview* but may inquire, by name, as to whether another person was present or as to his actions or as to his conduct. Any information so learned shall be deemed to be protected information.

(f) Defense teams shall not disclose any protected information to any defendant except as follows in this subparagraph. Defense teams may continue (as they are already allowed to do) to provide information to their respective clients as revealed in materials thus far produced; for example, if counsel believes it is necessary for an effective defense, counsel may already disclose to a defendant the substance of police reports provided in discovery, including comments by witnesses, since identifying information has already been redacted. Similarly, new information about a protected witness' possible testimony or impeachment thereof may be disclosed to a defendant, if and when necessary for an effective defense, so long as no identifying information is disclosed and so long as the revelation will not suggest in any way the possible identity of the protected witness or his or her family. Identifying information on protected witnesses can be disclosed to defendants, directly or indirectly, only within **TWENTY-ONE DAYS** of the date the particular defendant is set for trial and even then only if defense counsel believes such disclosure is necessary for an effective defense. Specific locator data shall never be disclosed to a defendant unless the alleged crime took place in the witness' home or other location and is clearly relevant.

6

7. Interviews of protected witnesses may be arranged *only* as follows.  By letter to the Assistant United States Attorney, one or more eligible defense counsel may ask the government to make on one or more protected witnesses available for interviews by eligible defense teams at the federal building.  To minimize multiple interviews, counsel shall strive to combine all potential requests as to a particular witness into one or a few interviews, which can be taped if the witness and counsel so agree.  Government counsel and agents should not be present except to the extent the witness insists.  If no such interview is completed or at least agreed upon within **TWENTY-ONE CALENDAR DAYS** of a written request, then any defense team may contact the subject directly to request an interview, provided that the place and circumstances of the interview and contact shall be chosen to minimize third-party awareness of the involvement of the subject and defense teams must coordinate to minimize contact with protected witnesses. Re-interviews shall be permissible so long as the witness consents to such requests at the first interview.  If a subject witness tells any defense team that he or she will not speak to them, no defense team so aware shall make any subsequent attempt to contact the witness, unless the witness makes contact with them on his or her own.  The government is not required to arrange an interview, but the government may wish to facilitate such interviews for witness safety.

8. All protected information shall be maintained and stored in a secure location by defense teams. No staff shall have access without a prior court order.

9. **TWENTY-ONE DAYS** before a defendant's trial commences, the Government shall provide to his defense team, if eligible, a digitized copy or hard copy (at the election of defense counsel communicated reasonably beforehand or, if not, at the election of the Government) of all totally unredacted discovery previously provided in redacted form. Such copies shall be usable at trial in the normal manner.  Counsel whose clients are set for a later, severed trial shall *not* have access to the digitized copy until **TWENTY-ONE DAYS** before the later, severed trial and even then only if eligible under this order.

10. Once a defense team elects to receive any protected information under this order, then any and all protected information about a protected witness said team subsequently obtains shall be subject to this order. Counsel may *not* argue that the information was learned from

7

independent leads. If counsel have independent leads, then they should consider exhausting them before subjecting themselves to the responsibilities and restrictions of this order.

11. Counsel are not required to become eligible under this order. They are free to pursue the defense without the benefit of receipt of the protected information under this order. If, however, any such counsel later moves for a continuance based on a ground that would have been mitigated by taking advantage of the earlier access afforded by this order, then such strategic choice and circumstances will be taken into account in ruling on the continuance motion.

12. If any ineligible counsel, through inadvertence or otherwise, receives any protected information as to which they are ineligible, then such counsel must report said incident immediately to the Court and the Government. If any counsel or investigator, eligible or not, learns of a probable breach of this protective order, then he or she must immediately notify the Court and the government. This paragraph is binding on all counsel and investigators whether or not they take advantage of this order.

13. For good cause, this protective order may be modified by motion of any party with notice given to all other parties.

**IT IS SO ORDERED**.

Dated: June 25, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE