IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 08-0730 WHA |
| Plaintiff, | |
| v. | **FINAL ORDER RE NO SECRECY ON SUBPOENAS SERVED ON THIRD PARTIES** |
| IVAN CERNA, et al., | |
| Defendants. | |

This is the final order on the tentative ruling dated June 8, 2009 (Dkt. No. 369) concerning under-seal subpoenas. This applies to all parties hereto and the Clerk shall serve it on the San Francisco Police Department's counsel.

Federal Rule of Criminal Procedure 17 authorizes defense subpoenas. Indigents may have the witness fee waived by court order. If the subpoena calls for documents, the subpoena respondent may move to quash or to modify. If the subpoena would require production of personal or confidential information about a victim, then notice must ordinarily be given to the victim in advance so the victim may move to quash or to modify. FRCrP 17 expressly prohibits using a subpoena to obtain a "statement" of a witness or prospective witness.

Our Local Rule 17-2 further provides that ex parte applications may be made without advance notice to the government and further that the motion and order thereon may be filed under seal for good cause. "A party requiring a subpoena must support its request by a declaration specifying the facts supporting the issuance of the subpoena along with a proposed

order." However, if the subpoena seeks personnel or complaint records from a law enforcement agency, then notice must be given to the federal prosecutor on the same date that the subpoena is served on the agency. There is no requirement in either the national or the local rule that the recipient of any Rule 17 subpoena must remain mum about its receipt or keep secret the documents turned over in response.

The question presented is whether a routine Rule 17 subpoena served on a local police agency (or anyone else) is under a duty to keep mum about its receipt and to refrain from advising the United States Attorney that the subpoena has been received. The answer is "no." True, the reasons for requesting the subpoena in the first place — the work product of the lawyer — *will remain under seal* but these are never served on the subpoena respondent in the first place. They are provided only to the Court to justify the expenditure of public funds in the instance of an indigent defendant. They remain secret. They are *not* part of the package served on the subpoena respondent. The subpoena actually served is just like the subpoena served in the case of a well-heeled defendant or a government's subpoena. Of course, sometimes it will be possible to look at the list of materials requested and to speculate (via reverse engineering) as to the probable reason for the requests. But that is just as true for the poor as the rich and just as true for the government. Whether the defendant is rich or poor, the subpoena respondent remains free to advise anyone, including the other side, that the subpoena has been received, provide a copy to them, and, when documents are produced in response, provide a duplicate set to the other side. This is parallel to the right of a recipient of a grand jury subpoena to advise others of that fact and, indeed, to disclose all that occurred in his or her presence in the grand jury room. No authority has been provided that the Sixth Amendment compels each and every subpoena respondent to suffer in silence when served with a Rule 17 subpoena.

In a rare case, the undersigned judge can imagine a circumstance where, at the behest of either side, a district judge might issue a gag order commanding a witness to remain mum about being under subpoena. One example might be when the witness under subpoena will be able to impeach a story about to be told by another trial witness. Any such gag order would not

be based on the Sixth Amendment. It would be based on the same general authority used to regulate the presence or absence of witnesses in the courtroom and to regulate communications with and among trial witnesses. Such a gag order would hardly be routine. No such gag order has ever been issued in the present case. The mere fact that the materials leading up to the subpoena, including the indigent application therefor, are "under seal" in no way constitutes a gag order on the recipient of the subpoena.

Therefore, this order holds that, absent an express gag order, all recipients of subpoenas in this criminal matter may speak with the United States Attorney (or anyone else they wish) about the subpoena, disclose the subpoena itself, and provide a duplicate set of documents. It is unnecessary to reach any First Amendment issue because there is no Sixth Amendment right compelling routine gag orders in the first place. When any such subpoenas are served, counsel shall please not leave the impression that the respondents may not contact the prosecutor.

**IT IS SO ORDERED.**

Dated: June 25, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3