IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

IVAN CERNA, et al.,

    Defendants.
                               /

No. CR 08-0730 WHA

**FINAL PROTECTIVE ORDER FOR WITNESS SECURITY**

      In this RICO gang prosecution, this protective order is directed at balancing the need to protect civilian witnesses from retaliation against the need of the defense to prepare for trial. The Court previously granted the government's motion for a protective order based on the government's showing of good cause pursuant to Rule 16(d)(1) that if the locations and identities of key cooperating witnesses, victims, and their families were known, their safety would be at risk. On June 25, 2009, the Court issued a tentative protective order patterned after the Court's protective order in an earlier RICO gang prosecution. The tentative protective order directed the parties to meet and confer regarding the terms of a final protective order, then file a joint report identifying any remaining areas of disagreement. The parties met and conferred multiple times but eventually indicated that they remained too far apart on too many issues to stipulate to a joint proposal. After additional briefing from the parties raising objections and suggestions to the tentative protective order, this final protective order now addresses the extent to which otherwise discoverable materials may (or may not) be redacted to keep defense teams from learning of civilian witnesses' identities and locations.

      The purpose of this order is to establish a procedure for protecting the identities and/or locations of civilian witnesses who have provided information to law enforcement and whose names and/or locations appear in government materials discoverable by the defense or received

by the defense pursuant to subpoena or other means. This order does not address what materials are discoverable. That is left to other rulings. Rather, it sets in place a procedure for the safekeeping of identities and locations of such persons revealed in otherwise discoverable materials, materials received through subpoena, or through any other means. Although most provisions herein apply only to those defense teams electing to receive protected information, a few important provisions apply to *all* defense teams, so all counsel and investigators must read this order.

1. The terms "locator information" or "locator data" refer to the residence address, residence block, residence street, residence building, phone number, email address, workplace, social security number, driver's license number, automobile, automobile registration, credit card information, and any other information suggesting the location of an individual or his or her family. The term "identifying information" refers to any of the foregoing, as well as true name, nickname, street name, alias, age, gender, physical description, and any other information suggesting the identity of an individual or his or her family. The term "potential trial witness" includes any civilian who has provided information to law enforcement as revealed by materials produced in discovery. "Protected information" includes any identifying information of potential trial witnesses, any locator information, and any information learned about them *from any source*. The term "primary witnesses" means those potential trial witnesses shown by the government to be at heightened risk. The term "secondary witnesses" means all other potential trial witnesses. The term "protected witness" includes both categories.

2. As to *all* protected witnesses, the government has already and is hereby authorized to continue to redact all identifying information from any materials provided in discovery, provided that it reveals this protected information on the timetable as follows.

3. On the schedule set forth below, the government must, upon written request by a defense counsel, promptly make available unredacted copies of all discoverable materials for inspection by said counsel or said counsel's investigator (or both) so long as each counsel and investigator first signs and provides the government with (i) an acknowledgment that the unredacted information so revealed is protected by this order, (ii) an acknowledgment that each

has carefully read and understands this order, and (iii) an agreement to abide by this order fully with respect to all such protected information, keeping in mind that protected information includes not only the information learned during the review but any other information learned from any source about a protected witness, as well as any unredacted materials in counsel's possession already obtained from the United States Attorney. The prescribed form of the acknowledgment is appended hereto. Once all counsel and all investigators for a defendant have provided the acknowledgments and agreement, they shall be "eligible" to receive protected information. Such counsel and investigators will sometimes be referred to herein as an "eligible defense team." Where a defendant has two counsel, both (and any investigators) must execute and provide the acknowledgments and agreement to be eligible. An original-ink signature on each acknowledgment form shall be promptly filed with the Court, in addition to the usual e-filed version.

    4. The location of the inspections shall be in the United States Attorney's Office. The unredacted set for inspection shall remain in the room used for the inspection. It shall be bates numbered to correspond to the earlier-produced redacted versions. Defense counsel and their investigators may each make notes from the unredacted set but may not make photocopies of the unredacted set or any part thereof, nor may they photocopy any notes made by any of them. In other words, no defense team will be provided unredacted materials to take away from the review room and notes made by them may not be photocopied or reformatted as a typed or computerized document. Counsel and their investigators may bring their redacted copies to the place of inspection to assist in their review (but any notes made thereon shall convert said materials to noncopyable notes under this order). They may attend alone or together or in subsets as they wish but each one attending must first have executed the acknowledgments and agreement.

