IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

IVAN CERNA, et al.,

    Defendants.

No. CR 08-0730 WHA

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS FOR INSPECTION OF GRAND AND PETIT JURY RECORDS**

## INTRODUCTION

In this criminal gang prosecution, defendants seek grand and petit jury records for inspection and copying. Defendants indicate that they are preparing a motion to challenge the Northern District's jury selection procedures, and therefore seek several categories of information relating to that topic.

## STATEMENT

On October 16, 2008, a grand jury sitting in San Francisco returned the first indictment in this matter. A second superceding indictment was returned on January 29, 2009.

Defendant Rodil Nochez moves for three categories of information: (1) the manual of procedures used by the clerk to compile and qualify the jury wheels; (2) the names on the 2008 and 2009 qualified jury wheels; and (3) "any other statistical compilations compared by the clerk's office concerning the makeup of the jury pool from which the grand jury that indicted defendants was drawn."

The government does not object to the first two requests and indicates that, with an appropriate order, it will work with the Clerk of the Court to provide that information. It seeks a protective order, however, to prevent disclosure of addresses and other personal information,

and to limit access to defense counsel and their investigators. The government does object to the third request on the grounds that it is vague and overbroad.

After meeting and conferring on the subject, the government and all defendants have filed a joint proposal describing several categories of information sought by defendants in preparation of their motion. These categories encompass all the records and documents originally sought in defendant Nochez's motion, as well as a broader set of additional information. Specifically, the new proposal asks for: (1) a blank copy of the district juror qualification questionnaire, and a copy of any letter of instructions to prospective jurors; (2) JS-12 forms associated with the master and qualified jury wheels for the grand jury pool that returned the Second Superseding Indictment, the preceding grand jury pool, and any potential petit jury in this criminal matter; (3) records setting forth the method of jury empaneling, including copies of "The Clerk's Manual for United States District Courts," all documents reflecting the procedures used to select names from the master or qualified jury wheels, and all documents reflecting the procedure used to excuse prospective jurors for hardship or other reasons; and (4) any other statistical information compiled by the jury clerk related to the makeup of the jury pool from which the grand jury in the above referenced jury wheels was drawn, and any potential petit jury for defendants in this criminal matter would be drawn.

Defendants also request additional information to which the government objects: (1) a copy of the prospective juror lists, including names and addresses of prospective jurors, for the current and previous qualified jury wheels, as well as for any jurors associated with the selection of any trial jury for defendants in this criminal matter; and (2) a list of the names of any previously discharged jurors from any jury panel in this criminal matter and the reasons for their discharge. The government would agree to disclosing the names, but not the addresses, on the prospective juror lists for the current and immediately prior qualified jury wheels.

### ANALYSIS

**1. DEFENDANTS' RIGHT TO DISCLOSURE PURSUANT TO A PENDING MOTION TO CHALLENGE THIS DISTRICT'S JURY-SELECTION PROCEDURES**

The Jury Selection and Service Act states that "[i]t is the policy of the United States that all litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries

2

selected at random from a fair cross section of the community in the district or division wherein the court convenes." 28 U.S.C. 1861. It further provides that,

> [i]n criminal cases, before the *voir dire* examination begins . . . the defendant may move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provisions of this title in selecting the grand or petit jury.

*Id*. at 1867(a). Litigants are given access to records regarding the jury-selection process "as may be necessary in the preparation or presentation of a motion under" this section. *Id*. at 1367(f). As the Supreme Court has explained, "a litigant has essentially an unqualified right to inspect jury lists . . . . Indeed, without inspection, a party almost invariably would be unable to determine whether he has a potentially meritorious jury challenge." *Test v. United States*, 420 U.S. 28, 30 (1975). Access to such records may not be conditioned on defendants showing a probability of success on the merits of the jury-selection challenge. *United States v. Beaty*, 465 F.2d 1376, 1380 (9th Cir. 1972).

