IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 08-0730 WHA |
| v. | **ORDER REGARDING SCHEDULE FOR** *BRADY* **DISCLOSURES** |
| IVAN CERNA, et al., | |
| Defendants. | |

A June 26, 2009, order ruled on motions by defendants to enforce *Brady* (Dkt. No. 403). The order set forth a schedule for the production of non-Jencks *Brady* materials and gave counsel for both sides the opportunity to submit any objections to that schedule. All responses have now been received. The Court rules on the objections as follows. The final schedule is set forth at the end of this order.

Both sides raise various objections regarding matters other than the disclosure schedule.[1] All of these requests are **DENIED**. The instant briefing was not an invitation to re-litigate the scope of *Brady* nor to delineate item-by-item whether certain information falls within *Brady*.

---

[1] The government objects to *any* timeline that requires *Brady* information to be produced by dates certain before trial, arguing that the only requirement is that *Brady* material be turned over in time for its effective use at trial. Defendant Herrera seeks clarification that several specific items are covered by *Brady* (information held by foreign agencies; mitigation information; the existence of any wiretap; *Brady* information pertaining to two co-defendants for whom efforts at cooperation allegedly "deteriorated"). Similarly, defendant Sosa asks for clarification that the June 26 order covers *Brady* material, including statements, for *all* witnesses including those the government knows it will not call at trial.

The instant briefing also was not intended to re-litigate the propriety of an order to disclose *Brady* information before trial or of a schedule for *Brady* disclosures. All those points were already ruled on. Briefing was invited simply to allow any objections to the specific timetable set forth in the June 26 order to be aired.

Pursuant to the September 16 omnibus order re stage two motions (Dkt. No. 632), this prosecution has been severed into multiple trials. Five individual defendants — defendants Sosa, Gonzalez, Urias, Briez and Nochez — will be tried one at a time on non-RICO drug or vehicle theft offenses beginning on January 19, 2010. The remaining defendants will be split into at least two groups for trial. The first group is scheduled to begin trial on May 10, 2010. The death eligible defendants will be tried last. The severance of this action into multiple trials has led to some modifications in specific provisions of the timetable for disclosures, as set forth below.

Each side submitted objections to specific provisions of the proposed timetable, which are dealt with as follows:

Defendant Sosa argues as a general matter that disclosure of *Brady* material should be required earlier than required in the proposed schedule so that the material will be available for Phase Three motions. The deadline for Phase Three motions (including suppression motions) is October 30, 2009, whereas under the proposed *Brady* schedule disclosures began December 11, 2009. This objection is **OVERRULED**. Defendant relies on *United States v. Gamez-Orduno*, 235 F.3d 453, 461–2 (9th Cir. 2000), which held that the government violated due process by withholding material that contradicted its own arguments attacking a suppression motion. The due process obligations on which defendant relies exist irrespective of the *Brady* timetable. As the June 26 order explained, irrespective of the disclosure schedule, all disclosures must be made in time for their effective use and the government is duty-bound to be fair and reasonable in evaluating when that point has arrived. *See*, *e.g.*, *Kyles*, 514 U.S. at 437.

Item "A" of the June 26 order provided:

> A. *Henthorn* material on all law enforcement witnesses whom the government anticipates calling must be produced by **DECEMBER 11, 2009**. This time will allow for motion practice to comb out

2

> disputes over compliance. This category presents little or no risk of witness retaliation.

The government objects to this deadline on the grounds that much, if not all, *Henthorn* material is under the custody and control of state and local agencies, each with their own review procedures, and that since the number of relevant law enforcement officers will be sizeable the task of obtaining all *Henthorn* material will be time-intensive and burdensome. Furthermore, the government emphasizes that its witness list will likely be longer on December 11 than it will be closer to trial because, for example, stipulations with the defense on matters such as chain of custody may shorten the list. These objections are **DENIED**, although the deadline will nevertheless be altered to accommodate the new trial groupings. Item "A" is hereby revised to read as follows:

> A. *Henthorn* material on all law enforcement witnesses whom the government anticipates calling must be produced to defense counsel by **DECEMBER 4, 2009**, for defendants Sosa, Gonzalez, Urias, Briez and Nochez. For any other defendant, this material will be due **120 DAYS** before the first day of his or her trial. This time will allow for motion practice to comb out disputes over compliance. This category presents little or no risk of witness retaliation.

The presence of *Brady* material at multiple local agencies may complicate the process, but this rolling deadline will still allow ample time for the government to gather the necessary material. Moreover, although the list of witnesses may shorten as trials approach, in all likelihood this will not occur until the trials are quite close. Less time will be needed for the five defendants who will be tried first because the comparatively simple charges against them are not part of the RICO conspiracy and the majority of the discovery produced in this action will have little or no relationship to them.

Item "B" provided:

> B. All non-Jencks *Brady* information that only inculpates persons never charged in this case or that is exculpatory of a defendant without inculpating any other indicted person must be disclosed to all defense counsel by **DECEMBER 11, 2009**. This category presents little or no risk of witness retaliation.

3

The government objects to "B" on the grounds that there is a risk of protected witnesses falling within "B." It filed an *ex parte* submission in support of the claim. This objection is **SUSTAINED**. Item "B" is hereby revised to read as follows:

> B. All non-Jencks *Brady* information that only inculpates persons never charged in this case or that is exculpatory of a defendant without inculpating any other indicted person must be disclosed to all defense counsel by B. All non-Jencks *Brady* information that only inculpates persons never charged in this case or that is exculpatory of a defendant without inculpating any other indicted person must be disclosed to defense counsel by **DECEMBER 4, 2009**, for defendants Sosa, Gonzalez, Urias, Briez and Nochez. For any other defendant, this material will be due **120 DAYS** before the first day of his or her trial. *Brady* materials addressing the individuals specified in the government's *ex parte* submission are excepted from this deadline. Instead, such materials must be produced in accordance with the terms of the final protective order (*see* Dkt. No. 630).

Item "C" provided:

> C. Except as required above, all non-Jencks *Brady* information relating to any specific government civilian witness shall be disclosed to defense counsel **SEVEN CALENDAR DAYS** before trial. This category presents the highest risk of witness retaliation.

Defendant Sosa objects because under the protective order for witness security, a defense team will have access to discovery material regarding protected witnesses earlier, arguably undercutting the rational for withholding *Brady* information about those individuals for security reasons. It is true that, under the final protective order for witness security, eligible defense teams will be given access to unredacted discoverable materials with the identities of "primary witnesses" 60 days before trial (and the defense may have access to the identities of "secondary witnesses" earlier). Nevertheless, this objection is **DENIED**. First, under the protective order, only "eligible" defense teams will have access to the protected information. At this stage, it remains possible that fewer than all defense teams will be eligible. Second, the turnover required by the protective order is subject to various protections and limitations whereas *Brady* disclosures generally are not subject to those protections.

Defendants Sosa and Herrera also object to "C" on the ground that defendants claim to already know the identities of two government informants identified in discovery as 1211 and 1218. This contention was already dealt with in the omnibus order re stage two motions filed

4

on September 19, 2009, which denied defendant Largaespada's motion for disclosure of the same two confidential informants' identities. As stated in the September 19 order, defendants merely state whom they *believe* to be the two informants — with little substantiation or indication of why they believe that to be so. Defendants likewise fail to establish that the identities of the two informants "have been disclosed." This order declines to set deadlines piecemeal or on a moving-target basis merely because defendants claim that the identity of particular informants or witnesses has leaked out.

Finally, defendant Sosa objects to "C" on the ground that seven days is too little given the volume of prior productions. He argues that the government should be required to produce a redacted list of such *Brady* information earlier. This objection is also **DENIED**. This concern is speculative. Moreover, as explained, due to the fact that the *Brady* timetable disclosures must be made in time for their effective use, the government is duty-bound to be fair and reasonable in evaluating when that point has arrived. *See Kyles*, 514 U.S. at 437. As the June 26 order explained, if disclosures, even those in compliance with this timetable, deserve more follow-up than time permits, defense counsel may move for a continuance or other relief on a case-by-case basis.

Item "D" provided:

> D. With respect to the issue of non-Jencks *Brady* information for witnesses the government eventually elects not to call, the government must, if it has subpoenaed them, keep them under subpoena, so that defendants shall when the time comes be in a position to call them in the defense case without delay. All such material shall be disclosed as soon as the government makes the election and at all events at least **SEVEN CALENDAR DAYS** before the government rests its case in chief.

The government objects insofar as this provision would require the government to collect and provide *Giglio* material impeaching witnesses the government will not call at trial which, the government argues, would be contrary to the law. Item "D" did not purport to expand *Giglio* or require the government to collect and provide impeachment material that it would not otherwise be required to disclose. It merely required the government to keep its witnesses under subpoena so that defendants, if they so choose, are able to call them without delay.

Item "E" provided:

5

> E. All other non-Jencks *Brady* information must be disclosed by **DECEMBER 11, 2009**, and in all respects in time for effective use to be made of it and the government is duty-bound to be fair and reasonable in evaluating when that point has arrived. *See Kyles*, 514 U.S. at 437.

Neither side objects to this provision (apart from the government's above-discussed general objection to *any* timetable). Nevertheless, it will be modified to accommodate the new trial groupings. Item "E" is hereby revised to read as follows:

> E. All other non-Jencks *Brady* information must be disclosed by **DECEMBER 4, 2009**, for defendants Sosa, Gonzalez, Urias, Briez and Nochez, and for any other defendant no later than **120 DAYS** before the first day of his or her trial. In all respects, it must be disclosed in time for effective use to be made of it and the government is duty-bound to be fair and reasonable in evaluating when that point has arrived. *See Kyles*, 514 U.S. at 437.

Item "F" provided:

> F. Failure to comply with this timetable may lead to evidence preclusion or other appropriate sanction. Where a specific and heightened risk to a civilian witness is known by the government, it may seasonably move *ex parte* for permission to delay the disclosures as to any such witness. Where disclosures, even those in compliance with this timetable, deserve more followup than time permits under the timetable, defense counsel may move for a continuance or other relief on a case-by-case basis.

The government objects to the possibility of such sanctions. It argues that irrespective of any timetable, its *Brady/Giglio* obligations are ongoing and sanctions for tardy disclosure would therefore punish it for continuing to exercise diligence in meeting its obligations after the deadlines have passed. It further argues that any such sanction would be contrary to *Brady* and its progeny because a *Brady* violation requires a showing of prejudice to the defendant. These objections are speculative at this point. The Court declines to foreswear any possibility of sanctions but, if and when the issue arises, the government is certainly free to submit any showing of good cause for the late disclosure and to document lack of prejudice. Diligent efforts to satisfy the timetable are unlikely to garner sanctions.

Finally, the government argues that if it is to be subject to sanctions, defendants should not be allowed any continuances. It reasons that "[b]y not holding the defense to any time frame, the Court's Ruling inevitably will be interpreted by the defense as an invitation to seek

6

delay so that they can gain tactical advantage beyond what the law requires after receiving an advance set of the *Brady/Giglio* material." The Court will not grant continuances to *either* side absent a showing of good cause. Disclosures that satisfy the instant schedule will not absolutely preclude the possibility of a defense continuance but will reduce the likelihood that any such continuance will be warranted. So too if an exclusion is ordered there would usually seem to be no basis for a continuance.

*                    *                    *

For the foregoing reasons, the revised schedule for the production of non-Jencks *Brady* information is **ORDERED** as follows:

A. *Henthorn* material on all law enforcement witnesses whom the government anticipates calling must be produced to defense counsel by **DECEMBER 4, 2009**, for defendants Sosa, Gonzalez, Urias, Briez and Nochez. For any other defendant, this material will be due **120 DAYS** before the first day of his or her trial. This time will allow for motion practice to comb out disputes over compliance. This category presents little or no risk of witness retaliation.

B. All non-Jencks *Brady* information that only inculpates persons never charged in this case or that is exculpatory of a defendant without inculpating any other indicted person must be disclosed to defense counsel by **DECEMBER 4, 2009**, for defendants Sosa, Gonzalez, Urias, Briez and Nochez. For any other defendant, this material will be due **120 DAYS** before the first day of his or her trial. *Brady* materials addressing the individuals specified in the government's *ex parte* submission are excepted from this deadline. Instead, such materials must be produced in accordance with the terms of the final protective order (*see* Dkt. No. 630).

C. Except as required above, all non-Jencks *Brady* information relating to any specific government civilian witness shall be disclosed to defense counsel **SEVEN CALENDAR DAYS** before trial. This category presents the highest risk of witness retaliation.

7

D.  With respect to the issue of non-Jencks *Brady* information for witnesses the government eventually elects *not* to call, the government must, if it has subpoenaed them, keep them under subpoena, so that defendants shall when the time comes be in a position to call them in the defense case without delay. All such material shall be disclosed as soon as the government makes the election and at all events at least **SEVEN CALENDAR DAYS** before the government rests its case in chief.

E.  All other non-Jencks *Brady* information must be disclosed by **DECEMBER 4, 2009**, for defendants Sosa, Gonzalez, Urias, Briez and Nochez, and for any other defendant no later than **120 DAYS** before the first day of his or her trial.  In all respects, it must be disclosed in time for effective use to be made of it and the government is duty-bound to be fair and reasonable in evaluating when that point has arrived.  *See Kyles*, 514 U.S. at 437.

F.  Failure to comply with this timetable may lead to evidence preclusion or other appropriate sanction. Where a specific and heightened risk to a civilian witness is known by the government, it may seasonably move *ex parte* for permission to delay the disclosures as to any such witness. Where disclosures, even those in compliance with this timetable, deserve more followup than time permits under the timetable, defense counsel may move for a continuance or other relief on a case-by-case basis.

**IT IS SO ORDERED.**

Dated: October 5, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

8