IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

IVAN CERNA, et al.,

    Defendants.

No. CR 08-0730 WHA

**SCHEDULING ORDER RE DEFENDANTS SOSA, URIAS, BRIEZ, GONZALEZ, NOCHEZ AND MONTES-MAYORGA**

**INTRODUCTION**

In this large RICO gang prosecution, there are 29 defendants. The case has been pending more than a year. The large number of accuseds will have to proceed to trial by chapters. As previously ordered on September 16, six defendants without RICO charges — those with the simplest cases — will be tried first. Next to be tried will be those facing the RICO conspiracy charge but not the death penalty. Given their large number, they will be severed into two groups for trial. This will be for manageability purposes and to ensure a fair trial to all accused. Last to be tried will be those for whom a death-penalty notice eventually is filed by the government.

After full consideration of all of the recent submissions addressing these issues, the instant order sets a final case schedule for the six defendants who will be tried first. Judith Sosa, Mauricio Urias, and Jonathan Briez are all charged in Count 35 of the third superceding indictment with the same simple narcotics conspiracy, as well as with other isolated narcotics

sales charged in Counts 36, 37 and 39. Defendants Sosa and Urias are also charged as co-defendants in the isolated narcotics sales charged in Count 38, and defendant Urias is alone charged with the isolated narcotics sales charged in Counts 40–43. An earlier order set trials for defendant Sosa on January 19, 2010, for defendant Urias on January 25, 2010, and for defendant Briez on February 22, 2010. Due to the common conspiracy count, they will all now be tried together on January 19, 2010, on Counts 35–43.

Two additional non-RICO defendants — Daniel Gonzalez and Rodil Nochez — are both charged with the same eight counts of attempted exportation of stolen cars. Defendant Gonzalez is scheduled to begin trial on February 16, 2010, and defendant Nochez is scheduled to begin trial on March 1, 2010. They will now be tried together on February 16, 2010, on Counts 50–52 and 56–60.

Finally, defendant Rene Montes-Mayorga is charged with engaging in the unlicensed business of firearms dealing and being an alien in possession of a firearm. Unlike the other five non-RICO defendants, an earlier order did not set a separate trial date for him. He will be tried on March 1, 2010, on Counts 45 and 46.

This order modifies the trial schedule set earlier, and the schedule for *Brady* disclosures set by a previous order on October 5. It does not change the schedule for the disclosure of information regarding protected witnesses established by the final protective order for witness security on September 16, 2009. A separate order will adjust the trial schedule for the remaining defendants.

### 1. THE THIRD SUPERCEDING INDICTMENT.

On September 24, 2009, the government filed a third superceding indictment in this action, and the Court subsequently solicited statements from everyone regarding the impact of the new indictment. A hearing on October 19 to address the impact of the new indictment as well as defendant Alvarado's motion to compel was abbreviated due to an altercation among several defendants in the holding cell before the hearing. The parties were then invited to

submit further statements regarding trial scheduling and related issues.  This order follows careful review of the parties' submissions.[1]

With regards to the six non-RICO defendants, this order finds that the impact of the new third superceding indictment is quite minimal.  There are no new counts, special sentencing factors or special findings alleged against any of the six non-RICO defendants.  There are no new overt acts alleged against defendants Gonzalez, Nochez or Montes-Mayorga.  Defendants Gonzalez and Nochez have filed a statement acknowledging that the filing of the Third Superseding Indictment has had "little if any impact on their cases. . ." (Gonzalez and Nochez Br. 1).

While there are four new overt acts alleged against defendants Sosa, Urias and Briez as part of Count 1, the RICO conspiracy, this order finds that the import of these new overt acts is small.  The first trial is still 89 days away.  There is plenty of time to prepare for the new overt acts and, as to the old ones, the case has been pending for more than a year.

The new overt acts are alleged against only defendant Urias as part of Count 1, the RICO conspiracy for which he will be tried separately later, not in the first trial.  They merely reiterate allegations already present in the second superceding indictment.  The new overt acts specifically allege that on May 24, 2006 (overt act 39), June 28, 2006 (overt act 41), July 11, 2006 (overt act 44) and January 23, 2007 (overt act 53), defendants Urias and Sosa distributed quantities of methamphetamine that they received from defendant Briez.  In the second superceding indictment, defendants Sosa and Urias were already charged with  possession with intent to distribute methamphetamine on each of these four dates, while defendant Briez was already charged with possession with intent to distribute methamphetamine on three of the four dates.  Defendants Sosa, Briez and Urias were also already charged in the second superceding indictment with conspiracy to distribute 50 grams or more of methamphetamine between 2006 and January 2008.

---

[1] Defendants Nochez and Gonzalez request another hearing to address defendant Alvarado's motion.  This request is denied.  This issue has now been thoroughly reviewed in a cascade of follow-on briefing, and will be decided on the papers.

The third superceding indictment additionally expands the length of the drug conspiracy charges against Briez, Sosa and Urias from ending in January 2008 to ending "in or about October 22, 2008." These three defendants argue that this extension significantly expands the scope of the action against them. They request delay of their trials. While a ten-month expansion of the conspiracy may require some additional discovery review covering the time period from January to October 22, 2008, this order holds that it does not warrant a delay in the trial schedules of these defendants, given that the trial is still 89 days away.

As stated, a previous order granted defendant Sosa's severance motion and set her separate trial in January 2010. Defendant Sosa now objects to that relief on the ground that all 29 defendants were originally scheduled for trial on May 10, 2010. Defendant Sosa argues for a continuance on the grounds that because she was misjoined to the other defendants in this action, she must review all of the discovery produced by the government to identify which discovery relates to her. That the government misjoined her simple case does not mean that she is entitled to the same length of time to prepare as those defendants who are charged with complex crimes. The overwhelming majority of the discovery produced in this action has no relation to the charges against her. She is charged with simple narcotics violations. If tried as outlined above, the trial would be short. Under the modified case schedule herein, she will have sufficient time to complete a review of all discovery relevant to their cases before trial.

Next, defendant Sosa asserts the government's inadequate production of expert disclosures, witness lists and exhibit lists on September 14 militates towards postponing her trial. This is rejected. There is still sufficient time to do all that is needed before trial.

Defendants Sosa, Briez, and Urias also argue that they need sufficient time to transcribe and review all the recorded statements containing evidence against them as well as potentially materials admissible for impeachment purposes against the confidential witnesses who will testify against them. Under the modified case schedule set forth below the government will be ordered to provide 56 days before trial (i) an accurate list of all recorded conversations by date (and also disclosing the participants, to the extent known to the government) to be used in the case in chief and (ii) an accurate list of *all other recorded conversations* produced in discovery

4

1  by the government by date (and also disclosing the participants to the extent known to the
2  government), the latter list so that defense counsel may discern which of the many recordings
3  should be translated prior to trial.  The government must produce actual translations or
4  transcripts it intends to use at trial 28 calendar days before trial.

### 2. RECORDINGS AND TRANSCRIPTS.

6  The parties have submitted statements regarding the government's production in
7  discovery of hundreds of hours of Spanish language audio recordings of conversations.  The
8  government has provided an index to these recordings, but defense counsel assert generally that
9  the index is incomplete and inaccurate with regards to the number of conversations in the
10 recordings, the identities of the speakers in the conversations, and the dates on which the
11 conversations occurred.  Defendants seek a detailed, accurate, complete index of any recordings
12 the government intends to use at trial.

13 It is not necessary to translate and transcribe every recording in the larger case prior to
14 trial of the smaller cases.  Most of these recordings are not relevant to the first six defendants.
15 As described below, the government will be ordered to disclose to defendants 56 calendar days
16 (eight weeks) before trial the precise recorded conversations it intends to use in its case-in-
17 chief, and a list that identifies *all* recordings produced in discovery.  The government must
18 produce actual translations or transcripts it intends to use in its case in chief 28 calendar days
19 before trial starts.

### 3. EXPERT DISCLOSURES, EXHIBIT LIST, AND PRELIMINARY WITNESS LIST.

21 The March 19 order set a deadline of September 14, 2009, for the government to provide
22 defendants with all expert materials required under Rule 16(a)(1)(G), as well as a preliminary
23 trial exhibit list and preliminary witness list for its case-in-chief.  On September 28, 2009,
24 defendant Cesar Alvarado filed a motion on behalf of all defendants to compel enforcement of
25 this deadline, arguing that to date the government's Rule 16(a)(1)(G) disclosures, preliminary
26 trial exhibit list and preliminary witness list were inadequate and needed to be supplemented.

27 The government must do much better.  As the Court stated at the hearing on October 13,
28 2009, the government's expert summary disclosure on September 14 for its 35 proposed experts

5

was clearly inadequate under Rule 16(a)(1)(G). *First*, the government's summary failed to describe its expert witnesses' opinions as required by the rule. Instead, it only listed topics that each witness will cover, and referred by bates numbers to documents that impliedly may contain the witnesses' opinions. Rule 16 requires that each opinion be specified. *Second*, the government's summary failed to provide "the bases and reasons for those opinions" as required by the rule. In other words, the summary should list each specific opinion and under the specific opinion list the bases and reasons. The bases and reasons must be sufficient to allow counsel to frame *Daubert* motions (or other motions in limine), to prepare for cross-examination, and to allow for possible counter experts to meet the purport of the case-in-chief testimony. *See* Advisory Committee Comment to 1993 Amendment to Rule 16.

The government will be given another chance. Fortunately, not all of the government's experts, witnesses or exhibits will be relevant to the trials of the first six to be tried. In fact, it is likely that only a few experts will be needed for the simple cases. Further disclosure of expert materials under Rule 16(a)(1)(G) will be staggered based on the trial date of defendants for whom specific materials are relevant, as described below. This will allow the government to focus first and foremost on improving those disclosures necessary for the trials of the first six.

**4.    THE MODIFIED CASE SCHEDULE.**

A.    The trial of defendants Sosa, Urias and Briez on Counts 35–43 shall begin on **JANUARY 19, 2010.** The trial of defendants Gonzalez and Nochez on Counts 50–52 and 56–60 shall begin on **FEBRUARY 16, 2010.** Finally, defendant Montes-Mayorga's trial on Counts 45 and 46 shall begin on **March 1, 2010.** All trials will commence daily at **7:30 A.M.**

B.    All government expert disclosures required by Rule 16(a)(1)(G) must be made **56 CALENDAR DAYS** before trial.

C.    At least **56 CALENDAR DAYS** before trial, the government shall provide a complete, accurate, and detailed list of any recordings it intends to use in its case-in-chief and a separate index of all recordings provided in discovery setting forth the date of the conversation and, to the extent known, all participants in those conversations.

6

1   D.   *Henthorn* material on all law enforcement witnesses whom the
2 government anticipates calling must be produced to defense counsel at least **35 CALENDAR**
3 **DAYS** before trial.  All non-Jencks *Brady* information must be disclosed to defense counsel at
4 least **35 CALENDAR DAYS** before trial with the following exceptions:

5   (1)  Materials addressing the individuals specified in the government's *ex*
6 *parte* submission shall be produced in accordance with the terms of the final protective order.

7   (2)  All non-Jencks *Brady* information relating to any specific
8 government civilian witness shall be disclosed to defense counsel **SEVEN CALENDAR DAYS**
9 before trial.  All non-Jencks *Brady* information for witnesses the government eventually elects
10 *not* to call must be disclosed as soon as the government makes the election and at all events at
11 least **SEVEN CALENDAR DAYS** before the government rests its case in chief.  If it has
12 subpoenaed them, the government must keep such witnesses under subpoena so that defendants
13 shall when the time comes be in a position to call them in the defense case without delay.

14   E.   **TWENTY-EIGHT CALENDAR DAYS** before each trial, the government must
15 provide a final trial exhibit list and a final list of witnesses for its case-in-chief, including
16 civilian witnesses except to the extent a prior court order has allowed postponement of such
17 disclosure.

18   F.   **TWENTY-EIGHT CALENDAR DAYS** before each trial, all translations or
19 transcripts of conversations or statements to be shown to or used with the jury must be provided
20 to all other parties and any motions directed to their accuracy shall be heard before the trial.

21   G.   **TWENTY-EIGHT CALENDAR DAYS** before each trial, all Rule 16 *defense*
22 reciprocal disclosures, including expert reports and summaries, must be produced to the
23 government and all Rule 12.1 and 12.2 defense notices must be given, if any.  All rebuttal
24 expert reports and summaries by the government shall be due **SEVEN CALENDAR DAYS** before
25 the final pretrial conference.  Any mental examinations shall occur on a schedule to be set by
26 motion.

27   H.   The final pretrial conference for the trial of defendants Sosa, Urias and
28 Briez shall be held on **JANUARY 11, 2010**, at **1:00 P.M.**  The final pretrial conference for

7

defendants Gonzalez and Nochez shall be held on **FEBRUARY 8, 2010**, at **1:00 P.M.**  The final pretrial conference for the trial of defendant Montes-Mayorga shall be held on **FEBRUARY 22, 2010**, at **1:00 P.M.**  All motions shall be due **14 CALENDAR DAYS** before the conference with oppositions due **SEVEN CALENDAR DAYS** before the conference.  Motions, however, may be brought on a 14-day track to be heard earlier than the final pre-trial conference if counsel believes it best to do so.

A burden is on the defense to obtain translators and transcriptions for the recordings and to obtain any other investigators or experts needed for trial.  This can be *in addition* to the translator/transcript program already being funded by CJA.  If CJA funds are requested, the Court will act on the request promptly.  *Both sides are forewarned that a failure to dislose as required herein or under the local or federal rules may well lead to preclusion.*

This schedule depends on the government's faithful compliance.  By **NOON ON WEDNESDAY, OCTOBER 28, 2009**, the government shall file a statement as to whether or not it will meet the requirements of this order.

**IT IS SO ORDERED.**

Dated:  October 21, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

8