1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

          Plaintiff,

  v.

IVAN CERNA, et al.,

          Defendants.
_____/

No. CR 08-0730 WHA

**ORDER RE DEFENDANT
GONZALEZ'S MOTION FOR
RELIEF FROM FINAL
PROTECTIVE ORDER**

Defendant Daniel Gonzalez has moved for an order releasing him from the provisions of the final protective order. He argues that the protective order is unduly burdensome, disproportional and unnecessary in light of his particular circumstances because he is charged in this action with only non-violent crimes including eight counts of attempted exportation of stolen vehicles. Defendant Gonzalez argues that he should be completely exempted from the final protective order and he specifically seeks the following information:

      (1) All unredacted police reports relating to the theft of the 15

      vehicles that were stolen as part of the sting operation leading to

      his arrest, including the names of the victims;

      (2) The date on which the government returned each of the

      vehicles to its owner;

      (3) The condition of each vehicle when it was returned to the

      owner — i.e., whether the vehicle was damaged in any way; and

United States District Court

For the Northern District of California

(4)  Any compensation given by the government to the owners of

the stolen vehicles.

He also seeks the identity of a confidential informant against him.

As described at length in previous orders, the final protective order was issued based on a substantial showing by the government of danger to civilian witnesses in this action.  The danger arises out of showings by the government that (1) defendants are and have been at all relevant times members of the MS-13 gang; (2) the gang has carried out numerous murders and other acts of violence; (3) the gang and its confederates, some of whom are at large, abide by a code that requires that cooperating witnesses and their families be killed; (4) actual violence and threats have already been made against witnesses in this case; and (5) if the location and identity of key government witnesses were known, their safety (and their families' safety) would be at risk.  The final protective order restricts the disclosure of information that would tend to reveal the identities or locations of particular civilian witnesses as to whom the government made an *ex parte* showing of danger.  The risk that leaked information could pose a serious threat to the safety of these witnesses strongly militates against releasing from the protective order's terms those defendants who are not personally charged with violent offenses in this action.

Defendant Gonzalez's description of the protective order's constraints is exaggerated and inaccurate.  He claims that the final protective order obligates the defense "to disclose the objectives and fruits of its investigation to the government should the investigation involve a designated class of protected witnesses" (Br. at 2).  This is incorrect.  The final protective order merely requires defense counsel to report to the Court and the government if they receive any protected information which they are ineligible to receive or if they learn of a probable breach of the protective order.

Additionally, restrictions on the disclosure of protected witnesses' identities to defendants already are set to expire before their trials, with the exception that specific locator information which defendants do not need for an effective defense will never be disclosed. Defense teams also have the option to opt out of the protective order and pursue their defense

**United States District Court**
For the Northern District of California

1   without the benefit of receiving protected information from the government under the protective

2   order.  Defendant Gonzalez's trial is scheduled to begin on February 16, 2010.  If his defense

3   team elected to become eligible under the protective order and made a timely written request,

4   they will be granted review of all protected information (except specific locator information)

5   beginning on December 18, 2009, sixty days before the commencement of his trial.

6          For all these reasons, defendant Gonzalez's motion to be exempted from the final

7   protective order is **DENIED**.

8          The foregoing aside, it is not clear that all of the specific information that defendant

9   Gonzalez seeks is in fact protected information under the final protective order.  On or before

10   **NOON ON NOVEMBER 10, 2009**, the government is ordered to submit under seal an *ex parte*

11   statement to the Court explaining why the information sought by defendant Gonzalez is

12   protected information under the protective order or, to the extent it is not, why it should not be

13   disclosed to him in accordance with the normal disclosure schedule for non-RICO defendants.

14

15          **IT IS SO ORDERED.**

16

17   Dated:  November 3, 2009.                    _____

18                                               WILLIAM ALSUP
                                                 UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28