IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

IVAN CERNA, et al.,

    Defendants.

No. CR 08-730 WHA

**ORDER SETTING SCHEDULE FOR ALL DEFENDANTS OTHER THAN FIRST SIX TO BE TRIED**

## INTRODUCTION

This is the final order on the case schedule for all defendants other than the first six to be tried. Pursuant to Rules 12, 16 and 17.1 and *United States v. W.R. Grace*, 526 F.3d 499 (9th Cir. 2008) (*en banc*), the Court finds that this criminal gang prosecution needs the instant scheduling order for the speedy and orderly administration of justice. On September 24, 2009, the government filed a third superceding indictment in this action. To better manage the case, submissions regarding scheduling issues were solicited from the parties. A tentative scheduling order was then circulated to all counsel and yet more written comments were received. After consideration of all such comments and critiques, this final scheduling order now follows.

Due to their large number, the 29 defendants in this RICO gang prosecution will have to proceed to trial by chapters. An earlier scheduling order (Dkt. No. 794) has already set the trial schedules for the six defendants without RICO charges — those with the simplest cases — who will be tried first. After the first six defendants, those defendants who face the RICO

1  conspiracy charge but not the death penalty will proceed to trial next. Finally, those defendants
2  for whom a death-penalty notice eventually is filed will proceed to trial last.

3  With respect to all defendants other than the first six to be tried, all motions directed at
4  the third indictment itself such as, without limitation, motions to dismiss or for a bill of
5  particulars or for severance based on the face of the indictment, must be filed by **FEBRUARY 22,**
6  **2010**, for hearing on **MARCH 8, 2010 AT 1 P.M.** with all oppositions due seven days beforehand.
7  This schedule will allow the government to focus on the trials of the first six defendants before
8  turning to the next chapter of RICO defendants. All defendants in the case prior to the third
9  superceding indictment are bound by the rulings to date and may not seek to re-open those
10 rulings.

11 The third superceding indictment added three new defendants including Giovanni
12 Hernandez, Danilo Velasquez and Luis Herrera. Any defense request under any aspect of Rule
13 16 by the three new defendants must be made in writing and no later than **NOVEMBER 20, 2009.**
14 By **DECEMBER 14, 2009**, all materials required under Rule 16(a)(1)(A)–(F) to be disclosed by
15 the government must be produced to any of these three defendants who have made a written
16 Rule 16 request. All such Rule 16 materials acquired as to these defendants thereafter by the
17 government or any of its agents subject to such a Rule 16 request must be disclosed within
18 **FOURTEEN CALENDAR DAYS** of receipt by government counsel or its agent. As previously
19 ordered, all prior rulings (such as the *Brady* order) herein shall apply to all new defendants
20 unless, by **NOON ON JANUARY 29, 2010**, said defendants file a motion for a different ruling
21 stating with particularity the evidence or reasons for a modified ruling.

22 This order modifies the trial schedule set earlier (Dkt. No. 265), and the previous
23 schedule set for *Brady* disclosures (Dkt. No. 694). It does not change the schedule for the
24 disclosure of information regarding protected witnesses established by the final protective order
25 for witness security on September 16, 2009 (Dkt. No. 630). The burden is on the government to
26 keep track of the days remaining on the speedy trial clock as to each defendant and protects its
27 record in this regard.
28

### 1. RICO DEFENDANTS WHO DO NOT FACE THE DEATH PENALTY.

There are currently eighteen defendants who face RICO conspiracy charges but not the death penalty. These include defendants Aristedes Carcamo, Marvin Carcamo, Wilbert Castillo, Ivan Cerna, Walter Cruz-Zavala, Moris Flores, Manuel Franco, Carlos Garrido, Douglas Largaespada, Melvin Maldonado, Rodrigo Molina, Rafael Montoya, Jose Quinteros, Mauricio Urias, Angel Noel Guevara, Giovanni Hernandez, Daniel Portillo and Danilo Velasquez. Their trial will begin on **SEPTEMBER 13, 2010.** It is possible that some of these defendants will plead guilty before trial. Depending on how many of them actually proceed to trial, it may be necessary for fair-trial purposes to sever these eighteen defendants into two trial groups. If necessary, the second trial will begin on **JANUARY 10, 2011.** The parties must comply with the following deadlines as if all eighteen of these defendants will proceed to trial with the first group on September 13, unless and until some of them are severed into the second group.

   A.   All government expert disclosures required by Rule 16(a)(1)(G) must be made **140 CALENDAR DAYS (20 WEEKS)** before trial, *i.e.*, **APRIL 26, 2010,** for the first RICO trial and **AUGUST 23, 2010,** for the second RICO trial. This will include some expert reports and summaries that will be used against the death-eligible defendants. By contrast, the government's expert disclosures for the first six defendants are due only eight weeks before trial. It is necessary that the government's expert disclosures be made earlier for the RICO defendants because their trials will be more complicated and it is likely that more experts will bepresent in those trials. For the same reason, it will be necessary to schedule separate hearings to deal with *Daubert* motions for the RICO defendants (see below) as opposed to waiting until the pretrial conference to hear *Daubert* motions as with the first six defendants. This schedule allows ample time for defendants to prepare *Daubert* motions. By the same date, the government shall provide all counsel with a preliminary trial exhibit and preliminary witness list for its case-in-chief.

   B.   At least **140 CALENDAR DAYS (20 WEEKS)** before trial, i.e, by **APRIL 26, 2010,** for the first RICO trial and **AUGUST 23, 2010**, for the second RICO trial, the government

3

1   shall provide a complete, accurate, and detailed list of any recordings it intends to use in its
2   case-in-chief and a separate index of all recordings provided in discovery setting forth the date
3   of the conversation and, to the extent known, all participants in those conversations.
4         C.    **FORTY-SIX CALENDAR DAYS** after the government's expert disclosures
5   required by Rule 16(a)(1)(G) are due, *i.e.*, by **JUNE 11, 2010,** for the first RICO trial and by
6   **OCTOBER 8, 2010,** for the second RICO trial, defendants must file *Daubert* motions or any
7   other motions relating to any government expert witness or deem them waived (absent good
8   cause for a later filing). Any suppression motions as to any ground for which counsel is on fair
9   notice must also be brought by this date. Any opposition must be filed within **TWENTY-ONE**
10  **CALENDAR DAYS** thereafter, *i.e.*, by **JULY 2, 2010,** for the first RICO trial and by **OCTOBER 29,**
11  **2010**, for the second RICO trial. Any replies must be filed within **SEVEN CALENDAR DAYS**
12  thereafter, *i.e.*, by **JULY 9, 2010,** for the first RICO trial and by **NOVEMBER 5, 2010,** for the
13  second RICO trial. The hearing on these motions for the first group of RICO defendants will be
14  on **JULY 20, 2010.** The hearing for the second group of RICO defendants will be on
15  **NOVEMBER 16, 2010.** Death-eligible defendants must also file any such motions on this
16  schedule inasmuch as many, if not all, of these expert materials will presumably be used against
17  them as well.
18        D.    *Henthorn* material on all law enforcement witnesses whom the
19  government anticipates calling must be produced to defense counsel at least **75 CALENDAR**
20  **DAYS** before trial, *i.e.*, by **JUNE 30, 2010,** for the first RICO trial and by **OCTOBER 27, 2010,** for
21  the second RICO trial. All non-Jencks *Brady* information must also be disclosed to defense
22  counsel at least **75 CALENDAR DAYS** before trial with the following exceptions:
23        (1) Materials addressing the individuals specified in the government's *ex*
24  *parte* submission shall be produced in accordance with the terms of the final protective order.
25        (2) All non-Jencks *Brady* information relating to any specific
26  government civilian witness shall be disclosed to defense counsel **SEVEN CALENDAR DAYS**
27  before trial. All non-Jencks *Brady* information for witnesses the government eventually elects
28  *not* to call must be disclosed as soon as the government makes the election and at all events at

4

least **SEVEN CALENDAR DAYS** before the government rests its case in chief.  If it has subpoenaed them, the government must keep such witnesses under subpoena so that defendants shall when the time comes be in a position to call them in the defense case without delay.

E. **TWENTY-EIGHT CALENDAR DAYS** before each trial, *i.e.*, by **AUGUST 16, 2010,** for the first RICO trial and by **DECEMBER 13, 2010,** for the second RICO trial, the government must provide a final trial exhibit list and a final list of witnesses for its case-in-chief, including civilian witnesses except to the extent a prior court order has allowed postponement of such disclosure.

F. **TWENTY-EIGHT CALENDAR DAYS** before each trial, all translations or transcripts of conversations or statements to be shown to or used with the jury must be provided to all other parties and any motions directed to their accuracy shall be heard before the trial.

G. **TWENTY-EIGHT CALENDAR DAYS** before each trial, all Rule 16 defense reciprocal disclosures, including expert reports and summaries, must be produced to the government and all Rule 12.1 and 12.2 defense notices must be given, if any.  All rebuttal expert reports and summaries by the government shall be due **SEVEN CALENDAR DAYS** before the final pretrial conference.  Any mental examinations shall occur on a schedule to be set by motion.

H. The final pretrial conference for the first group of RICO defendants who do not face the death penalty will be held on **AUGUST 30, 2010.**  The final pretrial conference for the second group will be held on **DECEMBER 20, 2010.**  All motions shall be due **14 CALENDAR DAYS** before the conference with oppositions due **SEVEN CALENDAR DAYS** before the conference.  Motions, however, may be brought on a 14-day track to be heard earlier than the final pre-trial conference if counsel believes it best to do so.

2. **DEATH-PENALTY DEFENDANTS.**

There are six defendants who are eligible for the death penalty under the current indictment.  These include defendants Guillermo Herrera, Walter Chinchilla-Linar, Luis Herrera, Erick Lopez, Jonathan Cruz-Ramirez and Cesar Alvarado.  Any statutory notice of intent to seek the death penalty as to any defendant must be filed by **SEPTEMBER 15, 2010, AT**

5

1 **NOON**, failing which no such notice may be filed. The burden is on counsel for defendants who
2 are death-eligible to undertake the necessary efforts to find and obtain funding for all mitigation
3 experts, mental health professionals and investigators to ensure that mitigation presentations can
4 be completed before this deadline. The Court will respond promptly to any requests for CJA
5 funding. If the government can decide sooner than the September 15 deadline, all the better. If
6 such a notice is filed, any and all defendants so notified shall be tried starting **AUGUST 1, 2011**,
7 subject to possible severance**.** Any of the six death-eligible defendants for whom no death-
8 penalty notice is filed will be tried with the other RICO defendants who do not face the death
9 penalty, in accordance with the schedule above**.**

10 For any defendants for whom a death-penalty notice is filed the following schedule will
11 apply:

12 A. All government expert disclosures required by Rule 16(a)(1)(G) and
13 pertaining only to a notified defendant must be made by no later than **DECEMBER 30, 2010**. By
14 the same date, the government must produce a complete, accurate, and detailed list of any
15 recordings it intends to use in its case-in-chief and a separate index of all recordings provided in
16 discovery setting forth the date of the conversation and, to the extent known, all participants in
17 those conversations. By the same date, the government also shall provide all counsel with a
18 preliminary trial exhibit and preliminary witness list for its case-in-chief.

19 B. By **FEBRUARY 21, 2011**, all defendants as to whom a death notice is filed
20 must file all *Daubert* motions or other motions related to the government's expert designations.
21 Suppression motions as to any ground for which counsel is on fair notice should also be brought
22 by this date. Any opposition are due **FOURTEEN CALENDAR DAYS** later. Replies are due **SEVEN**
23 **CALENDAR DAYS** after that. A hearing will be held on **MARCH 29, 2011.** Again, many of the
24 expert reports and summaries noticed for the main body of RICO defendants will presumably be
25 directed at the death-notified defendants and they must bring their *Daubert* and other motions,
26 as to these materials, on the same schedule as the main body of RICO defendants. In other
27 words, those expert materials will not be relitigated for the death-eligible defendants.
28

6

C. By **MARCH 1, 2011**, the parties shall submit proposals regarding the timing and contents of jury questionnaires.

D. By **APRIL 1, 2011**, the government must provide to defense counsel all *Henthorn* material on law enforcement witnesses whom the government anticipates calling. All non-Jencks *Brady* information must be disclosed to defense counsel by the same date with the following exceptions:

(1) Materials addressing the individuals specified in the government's *ex parte* submission shall be produced in accordance with the terms of the final protective order.

(2) All non-Jencks *Brady* information relating to any specific government civilian witness shall be disclosed to defense counsel **SEVEN CALENDAR DAYS** before trial. All non-Jencks *Brady* information for witnesses the government eventually elects *not* to call must be disclosed as soon as the government makes the election and at all events at least **SEVEN CALENDAR DAYS** before the government rests its case in chief. If it has subpoenaed them, the government must keep such witnesses under subpoena so that defendants shall when the time comes be in a position to call them in the defense case without delay.

E. By **MAY 2, 2011**, all translations or transcripts of conversations or statements to be shown to or used with the jury must be provided to all other parties and any motions directed to their accuracy shall be heard at the pretrial conference.

F. By **JUNE 6, 2011**, the government must provide a final trial exhibit list and a final list of witnesses for its case-in-chief, including all civilian witnesses except to the extent a prior court order has allowed postponement of such disclosure.

G. By **JUNE 6, 2011**, all Rule 16 defense reciprocal disclosures, including expert reports and summaries, must be produced to the government and all Rule 12.1 and 12.2 defense notices must be given, if any. All rebuttal expert reports and summaries by the government shall be due **FOURTEEN CALENDAR DAYS** later.

H. The final pretrial conference shall be held on **JULY 18, 2011.** Twenty-one days prior to this conference all *in limine* motions must be filed including but not limited to motions to exclude any co-conspirator statement or 404(b) evidence, government motions

7

directed at defense experts, any other motions to exclude specific evidence or witnesses and any motions for severance other than Rule 8 motions. Motions may be brought on a 14-day track to be heard earlier than the final pre-trial conference if counsel believes it best to do so.

**IT IS SO ORDERED.**

Dated: November 13, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE