IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

IVAN CERNA, et al.,

    Defendants.
                         /

No. C 08-00730 WHA

**TENTATIVE GUIDANCE FOR FUTURE RULE 11(c)(1)(C) PLEAS**

For the effective management of this complex RICO gang prosecution and to avoid disruption of preparation for a series of multi-defendant jury trials, this order gives guidance to counsel for the orderly presentation of any Rule 11(c)(1)(C) plea agreements.

**STATEMENT**

This is a federal RICO prosecution of a gang known as MS-13 and includes sixty counts against 29 defendants arising from alleged actions of the gang. Most of the defendants are accused of being members or associates of a San Francisco branch of MS-13 known as the MS-13 20th Street Clique. Their alleged offenses include murder, racketeering conspiracy, conspiracy to commit murder, various crimes of violence, narcotics offenses, conspiracy to commit robbery, illegal possession and dealing of firearms and attempted exportation of stolen vehicles, among others. Six defendants are eligible for the death penalty and are awaiting statutory notification. The gang and its confederates, some of whom are at large, abide by a code that requires killing cooperating witnesses and their families. Threats and attempts of violence against cooperating

witnesses in this case have been made. The action has been pending almost two years and more than 1350 filings have been made. Before the case ends, the number of filings will likely exceed three thousand.

Given their large numbers, defendants are proceeding to trial by chapters. The six defendants who were not charged with RICO conspiracy — those with the simplest cases — were scheduled for the first three trials. Defendants Judith Sosa, Mauricio Urias and Jonathan Briez — who were charged with narcotics-related crimes — were scheduled for the first trial. After extensive motion practice, all three pleaded guilty shortly before trial. Defendant Sosa pleaded guilty pursuant to a Rule 11(c)(1)(C) plea agreement the day before jury selection in her trial was scheduled to begin.

Defendants Daniel Gonzalez and Rodil Nochez were scheduled for the second trial on charges of attempted exportation of stolen vehicles. Defendant Gonzalez pleaded guilty pursuant to a Rule 11(c)(1)(C) plea agreement four days before his final pretrial conference after extensive motion practice and full briefing of his motions in limine. The trial of defendant Nochez was continued and is now scheduled to begin on March 2. Defendant Rene Montes-Mayorga — who is charged with being an alien in possession of a firearm and engaging in unlicensed firearms dealing — is scheduled for the third trial later in the spring of 2010.

Then, those defendants who are charged with RICO conspiracy but do not face the death penalty will proceed to trial next. There are currently seventeen defendants who face RICO conspiracy charges but not the death penalty. These include defendants Aristedes Carcamo, Marvin Carcamo, Wilbert Castillo, Ivan Cerna, Walter Cruz-Zacala, Moris Flores, Manuel Franco, Carlos Garrido, Douglas Largaespada, Melvin Maldonado, Rodrigo Molina, Rafael Montoya, Jose Quinteros, Angel Noel Guevara, Giovanni Hernandez, Daniel Portillo and Danilo Velasquez. Their trial is scheduled to begin on September 13, 2010. Depending on how many of them actually proceed to trial, this group may be severed into two trial groups for fair-trial purposes, with the second trial beginning on January 10, 2011.

Finally, those defendants for whom a death-penalty notice eventually is filed will proceed to trial last. Defendants Guillermo Herrera, Walter Chinchilla-Linar, Luis Herrera, Erick Lopez,

Jonathan Cruz-Ramirez and Cesar Alvarado are eligible for the death penalty under the current indictment. Any statutory notice of intent to seek the death penalty as to any defendant must be filed by September 15, 2010. Any and all defendants as to whom such notice is filed will be tried starting August 1, 2011. Any of the six death-eligible defendants for whom no death-penalty notice is filed will be tried with the other group of RICO defendants who do not face the death penalty.

On February 3, 2010, the Court requested the written guidance of counsel regarding two questions. *First*, given the massive judicial resources involved in this large RICO gang prosecution, not to mention the resources of the marshal service, local jails and prosecutors, should the Court allow even more extra points for early acceptance of responsibility and/or deny points for late acceptance of responsibility, i.e., pleas entered shortly before trial? *Second*, should a deadline be set for acceptance of Rule 11(c)(1)(C) pleas? This order follows after consideration of the parties' numerous written responses that were received in response to this request for briefing.

After consideration of the submissions, for which the Court thanks counsel, no deviation will be made from the normal guideline calculations with respect to acceptance of responsibility. Nor will any deadline be set for Rule 11(c)(1)(C) pleas. One guidance, however, is hereby given concerning Rule 11(c)(1)(C) pleas. This guidance will be deemed tentative until addressed at the March 8 hearing after which it may (or may not) be modified. Further briefing is not required and oral argument will be fine.

### GUIDANCE RE RULE 11(C)(1)(C) PLEAS

The Court has learned the hard way, via experience, in this and an earlier case RICO gang prosecution, that on the eve of trial, one or more Rule 11(c)(1)(C) plea agreements may be presented. That is, rather than plead open without conditions (which a defendant is always entitled to do), a defendant may seek to plead guilty, reserving the right to withdraw the plea and go to trial if a harsher sentence is imposed than the specified sentence. Where there is only one defendant (or *all* defendants plead), it is usually feasible to postpone the trial, obtain a

presentence report, and then decide on whether the specific sentence in the plea agreement satisfies the Section 3553(a) sentencing factors.

But where the RICO conspiracy trial is set to go forward anyway for others, a major trial problem arises. It is impractical and prejudicial to postpone the trial until a presentence report is prepared and a sentence reached for the Rule 11(c)(1)(C) defendant. There are many logistical and security reasons militating against such a postponement, such as, for example, the need to minimize danger to cooperating witnesses, the need for the marshals to organize themselves and to obtain the staff and facilities needed for multi-custody defendant trials, and the need to respect for the calendars of counsel, witnesses, experts, and the Court, and to preserve the fair scheduling of criminal trials in other cases.

Since the conspiracy trial will need to go forward on schedule, a last-minute plea agreement by one defendant places the Court in the position of either rubber-stamping the proposed plea, on the one hand, or rejecting it and having to hold a separate conspiracy trial for the Rule 11(c)(1)(C) defendant, on the other. Put differently, if, after preparation of a presentence report and a sentencing hearing, the plea agreement is rejected, a separate RICO conspiracy trial will be required for the Rule 11(c)(1)(C) defendant, the main RICO conspiracy trial having been completed in the meantime. Having two such RICO conspiracy trials when one would have sufficed is most wasteful and doubles the danger to cooperating civilian witnesses by making them appear twice rather than once. That would be all the more true in the instant prosecution, comprehending as it does so many homicides and other racketeering acts. Many weeks of trial will be required.

When a Rule 11(c)(1)(C) plea agreement is presented far enough in advance of trial that the report and sentencing can be carried out prior to trial, no problem is presented. If the plea agreement is rejected counsel and the defendant will be able to participate in the RICO conspiracy trial as scheduled. In our district, about 75 days are normally required for finalization of a presentence report.

The problem arises, to repeat, when counsel for fewer than all defendants present such a proposal too close to a multi-defendant trial date to allow for a pre-sentence report. "To allow for

4

efficient scheduling of criminal cases," Rule 11(e)(5) as enacted in 1974 expressly recognized that judges could set deadlines for the presentation of plea agreements. This was deleted as "unnecessary" in 2002. *See* Advisory Committee Notes to the 1974 and 2002 amendments. With respect to Rule 11(c)(1)(C) pleas, Rule 11(c)(3) now expressly states that the court may "accept the agreement, *reject it*, or defer a decision until the court has reviewed the presentence report." This plainly contemplates that a judge may, after the exercise of individualized consideration, reject a plea agreement without waiting for a presentence report. *In re Morgan*, 506 F.3d 705, 710–11 (9th Cir. 2007).

      The Court intends to give each Rule 11(c)(1)(C) proposal individualized consideration, even those presented on the eve of trial. If, however, time is too short to go through the Rule 32 process, then counsel will be well-advised to submit, along with the Rule 11(c)(1)(C) proposal sufficient information allowing an informed exercise of discretion, which would be the following: (i) reliable information of the type and scope usually found in a presentence report but prepared by counsel rather than probation, including an accurate calculation of the guideline range, (ii) a written waiver of the right to a presentence report and the usual presentence process and of the notice required by Rule 32(h) in the expedited manner described herein, and (iii) a written consent for sentencing to occur at the time the guilty plea is entered or as soon thereafter as the Court can evaluate the materials and hear argument and allocution. Among others, a key factor on which the parties should supply accurate information will be the extent to which any such defendant personally participated in any homicides or attempted homicides or other violent offenses. This would be the type of information normally in a presentence report.

      If the information is adequate for sentencing purposes and supports the specified sentence, then it will be promptly imposed. If it warrants a different sentence than the Rule 11(c)(1)(C) sentence, then the different sentence will be imposed and the disappointed party shall have to elect whether to withdraw the plea in the usual way. At all events, counsel must be prepared to try the case as scheduled until judgment is entered.

      If the available information is not adequate for final sentencing and/or the defendant declines to waive the Rule 32 process, then the Court will nonetheless make an individualized

judgment of the likelihood of the specified sentence being eventually approved and consider whether to sever the defendant from the impending trial. There can be no automatic right to such a severance merely because a last-minute deal is reached with the prosecutor. Adequate information to justify a severance will be necessary (even if the information is inadequate for prompt sentencing before trial). If a request for severance and trial continuance is denied, then counsel must remain in the trial. If the defendant is convicted and the plea agreement is approved, then the sentence will be as per the plea agreement. If the sentence is not approved, then the sentence will be as per the judge. If the defendant is acquitted then there will be no sentence.

This guidance is now given to counsel as a caveat to the supposition that there is always an automatic right to a severance and trial continuance when any Rule 11(c)(1)(C) proposal is made. In a single defendant trial or a simple multi-defendant trial, a severance would be very likely, to be sure. But the complications attendant to a large RICO gang conspiracy trial covering so many homicides, racketeering acts, and cooperating witnesses in protective custody render the automatic-severance supposition impractical. Each circumstance will have to be evaluated individually but as a general statement, it should be said that the more information made available to the judge, along with the plea proposal, the more likely that the discretion of the Court can be exercised promptly and soundly.

The Court has read all the decisions cited. While the Ninth Circuit decisions require individualized attention and prohibit automatic prohibitions based solely on the inability of the trial judge to try some other criminal case in the same time frame, no decision has precluded consideration of the hard problems attendant to a multi-defendant RICO conspiracy trial of the magnitude here involved where fewer than all wish to plead to specified sentences on the eve of trial. Nor has any Ninth Circuit decision ever approved the automatic severance/continuance rule that counsel impliedly advance.

This order does not restrict the right of any defendant to plead open at any time. Nor does it yet apply to death-eligible defendants, as to whom a separate order will eventually issue as we

approach closer to their separate trial dates. This guidance applies to all defendants other than the death-eligible defendants.

Dated: February 23, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE