IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>RODIL NOCHEZ, et al.<br><br>    Defendants.<br>_____/ | No. CR 08-0730 WHA<br><br>**ORDER FOLLOWING<br>FEBRUARY 24 HEARING** |

       The government moves to quash defendant Nochez's subpoena issued to Ana Ramos ordering that she appear before this Court on March 2, 2010. Defendant Nochez has submitted an under seal, *ex parte* submission regarding the topics about which it would seek to call Ms. Ramos to testify. Based on his submission, admissible testimony after the testimony of confidential informant 1218, which is not yet known. The government's motion to quash the subpoena is **DENIED WITHOUT PREJUDICE** to renewal after the government rests its case-in-chief. This order should not be construed as holding that Ms. Ramos's testimony will be ultimately admitted at trial. Based on the government's promise that Ms. Ramos will be available, she need not appear before this Court on March 2, but must instead appear on March 4, 2010.

       Defendant Nochez had previously moved for an order precluding the government from introducing evidence regarding or making reference to his membership in or association with MS-13 or another gang. A previous order held that the government may not refer to MS-13 in defendant Nochez's trial unless defendant Nochez opens the door to that topic. Defendant Nochez now moves for clarification regarding whether he would necessarily open the door by asserting a duress or entrapment defense at trial.

1    It would be premature to preclude the government from introducing any evidence of
2 defendant Nochez's alleged gang membership or association in the event that he raises an
3 entrapment or duress defense. Where the government has induced an individual to break the
4 law and the defense of entrapment is at issue, the prosecution must prove beyond reasonable
5 doubt that the defendant was predisposed to commit the criminal act of which he is accused
6 prior to first being approached by government agents. *Jacobson v. United States*, 503 U.S. 540,
7 549 (1992). Depending on how the evidence comes in at trial, it is possible that evidence of
8 defendant Nochez's gang membership would be admissible to prove his predisposition to
9 commit the crimes in this matter.

10    Defendant Nochez also seeks to specifically exclude police reports regarding his arrests
11 from 1995–98 that he states refer to him as an ex-gang member or as associated with gang
12 members. Neither defendant Nochez nor the government have provided these police reports to
13 the Court for review, so final ruling on their admissibility is deferred. Defendant Nochez states
14 that these arrests were for crimes unrelated to the charges against him in this matter and did not
15 result in charges being filed against him, much less a conviction. These police reports probably
16 would not be admissible themselves, being hearsay. Assuming foundation and disclosure
17 requirements being met, it is possible that the arresting officers' testimony based on their
18 independent memory regarding defendant Nochez's gang membership might be admissible on
19 rebuttal, for example as to an admission by defendant Nochez to the officer that he was a MS-
20 13 gang member. Any final ruling on the admissibility of such testimony will be determined
21 during trial.

22    Defendant Nochez previously moved on several grounds to preclude the government
23 from using at trial transcripts of certain Spanish-language bodywire recordings. The
24 government produced to defendant Nochez the recordings on which these transcripts were
25 based over one year ago, but did not disclose that it intended to use them at trial until February
26 4, 2010. Defendant Nochez's motion to exclude the transcripts on the grounds that they were
27 disclosed after the deadline of December 22, 2009, as set in the final scheduling order, was
28 denied. Defendant Nochez's trial was continued from February 17 to March 2 and the previous

2

1 order held that this continuance was sufficient to cure any prejudice as a result of the late
2 disclosure.

3       Defendant Nochez also sought to exclude the transcripts on the grounds that the
4 recordings were of such poor quality that the voices were inaudible and the transcriptions thus
5 inherently unreliable. The government proffered that it could establish the accuracy of the
6 transcripts through its agent who was fluent in English and Spanish, was familiar with the
7 identities of the speakers who were recorded, and had reviewed the transcripts for accuracy. A
8 previous order found this was sufficient to establish their accuracy for purposes of admissibility
9 and deferred ruling on the motion to exclude until the recordings were heard at trial.

10       Defendant Nochez now moves for reconsideration of this order on the grounds that he
11 and his counsel have reviewed the recordings and government transcripts and found numerous
12 alleged errors in the transcripts. However, rather than provide to the United States copies of his
13 own transcriptions and translations of the recordings and conferring with the government to
14 attempt to resolve disagreements and arrive at stipulated transcripts, defendant Nochez instead
15 filed his list of alleged errors *ex parte* and under seal. Defendant Nochez, on the one hand,
16 seeks to exclude the government's transcripts on the grounds that they are inaccurate but, on the
17 other hand, moves to keep the supposed inaccuracies secret from the government on the
18 grounds that they reveal attorney work product, attorney-client communications, and defense
19 strategy.

20       Defendant Nochez's motions to file under seal and ex parte his motion for
21 reconsideration and declaration of Seth Chazin are **GRANTED** on the grounds that he avers they
22 contain privileged materials. However, his motion for reconsideration is **DENIED WITHOUT**
23 **PREJUDICE** on the grounds that he may not sandbag the government by seeking to exclude its
24 transcripts through a secret showing. It is unfair to use the under seal, *ex parte* procedure in this
25 way. The secret showing of alleged errors has not been provided to the government and the
26 government has no way to rebut it. The Ninth Circuit has approved as a non-secret procedure
27 for ensuring that translations are accurate a requirement that the government and defense
28 counsel exchange transcriptions and translations before trial and confer on disputed portions.

3

*United States v. Abonce-Barrera*, 257 F.3d 959, 963–64 (9th Cir. 2001).  The final scheduling order explicitly contemplated a mutual exchange of transcripts by the government and defendants (Dkt. No. 998 at 7).

Defendant Nochez may renew his motion challenging the accuracy of the government's transcripts and translations but he must allege specific inaccuracies on the record so that the government has a chance to respond to his allegations.  Defendant Nochez has already had ample time to prepare and bring such a motion and is advised that trial shall begin on March 2 and no further continuances will be granted on the basis of such a renewed motion.  Defendant Nochez will always be free to cross-examine the government's agent regarding the accuracy of the translations and transcriptions, highlight alleged inaccuracies, and to present his alternative versions to the jury.

**IT IS SO ORDERED.**

Dated:  February 25, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE