IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>IVAN CERNA, *et al.*<br><br>    Defendants.<br>_____/ | No. CR 08-0730 WHA<br><br>**ORDER RE DEFENDANT FLORES'S MOTION FOR DISCOVERY** |

      Defendant Flores moves for an order directing the government to disclose (1) copies of all audio recordings identified in the government's "DH" discovery index that have not been disclosed to the defense and (2) an index identifying the audio recording underlying each transcription or summary of an audio event the government has disclosed to the defense.

      According to a sworn declaration by defense counsel, the government has produced about 3,200 video and audio recordings in this matter (Perilman Decl. at 1). Virtually all are in Spanish. There are several universes of recordings without clear divisions or distinctions.

      Two hundred fifty-eight of the recordings have been assigned a "DH" bates prefix, referring to ICE's "Devil Horns" investigation. DH recordings include consensual calls, body wires, jail calls and miscellaneous other recordings made during the ICE investigation. Other audio recordings were produced with an "N" prefix. Some jail calls have been produced with an "F" prefix. Six disks were produced with an "X" prefix.

      Other disks have been produced without any bates prefixes at all. On April 23, 2009, 17 disks were produced labeled Disk 1 to Disk 17 and described as "jail calls involving the defendants." This production involved approximately 1500 jail calls. The defense was told the

date and time of each call and the phone number dialed, but not who was recorded on any calls or from where the calls were made.

On April 27, 2009, seven more disks containing audio and video were produced labeled solely Disk 1 to Disk 7. On April 29, 2009, more disks were produced labeled Disk 1 to Disk 34 and Disk A to Disk U. On April 30, a fourth production occurred, again labeled by disk number.

The government has provided an incomplete index to the DH recordings, but some DH numbers may refer to multiple recordings of unrelated conversations with different speakers. Not all of these are identified in the index. The government has provided incomplete indexes for the F prefix recordings and for the disks designated A–U produced on April 29. In total, Attorney Perilman estimates that the government has produced indexing information for about 542 of the 3,200 produced recordings.

The government has disclosed several hundred transcripts of audio recordings of conversations between cooperating government witnesses, defendants or unindicted coconspirators. Defendant Flores claims that approximately 140 of the transcripts do not identify the audio recording upon which the transcript is based. Defendant Flores moves for an order requiring the government to identify which audio recordings correspond to these transcripts.

By **APRIL 19, 2010, AT NOON**, the government is ordered to turn over an index encompassing all recordings turned over in discovery. As required by the revised final scheduling order, the government should provide an "index of all recordings provided in discovery setting forth the date of the conversation and, to the extent known, all participants in those conversations" (Dkt. No. 998 at 9). The index should be traceable to the corresponding recordings so that the recordings are findable. The government says it will issue a new index within the next 30 days, rendering defendant Flores's motion moot. However, it appears from the government's written submissions and statements at the March 15 hearing that this new index will address only the DH recordings, not the large number of other recordings. The

government is ordered to provide an index for all recordings produced by it in discovery by **APRIL 19, 2010 AT NOON**.

Defendant Flores avers that some DH recordings have not yet been provided to defendants in discovery. Presumably, these omissions are not Rule 16 materials, but at most *Brady* materials. The deadline in the revised final scheduling order for non-Jencks *Brady* material to be produced has not yet passed. The Court recommends that the government double check to make sure any unproduced recordings are not Rule 16 materials. But on the present record, the mere fact of omission of a DH line number from production is insufficient to find that Rule 16 materials were withheld. Only the government can know. Therefore, other than to recommend that the government verify its production choices, no relief will be granted. If it turns out that the government has violated Rule 16, appropriate sanctions will be imposed but the burden is on the defense to prove a violation.

With respect to the 140 transcripts for which no corresponding audio recordings were identified, the Court assumes that it is true that it would be impossible for the defense to tell which Spanish-English transcripts go with which recordings. The Court notes this will be specifically addressed by Judge Beeler at a hearing on March 19. The entirety of this order will therefore be held in abeyance until **MARCH 31, 2010, AT NOON** so that Judge Beeler can meet with counsel and make headway on the matters referred to her, all of which are pertinent to the present motion. Except as modified by further order, this order will become final on March 31.

**IT IS SO ORDERED.**

Dated: March 17, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3