IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>IVAN CERNA, et al.,<br><br>Defendants.<br>_____/ | No. CR 08-0730 WHA<br><br>**SOME TALKING POINTS FOR COUNSEL'S DISCUSSION WITH JUDGE BEELER** |

In their discussion with Magistrate Judge Laurel Beeler concerning the 3200 recordings in Spanish and how to translate/transcribe them as needed in time for our trial, counsel should please keep in mind these additional questions:

      1.    If the government knows that specific *Brady-Giglio* material is "buried in the haystack" of 3200 recordings and if, due to the large volume of material, it is not practical with reasonable diligence for defense counsel to find them without the government's assistance, would there be a *Brady-Giglio* violation? *See* generally *United States v. Parks*, 100 F.3d 1300, 1306–07 (7th Cir. 1996); *United States v. Mmahat*, 106 F.3d 89, 94 (5th Cir. 1997); *United States v. Pelullo*, 399 F.3d 197, 290–16 (3d Cir. 2005); *United States v. Skilling*, 554 F.3d 576–77 (5th Cir. 2009).

      2.    What does the Ogden memo (January 2010) mean for this problem?

Please do *not* submit new briefing on this problem unless Judge Beeler asks for it. These items, however, should probably be part of the discussion with Judge Beeler.

**IT IS SO ORDERED.**

Dated: April 12, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE