IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DANILO VELASQUEZ, *et al.*,<br><br>Defendants.<br>                                                           / | No. CR 08-00730 WHA<br><br>**ORDER DENYING RENEWED *BRADY* MOTION BY DEFENDANTS VELASQUEZ, HERRERA AND HERNANDEZ AND VACATING HEARING** |

A previous order (Dkt. No. 1604) denied a motion by defendants Danilo Velasquez, Luis Herrera and Giovanni Hernandez to reconsider whether local law enforcement agencies involved in the investigation of MS-13 should be declared "lead investigative agents" for *Brady* purposes. Defendants Velasquez, Herrera and Hernandez now renew their motion and request an evidentiary hearing regarding whether the government should be ordered to produce under *Brady* all materials in the custody of the BART police and other state and local agencies involved in the investigation of a 2009 shooting at the Daly City BART station. In support of their motion, they make an offer of proof "as to what the defense believes it could show at an evidentiary hearing" on the matter (Br. at 2).

As stated in the previous order denying defendants' motion, it is important to note that the *Brady* obligation on the prosecutor is a self-executing duty. The defense does not have to ask for, much less move for, production of *Brady* materials. The reason for this is that the prosecutor is in the best position to know what evidence will be of assistance to the defense. *Brady* motions typically arise after conviction, where some pro-defense evidence was unproduced in time for

trial but was uncovered after the fact. *Brady* motions need not arise prior to trial. In this case, an evidentiary hearing regarding which federal, state and local agencies were agents for *Brady* purposes was held because the government itself sought an advance ruling on the issue as to the San Francisco Police Department. A previous order (Dkt. No. 692) laid out the principles that should apply in the undersigned judge's opinion of the law. It is up to the government, however, to apply that principle as to each state and local entity and decide properly under its self-executing duty.

Defendants' motion for another evidentiary hearing and for an order that any particular state or local agency is an agent for *Brady* purposes is **DENIED**. Nor does this order hold that any state or local agency is *not* an agent for *Brady* purposes. The burden is on the government to execute its duty correctly (and to meet all deadlines). The hearing noticed for May 11, 2010, is **VACATED**.

**IT IS SO ORDERED.**

Dated: April 26, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE