IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>IVAN CERNA, *et al.*,<br><br>  Defendants.<br>                                                             / | No. CR 08-00730 WHA<br><br>**ORDER REGARDING GOVERNMENT'S MOTION FOR EXTENSION OF FILING DATE FOR PRELIMINARY EXHIBIT AND WITNESS LISTS** |

This gang prosecution alleges 59 counts against 29 defendants arising from alleged actions of the MS-13 gang. Given the sprawling, unprecedented size of this action, a scheduling order was necessary for the speedy and orderly administration of justice. *United States v. W.R. Grace* 526 F.3d 499 (9th Cir. 2008). The revised scheduling order setting the final schedule for all defendants (Dkt. No. 998), which has been in effect for almost five months, stated that "all government expert disclosures required by Rule 16(a)(1)(G) must be made 140 calendar days (20 weeks) before trial, *i.e.*, April 26, 2010, for the first RICO trial. . . . By the same date, the government shall provide all counsel with a preliminary trial exhibit and preliminary witness list for its case-in-chief" (December 17 order at 8–9).

The April 26 deadline passed, but the government did not produce its preliminary trial exhibit or preliminary witness list for the first RICO trial. On May 4, the government asked for an extension until May 10 to produce these lists. As an excuse for its failure to meet the April 26 deadline, the government pleaded only that it "inadvertently failed to notice" the deadline (Gov't's Br. at 2).

The government has missed a number of deadlines in this matter and previous orders have noted that it must do much better in this regard and that the massive case is understaffed (*See*, *e.g.*, Dkt. Nos. 774, 1041, 1235, 1379). It is most discouraging to the Court that the government's pattern of missing reasonable deadlines continues. The Court is left in a position where it has no alternative but to acquiesce and grant the government its requested extension, but it does so only on the following condition: The prosecutors of record must bring the request for an extension and this order to the attention of Brian Stretch, Chief of the Criminal Division for the United States Attorney's Office for the Northern District of California. The Court has observed that this unprecedentedly large prosecution is too large for the two primary prosecutors who are assigned to it, even taking into account the excellent but only occasional assistance they receive from Theryn Gibbons from the Department of Justice in Washington, D.C. The government has long been on notice that this case is understaffed. The Court requests that Brian Stretch, in whatever method is appropriate and professional, inquire into the reasons for this continued understaffing, take steps to cure it, and notify the Court as to what will be done.

The government must supply to defendants preliminary witness and exhibit lists no later than **MAY 10, 2010.**

**IT IS SO ORDERED.**

Dated: May 6, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE