IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>IVAN CERNA, *et al.*,<br><br>    Defendants.<br>                                     / | No. CR 08-00730 WHA<br><br>**ORDER SETTING BRIEFING SCHEDULE FOR UNTIMELY MOTIONS TO DISMISS (DKT. NOS. 1660 AND 1662) AND FOR MOTION RE EXPERT DISCLOSURES (DKT. NO. 1669)** |

       This gang prosecution alleges 59 counts against 29 defendants arising from alleged actions of the MS-13 gang. Given the sprawling, unprecedented size of the action, a scheduling order was necessary for the speedy and orderly administration of justice. *See United States v. W.R. Grace*, 526 F.3d 499 (9th Cir. 2008). The revised scheduling order setting the final schedule for all defendants (Dkt. No. 998) stated that "all motions directed at the third indictment itself such as, without limitation, motions to dismiss or for a bill of particulars or for severance based on the face of the indictment, must be filed by February 22, 2010" (December 17 Order at 8). More than a dozen motions directed at the third indictment were timely filed and were heard on March 15, 2010. More than two months after the deadline, defendants Guillermo Herrera and Jonathan Cruz-Ramirez have now filed two new, untimely motions to dismiss based on the face of the indictment.

       Defendant Herrera states as an excuse for untimeliness that his motion is based on the Supreme Court's decision to grant certiorari in *Abbott v. United States*, 130 S.Ct. 1284 (January

25, 2010). But that decision was issued almost a month before the deadline to file a timely motion to dismiss. Therefore, defendant Herrera has not shown good cause for his untimeliness.

Defendant Cruz-Ramirez, on the other hand, states merely that "the defense in this case overlooked a series of arguments which could have been made along with other 'indictment-related' motions" (Br. at 4). Such oversights do not show good cause for untimeliness.

Ordinarily, these motions to dismiss would therefore be denied as untimely. In this instance, however, the motions will be possibly granted despite their untimeliness because the government has also repeatedly missed deadlines and been granted extensions (*See*, *e.g.*, Dkt. No. 1674).

Defendant Cruz-Ramirez has additionally filed a motion seeking an order that the government disclose additional foundation, bases, and reasons underlying its expert disclosures (Dkt. No. 1669). All three motions were noticed for hearing on May 25, 2010, at 2:00 p.m. The government shall file its oppositions to these motions by **NOON ON MAY 13, 2010.** Replies from defendants Herrera and Cruz-Ramirez shall be filed by **NOON ON MAY 19, 2010.** The hearing for these motions is continued to **MAY 26, 2010, AT 9:00 A.M.** All defendants should prepare to attend this hearing unless they submit written statements waiving their appearances.

**IT IS SO ORDERED.**

Dated: May 6, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE