IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>IVAN CERNA, *et al.*<br><br>Defendants.<br>_____/ | No. CR 08-00730 WHA<br><br>**ORDER DENYING MOTIONS TO DISMISS COUNTS ALLEGING 18 U.S.C. 924(c) AND (j) VIOLATIONS (DKT. NOS. 1660, 1662, AND 1705)** |

## INTRODUCTION

Defendants Guillermo Herrera, Jonathan Cruz-Ramirez and Luis Herrera move to dismiss counts alleged against them under 18 U.S.C. 924(c) and (j). For the reasons that follow, their motions (Dkt. Nos. 1660, 1662, and 1705) are **DENIED**.

## STATEMENT

This is a RICO/VICAR prosecution of an alleged gang called Mara Salvatrucha, also known as "MS-13" and its affiliates. The grand jury indictment charged 31 defendants with RICO conspiracy, conspiracy to commit murder and assault with a dangerous weapon in aid of RICO, and various non-RICO narcotics, assault and vehicle-related crimes. Six of the defendants — including the moving defendants — are eligible for the death penalty. The deadline for the government to file a statutory notice of intent to seek the death penalty against any of the death-penalty eligible defendants is September 15, 2010. So far, no such notices have been filed, *i.e.*, no defendant has been notified that the death penalty will be sought.

Defendants move to dismiss Counts 11, 12, 14, 15, 16, 19, 23 and 24. All of these counts allege violations of 18 U.S.C. 924© or (j). Counts 11 and 12 charge defendant Cruz-Ramirez with use and possession of a firearm in violation of 18 U.S.C. 924(j) and 924(c), respectively, in furtherance of the murder of Juan Rodriguez charged in Count 10. Count 10 specifically charges defendant Cruz-Ramirez pursuant to 18 U.S.C. 1959(a) with the murder in aid of racketeering of Juan Rodriguez, in violation of California Penal Code Sections 187, 188 and 189.

Counts 14 and 15 charge defendants Cruz-Ramirez and Guillermo Herrera with use and possession of a firearm in violation of 18 U.S.C. 924(j) and 924(c), respectively, in furtherance of the murder in aid of racketeering of Armando Estrada charged in Count 13. Count 13 specifically charges defendants Cruz-Ramirez and Guillermo Herrera pursuant to 18 U.S.C. 1959(a) with the murder in aid of racketeering of Armando Estrada, in violation of California Penal Code Sections 187, 188 and 189.

Count 16 charges defendant Cruz-Ramirez with use and possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. 924(c) arising from his alleged participation in the racketeering conspiracy charged in Count 1, the conspiracy to commit murder in aid of racketeering charged in Count 2, and the conspiracy to commit assault with a dangerous weapon charged in Count 3.

Count 19 charges defendant Luis Herrera with use and possession of a firearm in violation of 18 U.S.C. 924(j) in furtherance of the murder in aid of racketeering of Moises Frias charged in Count 18. Count 18 specifically charges defendant Luis Herrera pursuant to 18 U.S.C. 1959(a) with the murder in aid of racketeering of Moises Frias, in violation of California Penal Code Sections 187, 188 and 189.

Count 23 charges defendant Luis Herrera with use and possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. 924(c), including the murder in aid of racketeering of Moises Frias charged in Count 18, the attempted murder in aid of racketeering of Victim-12 charged in Count 20, the attempted murder in aid of racketeering of Victim-13 charged in Count 21, and the attempted murder in aid of racketeering of Victim-14 charged in Count 22.

1   Count 24 charges defendant Luis Herrera with use and possession of a firearm in
2   futherance of a crime of violence, in violation of 18 U.S.C. 924(c), arising from his alleged
3   participation in the racketeering conspiracy charged in Count 1, the conspiracy to commit murder
4   in aid of racketeering charged in Count 2, and the conspiracy to commit assault with a dangerous
5   weapon charged in Count 3.

**ANALYSIS**

Defendants move to dismiss the counts alleged against them under Sections 924(c) and (j) based on three grounds. As explained below, each of these arguments fails.

**1.    THE INTRODUCTORY CLAUSE OF SECTION 924© DOES NOT MANDATE DISMISSAL.**

Defendants' first argument is based on the Second Circuit's decisions interpreting Section 924© in *United States v. Whitley*, 529 F.3d 150 (2d Cir. 2008), and *United States v. Williams*, 558 F.3d 166 (2d Cir. 2009). . Section 924(c)(1)(A) states:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime (i) be sentenced to a term of imprisonment of not less than 5 years; (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

In *Whitley* and *Williams*, the Second Circuit held the introductory clause to Section 924(c)(1)(A) ("[e]xcept to the extent that a greater minimum sentence is otherwise provided by . . . any other provision" of law") made the mandatory minimum sentences under Section 924(c)(1)(A) inapplicable where a defendant was also subject to a greater mandatory minimum sentence for another offense that was part of the same criminal transaction or set of operative facts as the Section 924(c) offense. *Williams*, 558 F.3d at 168.

Although the Ninth Circuit has not addressed this issue, the other circuits that have done so all have rejected the Second Circuit's interpretation and instead held that a sentence imposed

3

for a separate offense does not supplant or abrogate a Section 924(c) sentence under its introductory clause. *United States v. Easter*, 553 F.3d 519 (7th Cir. 2009); *United States v. Parker*, 549 F.3d 150 (1st Cir. 2008); *United States v. Studifin*, 240 F.3d 415 (4th Cir. 2001); *United States v. Jolivette*, 257 F.3d 581 (6th Cir. 2001); *United States v. Alaniz*, 235 F.3d 386 (8th Cir. 2000); *United States v. Abbott*, 574 F.3d 203 (3rd Cir. 2009). On January 25, 2010, the Supreme Court's granted certiorari in *Abbott v. United States*, 130 S.Ct. 1284 (Jan. 25, 2010).

Defendants argue that this order should adopt the minority view of the Second Circuit in *Whitley* and *Williams* and then extend it to dismiss the Section 924 counts on the grounds that "the current state of the law renders the use or possession of a firearm under 18 U.S.C. § 924 subservient, and essentially ineffectual, where the defendant is subject to a longer mandatory minimum sentence for another offense that is part of the same transaction or arises from the same set of operative facts as the firearm offense" (Cruz-Ramirez Br. at 4–5).

Even under *Whitley* and *Williams*, it would be an unwarranted extension of those opinions to dismiss the Section 924 counts against defendants on that basis. The Second Circuit did not disturb the Section 924 convictions in either *Whitley* or *Williams*. It merely remanded those cases to the district court for resentencing. *See Whitley*, 529 F.3d at 151 ("We agree that the consecutive minimum ten-year sentence is inapplicable to Whitley because he was subject to a higher fifteen-year minimum sentence as an armed career criminal"); *Williams*, 558 F.3d at 168 ("We therefore affirm the district court's judgment of conviction and remand to give the district court the opportunity to resentence Williams consistent with our holding that Williams is not subject to the mandatory five-year minimum under Section 924(c)(1)(A)").

Defendants argue that the writ of certiorari granted by the Supreme Court to decide the issues surrounding Section 924(c)'s introductory clause somehow "governs whether a capital charge may be brought in this case" (Herrera Br. at 14). This is incorrect. At most, these issues govern the sentencing scheme of the Section 924 counts, but not the viability of the counts themselves. Defendants' motions to dismiss the Section 924 counts on this basis are therefore **DENIED**.

4

### 2. THE FAILURE TO CHARGE UNDER SECTION 1111 DOES NOT MANDATE DISMISSAL.

Defendants seek to dismiss the Section 924(j) violations charged in Counts 11, 14 and 19 because those counts are predicated on the VICAR murders charged in Counts 10, 13 and 18. Those murders, in turn, are predicated on California Penal Code Sections 187, 188 and 189, which define murder under California state law.

Section 924(j) prohibits, in relevant part, a violation of Section 924(c) — the use or possession of a firearm in furtherance of a crime of violence or a drug trafficking crime — that causes "a murder (as defined in section 1111)." Section 1111 of Title 18 defines murder under federal law.

Defendants argue that because they are not charged with violations of Section 1111, the counts under Section 924(j) must be dismissed. They misread the requirements of Section 924(j), which requires merely that each defendant's use of a firearm cause the death of a person in a way that meets the *definition* of murder under Section 1111. It does not require that defendants be specifically charged with a violation of Section 1111.

By its plain terms, Section 924(j) also does not require that murder as defined in section 1111 be the predicate crime of violence or drug trafficking crime in furtherance of which a firearm was used. As noted above, the Section 924(j) counts in this matter are predicated on the VICAR murder counts that are in turn predicated on alleged violations of state murder statutes including California Penal Code Sections 187, 188 and 189. Defendants argue that Section 924(j) counts cannot be predicated on these state murder statutes, but from its clear terms, the "murder (as defined in section 1111)" element of Section 924(j) is distinct and separate from the predicate "crime of violence or drug trafficking crime." At trial, the government will have to prove both elements as to each count, but this is no basis upon which to dismiss the charges.

Accordingly, defendants' motions to dismiss Counts 11, 14 and 19 are **DENIED**.

### 3. THE EIGHTH AMENDMENT DOES NOT MANDATE DISMISSAL.

Finally, defendants argue that the Eighth Amendment requires dismissal of the Section 924 counts. Their argument is vague and difficult to follow. Defendants state that invalid or improperly proven aggravating factors may not be considered at the death penalty sentencing

5

phase of defendants' trials, and that use or possession of a weapon may be defined as a component of a non-statutory factor in aggravation under the Federal Death Penalty Act. They argue that the Section 924 counts are invalid or improper (and therefore cannot be properly considered at a death penalty sentencing phase) but do not explain the basis for this contention.

For the reasons stated earlier in this order, the Section 924 counts are not improper or invalid. Moreover, the government has not yet filed any notices of intent to seek the death penalty against any defendant, so this argument is premature. Defendants' motions to dismiss the Section 924 counts on Eighth Amendment grounds are therefore **DENIED**.

## CONCLUSION

For the reasons stated above, defendants' motions to dismiss are **DENIED**.

**IT IS SO ORDERED.**

Dated: June 8, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE