IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>IVAN CERNA, et al.,<br><br>    Defendants.<br>                                  / | No. CR 08-0730 WHA<br><br>**REQUEST FOR INPUT RE RECORDINGS AND GOVERNMENT'S OBJECTION TO REPORT AND RECOMMENDATION** |

In evaluating the government's objections to the report and recommendation of Judge Laurel Beeler (Dkt. No. 1796), the Court requests the input of counsel on the questions below. Please limit your response to a total of twelve pages with all defense responses being coordinated and included in the twelve pages. Please do not file declarations and evidentiary material unless part of the twelve pages. The government must also answer and its response is also limited to twelve pages. The responses should repeat each question and then give thereunder specific answers to the specific questions. The defense should also include any other comment it wishes to make on the objection, all within the twelve pages, being mindful that the Court has already read Defense Attorney Mark Rosenbush's response. Please respond by **NOON ON TUESDAY, JUNE 29, 2010**. Here are the Court's specific questions:

1. To what extent has the government identified all participants in and the dates of:

 (a) all consensual recordings; and

 (b) all recordings of any type intended for the case-in-chief.

2. Why isn't this enough to allow defense counsel to prioritize their translation/transcription project?

3. What percentage of the jail calls produced in discovery have no specific participant names specified in the government index?

4. When an inmate is allowed to leave his cell and use the jail phone, to what extent does the jail maintain a log of inmate use of the phones (apart from the electronic telephone recording systems)?  Do these logs list the inmate's name or prisoner number, date and time?  Answer as to each facility.

5. How did the government and the jails narrow down the universe of which jail recordings to retrieve?

6. Have defense counsel or their agents listened (or tried to listen) to the start of each jail recording to see who is the caller?  If the caller identified himself (as he is requested to do by the recording machine), wouldn't this identify the caller such that this information can be used to prioritize transcription?

7. Has the government specifically identified all jail calls linked to a government informant it plans to use at trial (and called out expressly that it is so linked to an informant)?

8. Is it correct that inmates can *receive* jail calls and when they have received them, does the government's index identify the specific defendant receiving the call and the specific recording that goes with it?

9. Is it true that except for eight or fewer files and a few that had to be recopied, the government turned over all consensual recordings by April 30, 2009?  Is it true that all gaps in the DH numbers have been explained?  Hasn't the

defense had all agency investigative reports that go with the consensual recordings, so as to help figure out who was recorded and when?

    10.    Why didn't the government lay before the magistrate judge the information it now relies on to challenge her report and recommendation?

    11.    At page 15, the government says there were no "Title III wiretaps" in this case. Were there any other type of wiretaps?

Dated: June 17, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3