IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>IVAN CERNA, et al.,<br><br>  Defendants.<br>_____/ | No. CR 08-0730 WHA<br><br>**FURTHER REQUEST<br>FOR INPUT OF COUNSEL<br>RE CASE SCHEDULING** |

By **NOON ON MONDAY, JULY 12, 2010**, all counsel shall respond to the follow-up questions based on the Court's reading of all of the recent submissions, each response limited to twelve pages and all defense responses combined into one twelve-page submission. The Court thanks all counsel for their recent submissions.

 15. Do the 1870 recordings produced last April all relate to the BART homicide?

 16. If so, can these BART-homicide defendants be severed for a later trial? If not, specifically explain why not.

 17. If so, will all counsel agree that the 1870 recordings will not be used in the earlier trials of all other defendants? If not, specifically explain why not.

 18. What is the government's answer to the Haydee Claus timetable laid out at pages 7–8 of the defense memo (Dkt. 1880) and at pages 1–5 of the

defense objections to a January 2011 trial (Dkt. 1881)?  When does the government think this case can be ready for trial(s)?

19. Should there be an evidentiary hearing at which Agent Merandino will testify to answer the questions posed at defense memo pages 5 to 7 (Dkt. 1880)?  The government is ordered to answer those questions and if the answers are not specific enough, an evidentiary hearing may be held.

20. Even if the government has not specifically called out a cooperating witness as such, has it at least specifically identified each and every recording that includes that person's voice and called out his name as so included?        21. When the government says "known" to the government in its memorandum (Br. 2, 3, 8), does it mean known to *any* attorneys and/or *any* federal agents or does it mean only a smaller universe (such as the case agent and the prosecutors)?  Please be specific.

22. Did the government really identify 901 witnesses on its preliminary witness list?  How can a jury keep straight the testimony of even a fraction of so many witnesses, much less catalog the evidence as to each accused?  Why couldn't the government have narrowed this list — even as a preliminary list — by at least half?

23. Did Mr. Philipsborn clearly bring to the Hawaii court's attention the fact that the RICO trial was already scheduled for January 2011, a date previously reserved long ago (*see* Dkt. 998 at page 8)?

24. Beyond the above, each side should make any reply it wishes to the other's recent submission.

25. No matter what, the July 27 deadline will remain fixed as to any suppression motion as to which counsel is already on notice.  We must continue to make progress.  The same is true for any other deadline falling due by **SEPTEMBER 30, 2010**, under the June 17 revised scheduling order.

On or before **NOON ON JULY 14**, both sides may file replies to the replies, limited to six pages each.

**IT IS SO ORDERED.**

Dated:  July 6, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE