United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 08-0730 WHA |
| Plaintiff, | |
| v. | **SECOND REVISED ORDER SETTING FINAL SCHEDULE FOR ALL DEFENDANTS** |
| IVAN CERNA, *et al.*, | |
| Defendants. | |

## INTRODUCTION

This RICO/VICAR gang prosecution alleges 60 counts against 31 defendants supposedly members of the Mara Salvatrucha gang, also known as MS-13. The alleged offenses include racketeering conspiracy, conspiracy to commit murder, various crimes of violence, narcotics offenses, conspiracy to commit robbery, illegal possession and dealing of firearms and attempted exportation of stolen vehicles, among others. Given their large number, defendants were set for trial by chapters. They will still be tried by chapters but some relief is warranted as to the trial dates. Some relief is warranted to give the defense yet more time to translate and transcribe the many Spanish-language, poor-quality recordings made by ICE and others.

Six defendants who were not charged with RICO conspiracy — those with the simplest cases — have now been tried or pled guilty. They were Judith Sosa, Mauricio Urias, Jonathan Briez, Daniel Gonzalez, Rodil Nochez and Rene Montes-Mayorga.

Next, those defendants charged with RICO conspiracy but not the death penalty are to be tried (Dkt. 851). These include defendants Aristedes Carcamo, Marvin Carcamo, Wilbert Castillo, Ivan Cerna, Walter Cruz-Zavala, Moris Flores, Manuel Franco, Carlos Garrido, Douglas Largaespada, Melvin Maldonado, Rafael Montoya, Jose Quinteros, Mauricio Urias, Angel Noel Guevara, Giovanni Hernandez, Daniel Portillo and Danilo Velasquez. Their trial was set to begin on September 13, 2010, subject to possible severance of some to be tried on January 10, 2011. This is the main event that will be slipped due to the claimed need for more time to translate and transcribe the recordings.

Finally, those defendants for whom a death-penalty notice is eventually filed will proceed to trial last (Dkt. 851). There are six defendants who are eligible for the death penalty under the current indictment. These include defendants Guillermo Herrera, Walter Chinchilla-Linar, Luis Herrera, Erick Lopez, Jonathan Cruz-Ramirez and Cesar Alvarado. Any statutory notice of intent to seek the death penalty as to any defendant must still be filed by **SEPTEMBER 15, 2010, AT NOON,** failing which no such notice may be filed. If such a notice is filed, any and all defendants so notified shall be tried after the non-death accuseds. Any of the six death-eligible defendants for whom no death-penalty notice is filed will be tried with the other RICO defendants not facing the death penalty.

After much input by counsel, the scheduling order (Dkt. 998) is now revised as follows:

**1. SUMMARIES OF CO-CONSPIRATOR STATEMENTS AND 404(B) EVIDENCE.**

Local Rule 16-1(c) states that in addition to the information required by Federal Rule of Criminal Procedure 16, the government is required to disclose to defendants the following:

> **(3) Evidence of Other Crimes, Wrongs or Acts.** A summary of any evidence of other crimes, wrongs, or acts which the government intends to offer under FREvid 404(b), and which is supported by documentary evidence or witness statements in sufficient detail that the Court may rule on the admissibility of the proffered evidence; and
>
> **(4) Co-conspirator's Statements.** A summary of any statement the government intends to offer under FREvid 801(d)(2)(E) in sufficient detail that the Court may rule on the admissibility of the statement.

2

The government earlier objected to the production of co-conspirator statements, arguing that Local Rule 16-1(c)(4) contravenes Rule 16 of the Federal Rules of Criminal Procedure. As previously ruled, while Rule 16 does not expressly require the disclosure of summaries of co-conspirator statements, neither does it prohibit district courts from ordering additional pretrial disclosures that further the objectives of providing for the just determination of every criminal proceeding, securing simplicity in procedure and fairness in administration, and eliminating unjustifiable expense and delay. *See United States v. W.R. Grace*, 526 F.3d 499, 511 (9th Cir. 2008). Rule 16(d)(2) grants to district courts broad authority to regulate discovery, including the power to "enter any other order that is just under the circumstances." Rule 16(a)(1)(E) already mandates the disclosure of documents and objects that the government intends to use in its case-in-chief at trial or that are material to preparing the defense. Local Rule 16-1(c)(4) is consistent with this requirement.

The government also argued that Local Rule 16-1(c)(4) is inconsistent with the Jencks Act, 18 U.S.C. 3500. The Jencks Act provides in pertinent part:

> (a) In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

The government claims that Local Rule 16-1(c)(4) violates the Jencks Act because it supposedly mandates the disclosure of co-conspirators' witness statements prior to their direct testimony and requires the government to "essentially create Jencks Act material" by summarizing co-conspirators' statements.

The government's arguments were and remain rejected. Local Rule 16-1(c)(4) is not inconsistent with the Jencks Act because Local Rule 16-1(c)(4) requires the disclosure merely of *summaries* of co-conspirators' statements while the Jencks Act refers only to formal statements themselves as defined in Section 3500. In particular, the government is obligated to provide summaries of any co-conspirator statements which it intends to offer under Rule 801(d)(2)(E) in sufficient detail that the Court may rule on the admissibility of the statements. These summaries are not Jencks Act materials.

3

### 2. EXPERT DISCLOSURES AND *DAUBERT* MOTIONS.

On April 26, 2010, the government made its Rule 16(a)(1)(G) expert disclosures for 24 experts that the government intended to use in its case-in-chief in this RICO gang prosecution. Defendants moved to exclude the experts or to delay the filing of *Daubert* motions on the grounds that the government had not adequately disclosed the opinions about which its experts would testify, nor the foundation, bases and reasons for those opinions. On June 8, 2010 (Dkt. 1821), an order agreed that some of the government's expert disclosures were inadequate, in particular the disclosures for its proposed gang experts, electronics experts, and forensic specialist Niki Zamora. Given the trial continuance now granted defendants, the government was given a chance to submit revised gang expert disclosures for these experts, which the revised schedule will be repeated below.

For all other government experts, *Daubert* and other defense objections will still be heard on **AUGUST 4, 2010**. Many of the expert reports and summaries noticed for the main body of RICO defendants will presumably be directed at the death-notified defendants and they must bring their *Daubert* and other motions as to these materials on the same schedule as the main body of RICO defendants.

### 3. TRANSLATIONS AND TRANSCRIPTS.

For those RICO defendants not charged with the death penalty, the reciprocal deadline for final transcripts to be disclosed will be **49 CALENDAR DAYS** before trial. This deadline will apply to both the government and to defendants.

The burden is on defense counsel to prioritize the transcription/translation project so as to be ready for trial. The Court has promptly approved large CJA sums already and will continue to do so. Absent extraordinary circumstances, the trial date will not be moved again on this account. If all cannot be translated and transcribed, then counsel will need to prioritize the recordings of most interest. (The government has already listed the ones intended for its case-in-chief.) This case will be approaching the three-year mark in March 2011. The reasons for bringing criminal cases to trial promptly have already been compromised enough. A separate memorandum opinion will address this question.

4

# FINAL SCHEDULE

**1.     THE FIRST SIX DEFENDANTS.**

This phase is now completed.

**2.     MOTIONS DIRECTED AT THE PLEADINGS.**

With respect to all defendants other than the first six to be tried, all motions directed at the third indictment itself such as, without limitation, motions to dismiss or for a bill of particulars or for severance based on the face of the indictment, were to be filed by February 22, 2010, for hearing on March 8.   This set of motions has been decided.

**3.     RICO DEFENDANTS NOT FACING THE DEATH PENALTY.**

The trial of defendants who face RICO conspiracy charges but not the death penalty will begin on **MARCH 7, 2011.** It is possible that some of these defendants will plead guilty before trial. Depending on how many of them actually proceed to trial, it may be necessary to sever these seventeen defendants into two more manageable groups. If necessary, the second trial will begin promptly after the conclusion of the first. The parties, however, must comply with all deadlines as if all seventeen of these defendants will proceed to trial with the first group and will share the same final pretrial conference.

   A.     The deadline for all government expert disclosures required by Rule 16(a)(1)(G) has passed except as extended by the recent order dated June 8, allowing a further attempt by the government to comply with Rule 16(a)(1)(G). Most *Daubert* motions will be heard on **AUGUST 4, 2010**, as per previous orders. As to the government's proposed gang experts, however, electronics experts, and forensic specialist Niki Zamora, the government submitted revised gang expert disclosures. *Daubert* and other defense objections to these experts only must be filed by **NOON ON JULY 27, 2010**, for hearing on **SEPTEMBER 13, 2010, AT 1:30 P.M.**, with the oppositions due by **AUGUST 12, 2010**, and the replies due on **AUGUST 24, 2010**, each at **NOON**. Death-eligible defendants must also file any such motions on this schedule inasmuch as many, if not all, of these expert materials will presumably be used against them as well. (This is as per the recent

5

June 8 order.) As to all other government experts, the *Daubert* and objections deadline remains **JUNE 18.**

B. All suppression motions by a non-death defendant must also be brought by **JULY 27, 2010**, as previously repeated. Any opposition must be filed within **TWENTY-ONE CALENDAR DAYS** thereafter. Any replies must be filed within **SEVEN CALENDAR DAYS** thereafter. The hearing on all suppression motions will be **SEPTEMBER 13.** Any live testimony needed will be heard at a later date to be set. Any suppression motions based solely on information learned after July 27 may be brought thereafter so long as filed with prompt diligence.

C. The deadline for the government to provide a preliminary trial exhibit and preliminary witness list for its case-in-chief has already passed. All other government disclosures required by Rule 16(a)(1) must already have been made.

D. With respect to the RICO trial, the deadline has passed for the government to provide a complete, accurate, and detailed list of any recordings it intends to use in its case-in-chief and a separate index of all recordings provided in discovery setting forth the date of the conversation and, to the extent known, all participants in those conversations.

E. *Henthorn* material on all law enforcement witnesses whom the government anticipates calling must be produced to defense counsel at least **75 CALENDAR DAYS** before trial. All non-Jencks *Brady* information must also be disclosed to defense counsel at least **75 CALENDAR DAYS** before trial with the following exceptions:

>(1) Materials addressing the individuals specified in the government's *ex parte* submission shall be produced in accordance with the terms of the final protective order.

>(2) All non-Jencks *Brady* information relating to any specific government civilian witness shall be disclosed to defense

6

counsel **SEVEN CALENDAR DAYS** before trial. All non-Jencks *Brady* information for witnesses the government eventually elects *not* to call must be disclosed as soon as the government makes the election and at all events at least **SEVEN CALENDAR DAYS** before the government rests its case in chief. If it has subpoenaed them, the government must keep such witnesses under subpoena so that defendants shall when the time comes be in a position to call them in the defense case without delay.[1]

   (3) All other *Brady* information must be produced in time for its effective use at trial.

  F. **FORTY-NINE CALENDAR DAYS** before trial, all translations or transcripts of conversations or statements to be shown to or used with the jury *must be provided by both the government and defendants* to all other parties so that any motions directed to their admissibility may be heard before the trial.

  G. **FORTY-NINE CALENDAR DAYS** before trial, the government must fully comply with all requirements of Local Rule 16-1(c). The government must disclose a summary of any evidence of other crimes, wrongs, or acts which it intends to offer under Federal Rule of Evidence 404(b), and which is supported by documentary evidence or witness statements in sufficient detail that the Court may rule on the admissibility of the proffered evidence; and a summary of any co-conspirator's statement the government intends to offer in its case-in-chief under Federal Rule of Evidence 801(d)(2)(E) in sufficient detail that the Court may rule on the admissibility of the statement. Any notice required by Rules 12.1, 12.2 or 12.3 must be given at least 49 calendar days before trial.

---

[1] Example: Civilian witness can inculpate Defendant A and exculpate Defendant B. Prosecutor decides not to call witness after all but knows (or agent knows) witness can exculpate B. Prosecutor must not release witness from subpoena and must advise B's counsel of exculpatory evidence. The Court agrees that *Giglio* material need not be produced for police witnesses the government elects not to call.

7

H. **THIRTY-FIVE CALENDAR DAYS** before trial, the government must provide a final trial exhibit list and a final list of witnesses for its case-in-chief, including civilian witnesses except to the extent a prior court order has allowed postponement of such disclosure. If the list exceeds 75 names, then the list must also set forth the first twelve witnesses and the government's first twelve witnesses will be limited to those twelve. This is needed because the government listed over 900 witnesses in its preliminary list, which defeats the purpose of a disclosure list.

I. **THIRTY-FIVE CALENDAR DAYS** before trial, all Rule 16 defense reciprocal disclosures, including expert reports and summaries, must be produced to the government and all Rule 12.1 and 12.2 defense notices must be given, if any.[2]

J. The final pretrial conference for RICO defendants who not facing the death penalty will be held on **MONDAY, FEBRUARY 14, 2011, AT 8:00 A.M.** Except for motions otherwise addressed above, all motions shall be due **28 CALENDAR DAYS** before the conference with oppositions due **FOURTEEN CALENDAR DAYS** before the conference.

4. **DEATH-PENALTY DEFENDANTS.**

The burden is on counsel for defendants who are death-eligible to undertake the necessary efforts to find and obtain funding for all mitigation experts, mental health professionals and investigators to ensure that mitigation presentations can be completed before this deadline. The Court will respond promptly to any requests for CJA funding. If the government can decide sooner than the September 15 deadline for filing a notice of intent to seek the death penalty, all the better. If such a notice is filed, any and all defendants so notified shall be tried starting **SEPTEMBER 12, 2011**, subject to possible severances. Any of the six death-eligible defendants for whom no death-penalty notice is filed will be tried with the other RICO defendants who do not face the death penalty, in accordance with the schedule above.

---

[2] Rebuttal reports and summaries are not required by Rule 16(a)(1)(G), which specifically applies only to the government's "case-in-chief."

8

For any defendants for whom a death-penalty notice is filed the following schedule will apply:

  A. All government expert disclosures required by Rule 16(a)(1)(G) and pertaining *only* to a notified defendant must be made by no later than **FEBRUARY 28, 2011**. By the same date, the government must produce a complete, accurate, and detailed list of any recordings it intends to use in its case-in-chief and a separate index of all recordings provided in discovery setting forth the date of the conversation and, to the extent known, all participants in those conversations. By the same date, the government also shall provide all counsel with a preliminary trial exhibit and preliminary witness list for its case-in-chief. All other government disclosures required by Rule 16(a)(1) must be made by the same date regardless of whether they have elected to become eligible to receive protected information under the terms of the final protective order.

  B. By **APRIL 25, 2011**, all defendants as to whom a death notice is made must file all *Daubert* motions or other motions related to the government's expert designations. All suppression motions must be brought by this date. Any opposition are due **FOURTEEN CALENDAR DAYS** later. Replies are due **SEVEN CALENDAR DAYS** after that. A hearing will be held on **JUNE 22, 2011.** Again, many of the expert reports and summaries noticed for the main body of RICO defendants are directed at the death-notified defendants and they must bring their *Daubert* and other motions, as to these materials, on the same schedule as the main body of RICO defendants. In other words, those expert materials will not be relitigated for the death-eligible defendants.

  C. By **APRIL 25, 2011**, the parties shall submit proposals regarding the timing and contents of venire questionnaires.

  D. By **APRIL 25, 2011**, the government must provide to defense counsel all *Henthorn* material on law enforcement witnesses whom the

9

government anticipates calling.  All non-Jencks *Brady* information must be disclosed to defense counsel by the same date with the following exceptions:

    (1)    Materials addressing the individuals specified in the government's *ex parte* submission shall be produced in accordance with the terms of the final protective order.

    (2)    All non-Jencks *Brady* information relating to any specific government civilian witness shall be disclosed to defense counsel **SEVEN CALENDAR DAYS** before trial.  All non-Jencks *Brady* information for witnesses the government eventually elects *not* to call must be disclosed as soon as the government makes the election and at all events at least **SEVEN CALENDAR DAYS** before the government rests its case-in-chief.  If it has subpoenaed them, the government must keep such witnesses under subpoena so that defendants shall when the time comes be in a position to call them in the defense case without delay (see footnote 1).

    (3)    All other *Brady* information must be produced in time for its effective use at trial.

E.    By **APRIL 25, 2011**, all translations or transcripts of conversations or statements to be shown to or used with the jury must be provided to all other parties by both the government and defendants and any motions directed to their accuracy shall be heard at the pretrial conference.

F.    By **APRIL 25, 2011**, the government must fully comply with all requirements of Local Rule 16-1(c).  The government must disclose a summary of any evidence of other crimes, wrongs, or acts which it intends to offer under Federal Rule of Evidence 404(b), and which is supported by documentary evidence or witness statements in sufficient detail that the Court may rule on the admissibility of the proffered evidence; and a summary of any co-conspirator's statement the government intends to offer under Federal Rule of Evidence

10

801(d)(2)(E) in sufficient detail that the Court may rule on the admissibility of the statement.

    G.    By **JULY 29, 2011**, the government must provide a final trial exhibit list and a final list of witnesses for its case-in-chief, including all civilian witnesses except to the extent a prior court order has allowed postponement of such disclosure.

    H.    By **JUNE 30, 2011**, all Rule 16 defense reciprocal disclosures, including expert reports and summaries, must be produced to the government and all Rule 12.1, 12.2 and 12.3 defense notices must be given, if any.

    I.    The final pretrial conference shall be held on **AUGUST 31, 2011, AT 8:00 A.M.** All motions other than those specified above must be made **28 CALENDAR DAYS** before this conference, including motions to exclude any co-conspirator statement or Rule 404(b) evidence, government motions directed at defense experts, any other motions to exclude specific evidence or witnesses and any motions for severance other than Rule 8 motions. Oppositions will be due **FOURTEEN CALENDAR DAYS** before the conference.

**IT IS SO ORDERED.**

Dated: July 15, 2010.

    WILLIAM ALSUP
    UNITED STATES DISTRICT JUDGE

11