IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>IVAN CERNA, *et al.*,<br><br>Defendants.<br>                                                          / | No. CR 08-0730 WHA<br><br>**RESPONSE TO DEFENDANT LUIS HERRERA'S REQUEST FOR CLARIFICATION RE JULY 6 ORDER GRANTING RULE 17(c) SUBPOENAS** |

Defendant Luis Herrera requests clarification regarding the "apparent discrepancy" between: (1) the deadline for the undersigned to disclose subpoenaed materials to defendants after *in camera* review; and (2) the deadline for the government to disclose *Henthorn* materials to defendants (Dkt. No. 2005).

On July 6, 2010, the undersigned issued an order granting applications for subpoenas requesting production of personnel and complaint records of various state and local police officers (Dkt. No. 1892).[1] The order specified that the subpoenaed agencies were to produce the requested materials within 28 days of service to the undersigned, who would then disclose the responsive materials to defendants no later than 21 days before each defendant's final pretrial conference (*ibid.*). The materials were thus scheduled to be disclosed to defendants at least 42

---

[1] The subpoenas were requested by defendants Erick Lopez, Luis Herrera, Rafael Montoya, and Walter Cruz-Zavala.

1  days before trial (for defendants against whom the government does not seek the death penalty) or
2  33 days before trial (for defendants against whom the government files a death penalty notice).[2]

3  On July 15, 2010, the undersigned issued a second revised scheduling order specifying
4  that the government must disclose *Henthorn* materials no later than 75 days before trial (for
5  defendants against whom the government does not seek the death penalty) or 140 days before trial
6  (for defendants against whom the government files a death-penalty notice) (Dkt. No. 1921).

7  The "discrepancy" between these deadlines is intentional. The disclosure deadline
8  established in the July 6 order is the deadline for *the Court* to complete its *in camera* review of
9  subpoenaed materials from *state and local agencies* and disclose responsive materials to
10 defendants. The deadline in the second revised scheduling order is the deadline for *the*
11 *government* to disclose *Henthorn* materials directly to defendants. The ultimate deadline for
12 disclosure will remain unchanged from the deadline set in the July 6 order. The undersigned will,
13 however, disclose responsive materials on a rolling basis as the *in camera* review is completed.

14 Counsel for the subpoenaing defendants must be mindful of the need to have a protective
15 order in place to ensure that the disclosed materials will only be used in the instant matter.
16 Counsel for subpoenaing defendants are to work with counsel for the subpoenaed agencies to
17 submit proposed stipulated protective orders regarding use of the disclosed materials.

20 Dated: August 3, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

---

[2] The final pretrial conference for defendants against whom the government does not seek the death penalty will occur 21 days before trial (Dkt. No. 1921). The final pretrial conference for defendants against whom the government files a death penalty notice will occur 12 days before trial (*ibid*.).