IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LUIS HERRERA, *et al.*,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　／ | No. CR 08-0730 WHA<br><br>**ORDER DENYING DEFENDANT LUIS HERRERA'S REQUEST FOR AN EXTENSION OF THE GOVERNMENT'S DEATH PENALTY NOTICE DEADLINE** |

## INTRODUCTION

Defendant Luis Herrera requests an extension of the deadline by which the government is required to provide notice regarding whether it will seek the death penalty against him. For the following reasons, Mr. Herrera's request is **DENIED**.

## STATEMENT

The original indictment was filed on October 16, 2008. The second superseding indictment was filed on January 29, 2009. For the defendants charged in these indictments, the deadline for the government to provide statutory notice of any intent to seek the death penalty was November 16, 2009 (Dkt. No. 265).

On September 24, 2009, Mr. Herrera was named as a defendant in the third superseding indictment. Learned counsel for Mr. Herrera was appointed on October 27, 2009.[1] Accordingly, the deadline for the government to provide statutory notice of any intent to seek the death penalty was extended to September 15, 2010 (Dkt No. 851).

---

[1] Second counsel for Mr. Herrera was appointed on April 23, 2010.

**ANALYSIS**

Counsel for Mr. Herrera, along with Mr. Herrera's investigator and mitigation specialist, have had ample time to make a presentation to the government, and still have time do so. Learned counsel was appointed almost eleven months before the government's deadline to provide notice of whether it intends to seek the death penalty against Mr. Herrera. Learned counsel was thus given almost the same amount of time to prepare a presentation to the government that counsel for other death-eligible defendants were originally given. Counsel for other death-eligible defendants were only given additional time because the overall deadline was extended *due to Mr. Herrera's addition to the case*. Although Mr. Herrera now complains that other counsel have had additional time to prepare, this windfall to other death-eligible defendants should not be begrudged. As Mr. Herrera himself explains, the government's determination of whether to seek the death penalty focuses on personal, individual information about each defendant — the presentations are not in competition with one another.

Additionally, the undersigned has promptly ruled on all CJA requests from Mr. Herrera, approving almost all. Mr. Herrera has been on notice of the government's deadline since November of last year. If there was ever a concern regarding counsel's ability to make a presentation before the deadline, counsel were free, and counsel still is free, to apply for additional CJA funds for additional resources to assist them in preparing a presentation to the government.

Counsel for Mr. Herrera threaten that if the undersigned declines to extend the government's deadline to provide notice of any intention to seek the death penalty against Mr. Herrera, "the government will make its death-penalty determination without having heard from defense counsel." (Dkt. No. 2027 at 11). The undersigned urges counsel for Mr. Herrera not to forgo the opportunity to make a presentation to the government. If, however, counsel for Mr. Herrera decline to make a presentation, this would not violate Mr. Herrera's due process rights or the Eight Amendment. Neither the Due Process Clause nor the Eighth Amendment give defendants a right to give input on prosecutorial discretion.

Similarly, defense counsel's failure to make a presentation to the government would not

violate the strictures of the United States Attorneys' Manual.  As Mr. Herrera's counsel highlight, the United States Attorneys' Manual only requires that counsel be afforded a reasonable *opportunity* to make a presentation.  *See* USAM § 9-10.050 (stating that the United States Attorney's Office "shall give counsel for the defendant a *reasonable opportunity* to present any facts, including an mitigating factors") (emphasis added); *id*. at § 9-10.120 ("No final decision to seek the death penalty shall be made if defense counsel has not been afforded an *opportunity* to present evidence and argument in mitigation.") (emphasis added).

This massive prosecution has been pending for almost two years.  The undersigned has been clear that for the orderly progress of this case, it is essential that there be a deadline after which the government may not elect to seek the death penalty, and the undersigned has the authority to impose case management orders that ensure such orderly progress.  *See United States v. W.R. Grace*, 526 F.3d 499 (9th Cir. 2008) (*en banc*).  In the past, when a deadline was extended for one defendant, other defendants raised the same request for an extension.  There is no doubt that if the deadline is extended for Mr. Herrera, the other death-eligible defendants will also make an application for an extension, and the trial date may need to be continued for a third time.

If the government elects to seek the death penalty against Mr. Herrera, Mr. Herrera will continue to be afforded full due process rights before and at the trial itself — which will not occur until September 2011.  Defense counsel may not hold these proceedings hostage by refusing to make a presentation to the government and claiming that their refusal to make a presentation violates Mr. Herrera's rights.

**CONCLUSION**

For the foregoing reasons, Mr. Herrera's application for an extension of the government's death penalty notice deadline is **DENIED**.  There is no need for a response from the government as the undersigned has fully considered the "*ex parte*" application and has found it lacking in merit.

**IT IS SO ORDERED.**

Dated: August 5, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3