    5. The timing of the inspections shall be as follows: As to secondary witnesses, the government must grant an inspection to any eligible defense team within two weeks of a written request accompanied by the proper acknowledgment forms. Such requests may be made effective immediately. As to primary witnesses, upon written request, the government must

3

1  grant a review to any eligible defense team but only **SIXTY DAYS** before the commencement of
2  trial and only as to eligible defense teams whose clients are set for trial within the sixty-day
3  period (and not as to any defense teams set for any, later severed trial).  Documents made
4  available for the secondary-witness inspection need only be those relating to secondary
5  witnesses and the portions thereof, if any, relating to primary witnesses may remain redacted.
6  For *all* protected witnesses, locator data shall always remain redacted unless, upon noticed
7  motion and for good cause, the Court approves unredacting such information on a case-by-case
8  basis.  To the extent defense teams learn locator data through subpoena or other means, it shall
9  be protected information under this order.

      6.  All eligible defense teams receiving any protected information, from whatever source, must maintain it in strict confidence and may disclose it and use it only as follows and in no other manner:

      (a)  Defense teams are not required to treat any witness as a protected witness until they receive confirmation from the government, during the inspections of unredacted discoverable material or in any other manner, that the witness is in fact on the list of protected witnesses.

      (b)  Protected information may be disclosed to the United States Attorney's Office and to the Court (under seal) and may be used at trial.  If fewer than all defense teams are eligible as to the information contained in any such filing, then the filing shall be served only on eligible counsel (and the government) and the ineligible counsel shall be served with a sanitized copy.

      (c)  Protected information may be shared with other defense teams eligible as to the witnesses involved but only to arrange joint interviews and to memorialize follow-up interviews, provided that (specific) locator information shall not be disclosed in any memorandum, letter or other writing.  Any shared work permitted under this subparagraph and containing protected information must prominently be labeled on each page "**CONTAINS PROTECTED INFORMATION PROTECTED UNDER COURT ORDER; ONLY ELIGIBLE**

1 **RECIPIENTS MAY HAVE ACCESS**." The disclosing party shall verify in advance that each
2 recipient is eligible. No ineligible party shall receive protected information.

3     (d) Defense teams may use protected information to locate publicly-available
4 information about any subject witness, *i.e.*, a potential trial witness whose identity is unredacted
5 or otherwise revealed. If this leads to other unprotected sources of information on the subject
6 witness, public or private, counsel and/or investigators may interview those unprotected sources
7 about the subject witness. Any information so learned shall be deemed protected information
8 under this order.

9     (e) Defense teams may use protected information to frame questions to
10 interviewees. In interviewing anyone other than the subject witness or in consulting publicly
11 available data sources, however, defense teams shall make no reference to any police report or
12 other government-disclosed document containing protected information, the fact that any
13 potential witness has spoken to law enforcement, the possibility that any potential witness may
14 be cooperating with authorities or is not cooperating with the defense, or the extent to which
15 another's testimony might help or hurt the defense or prosecution, or any need to obtain
16 impeachment material on a witness, all of which would be unnecessary and unprofessional in
17 any event. Nor shall the police report or other document be displayed or be visible during said
18 inquiry. Rather, defense teams can explain their purpose by simply stating that they represent a
19 defendant in this case and are tracking down a lead to a possible witness and/or seeking
20 information about the subject witness. Any information learned during any such interview is
21 protected information. Counsel and investigators shall never disclose (specific) locator
22 information on a subject witness to anyone other than eligible defense teams, the Court, and the
23 government.

24     (f) Defense teams, however, may use protected information to frame questions
25 to interview a subject witness, *i.e.*, a witness whose comments are set forth in a report. In
26 interviewing a subject witness, a defense team may reveal the relevant report (including the
27 relevant remarks), inquire as to what was said to the police or agent and the circumstances of
28 any remark, and inquire into any other matters bearing upon the witness's potential testimony or

5

1  bias. Defense teams may assure such witnesses that the report was received legitimately via
2  this protective order and that the defense is restricted in their use of the information. In such an
3  interview, counsel and the investigators shall not disclose protected information *about someone*
4  *other than the subject of the interview* but may inquire, by name, as to whether another person
5  was present or as to his actions or as to his conduct. Any information so learned shall be
6  deemed to be protected information.

7  (g) Defense teams shall not disclose any protected information to any defendant
8  except as follows in this subparagraph. Defense teams may continue (as they are already
9  allowed to do) to provide information to their respective clients as revealed in materials thus far
10  produced; for example, if counsel believes it is necessary for an effective defense, counsel may
11  already disclose to a defendant the substance of police reports provided in discovery, including
12  comments by witnesses, since identifying information has already been redacted. Similarly,
13  new information about a protected witness's possible testimony or impeachment thereof may be
14  disclosed to a defendant, if and when necessary for an effective defense, so long as no
15  identifying information is disclosed and so long as the revelation will not suggest in any way
16  the possible identity of the protected witness or his or her family. Identifying information on
17  protected witnesses can be disclosed to defendants, directly or indirectly, only within **TWENTY-**
18  **ONE DAYS** of the date the particular defendant is set for trial and even then only if defense
19  counsel believes such disclosure is necessary for an effective defense. Specific locator data
20  shall never be disclosed to a defendant unless the alleged crime took place in the witness's
21  home or other location and is clearly relevant. No defense team, whether eligible or ineligible
22  to receive protected information under this protective order, should provide to any defendant at
23  any time *any* witness's highly sensitive personal information such as Social Security Number,
24  date of birth, or driver's license number, without prior and express court order.

25  7. Interviews of protected witnesses may be arranged *only* as follows. By letter to the
26  Assistant United States Attorney, one or more eligible defense counsel may ask the government
27  to make one or more protected witnesses available for interviews by eligible defense teams at
28  the federal building. To minimize multiple interviews, counsel shall strive to combine all

6

potential requests as to a particular witness into one or a few interviews, which can be taped if the witness and counsel so agree.  Government counsel and agents should not be present except to the extent the witness insists.  If no such interview is completed or at least agreed upon within **TWENTY-ONE CALENDAR DAYS** of a written request, then any defense team may contact the subject directly to request an interview, provided that the place and circumstances of the interview and contact shall be chosen to minimize third-party awareness of the involvement of the subject and defense teams must coordinate to minimize contact with protected witnesses.  Re-interviews shall be permissible so long as the witness consents to such requests at the first interview.  If a subject witness tells any defense team that he or she will not speak to them, no defense team so aware shall make any subsequent attempt to contact the witness, unless the witness makes contact with them on his or her own.  The government is not required to arrange an interview, but the government may wish to facilitate such interviews for witness safety.

8. All protected information shall be maintained and stored in a secure location by defense teams.  No staff shall have access without a prior court order.

9. **TWENTY-ONE DAYS** before a defendant's trial commences, the government shall provide to his defense team, if eligible, a digitized copy or hard copy (at the election of defense counsel communicated reasonably beforehand or, if not, at the election of the government) of all totally unredacted discovery previously provided in redacted form.  Such copies shall be usable at trial in the normal manner.  Counsel whose clients are set for a later, severed trial shall *not* have access to the digitized copy until **TWENTY-ONE DAYS** before the later, severed trial and even then only if eligible under this order.

10. Once a defense team elects to receive any protected information under this order, then any and all protected information about a protected witness said team subsequently obtains shall be subject to this order.  Counsel may *not* argue that the information was learned from independent leads.  If counsel have independent leads, then they should consider exhausting them before subjecting themselves to the responsibilities and restrictions of this order.

11. Counsel are not required to become eligible under this order.  They are free to pursue the defense without the benefit of receipt of the protected information under this order.

7

If, however, any such counsel later moves for a continuance based on a ground that would have been mitigated by taking advantage of the earlier access afforded by this order, then such strategic choice and circumstances will be taken into account in ruling on the continuance motion.

12. If any ineligible counsel, through inadvertence or otherwise, receives any protected information as to which they are ineligible, then such counsel must report said incident immediately to the Court and the government. If any counsel or investigator, eligible or not, learns of a probable breach of this protective order, then he or she must immediately notify the Court and the government. This paragraph is binding on all counsel and investigators whether or not they take advantage of this order.

13. For good cause, this protective order may be modified by motion of any party with notice given to all other parties.

**IT IS SO ORDERED**.

Dated: September 16, 2009

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

8