Defendants allege that they anticipate filing a motion challenging jury-selection procedures with the Court. Defendants are therefore entitled to the jury lists, as required by *Test*, and the relevant demographic data necessary for the preparation of their motion, as required by the Jury Selection and Service Act. They are not, based on their current showing, entitled to records from jury-selection proceedings unrelated to the present action, or to other information that is not necessary to prepare their claim.

**2. REQUESTED DISCOVERY.**

**A. Blank Copy Of The District Juror Qualification Questionnaire And Letter Of Instructions To Prospective Jurors**

Defendants seek access to a blank copy of the Northern District's jury questionnaire sent to prospective jurors of the grand jury that indicted them, as well as a copy of any letter of instructions to prospective jurors. They also seek a blank copy of the questionnaire and any letter of instructions that would be sent to any potential petit jury for defendants in this criminal matter. Jury questionnaires are used to collect information regarding a prospective juror's background, including but not limited to his or her address, age, race, education, general

3

1  experiences, and knowledge of defendants, witnesses or attorneys in matters before the grand or
2  petit jury. Based on the answers that prospective jurors provide on the questionnaires, the
3  clerks determine which individuals should be exempt, disqualified, or excused from jury
4  service.

5  Defendants are entitled to necessary discovery to prepare a motion alleging substantial
6  noncompliance with the Act's jury selection procedures. The use of jury questionnaires is an
7  important mechanism for the implementation of those procedures. Furthermore, disclosure of
8  blank copies of the questionnaires, and any accompanying letter of instructions, poses no
9  security threat to past, current, or prospective jurors. For the foregoing reasons, defendants'
10 motion for blank copies of the jury questionnaires and any letter of instructions to prospective
11 grand or petit jurors in this action is **GRANTED**.

   **B.    JS-12 Forms**

13 Defendants request production of the JS-12 forms associated with the master and
14 qualified jury wheel for the grand jury pool that returned the Second Superseding Indictment.
15 The master jury wheel is a computerized list of the names and addresses of people who may be
16 eligible to serve on a jury. The qualified jury wheel is a list of persons, chosen at random from
17 the master wheel, who have been determined to be eligible to serve on a jury. JS-12 forms
18 provide: (1) the number of names placed on the master wheel and the number of names drawn
19 from the master wheel to whom questionnaires were mailed; (2) the number of questionnaires
20 completed and returned, returned as undeliverable by the post office, or not yet returned; (3) a
21 demographic analysis of samplings drawn from returned jury questionnaires and from those
22 placed on the qualified jury wheel; and (4) a statistical comparison of the jury wheel sample
23 against general-population data by racial, ethnic and gender classifications. These forms
24 provide defendants with the statistics necessary to identify whether an identifiable group was
25 substantially under-represented in the jury pool from which defendants' grand jury was drawn.
26 Defendants' request for production of the JS-12 forms for the master and qualified jury wheel
27 for the grand jury pool that returned the Second Superseding Indictment is **GRANTED**.

4

Defendants also request the JS-12 forms for the master and qualified jury wheel for the preceding grand jury pool. This request is overbroad. Although the Ninth Circuit has not ruled on the issue, other circuits have held that defendants do not have standing to challenge jury-selection proceedings that have not been used to select their jurors and could not have resulted in prejudice to them. In *United States v. Bearden*, 659 F.2d 590, 601 (5th Cir. 1981), the Fifth Circuit held that a defendant did not have standing to complain about the excusal of jurors in other cases. The Sixth Circuit also expressly held that a defendant's unqualified right to inspection was "satisfied by disclosure of the master lists and the relevant demographic data about the general pool from which the *specific* grand jurors were selected." *United States v. McClernon*, 746 F.2d 1098, 1123 (6th Cir. 1984) (emphasis added). It is true that defendants may be permitted to inspect the records of past grand juries in preparation of a constitutional claim, but first they must present some evidence tending to show the existence of the essential elements of their challenge. *See Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 221 (1979). Disclosure under the Jury Selection and Services Act is only permitted in preparation of a claim under the Act. 28 U.S.C. 1867(f). Given the facts currently before the Court, defendants' request for JS-12 forms for past grand juries is not authorized by 28 U.S.C. 1867(f). The request is therefore **DENIED**.

Defendants additionally request the JS-12 forms for any potential petit jury for defendants in this criminal matter. In order to allow defendants to prepare their challenge to the jury-selection procedures used for the potential petit jury, this request is **GRANTED**.

### C.  Records Setting Forth The Method Of Jury Empaneling

Defendants request "[a] copy of The Clerk's Manual for United States District Courts." This is presumably a request for the manual of procedures that the clerk uses to compile the master and qualified jury wheels. That manual contains the forms, procedures and checklists that the clerk uses to assemble jury wheels, and by which juries are empaneled. Defendants also request a copy of all documents reflecting procedures used to select names from the master or qualified jury wheels, and to excuse prospective grand and petit jurors for hardship or other

5

reasons. Their request includes but is not limited to documentation relating to any policies and procedures used to determine a prospective juror's ability to serve.

Because all of the above records reflect the methods or procedures by which a grand or potential petit jury is empaneled, they fall clearly within the scope of necessary discovery to determine whether a successful, fair cross-section challenge exists. Their production is therefore required under the Jury Selection and Service Act. Accordingly, defendants' requests, as defined in scope above, are **GRANTED**.

### D. Other Statistical Information Related To The Makeup Of The Jury Pool

Defendants ask for any other statistical information compiled by the jury clerk relating to the makeup of the jury pool from which the grand jury was drawn that returned the Second Superseding Indictment. They also seek the same information related to the makeup of the preceding jury pool, as well as the jury pool from which any potential petit jury would be drawn for any trial of defendants in this action. Under 28 U.S.C. 1867(f), defendants are entitled to such information, if it exists, only as to jury pools from which the grand jury was drawn that indicted them, and from which any potential petit jury would be drawn for their trials. Their request for such information, to the extent it exists, is therefore **GRANTED** as to the jury pool from which the grand jury was drawn that indicted them, and from which any potential petit jury would be drawn for their trials. They are not entitled to such information related to other jury pools in other actions. Their request for such statistical information regarding the preceding jury pool is therefore **DENIED**.

### E. Prospective Juror Lists

Defendants request disclosure of the prospective juror lists, including the names and addresses of prospective jurors, for the current and previous qualified jury wheels, as well as for jurors associated with the selection of any trial jury for defendants in this criminal matter. The government objects to this request as overbroad, but would agree to disclosing the names on the prospective juror lists for the current and immediately prior qualified jury wheels. Because the Supreme Court has expressly held that jury lists are required to raise a fair cross-section challenge, *Test*, 420 U.S. at 30, defendants' request for disclosure of the jury lists of the

6

qualified jury wheel from which was drawn the grand jury that indicted them is **GRANTED** with a prohibition against disclosure of the addresses and other personal information of those individuals. The list shall be disclosed to defendants' counsel and investigators, as needed to prepare their fair cross-section challenge in this criminal action. The names may not be revealed for any other purpose. Defendants' request for the jury lists of the qualified jury wheel from which any petit juries will be selected for defendants' trials in this action is also **GRANTED** with the same restrictions. The lists shall only be disclosed to defendants' counsel and investigators, as necessary, and may only be used in conjunction with the fair cross-section challenge in this criminal matter. Defendants' request for preceding jury lists from jury wheels unrelated to jury selection in the present action is **DENIED**.

### F. List Of Previously Discharged Jurors From Any Grand Jury Panel In This Case

The defendants also request a list of the names of any previously discharged jurors from any grand jury panel in this criminal matter and the reasons for their discharge. The government objects to this disclosure, and the Court agrees that the identities and reasons for excusal of persons excused as jurors is not necessary to support a claim for a substantial failure to maintain a representative jury composition. For the reason that this information is not necessary to prepare such a claim, defendants' request is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 16, 2009

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE