1 | ROSE L. ZIMMERMAN, State Bar No. 199778
City Attorney
2 | KELLY SCHOTT, State Bar No. 197514
Assistant City Attorney
3 | RHEAN FAJARDO, State Bar No. 227217
Deputy City Attorney
4 | City of Daly City
333 90th Street
5 | Daly City, CA 94015

6 | Attorneys for Real Party in Interest Daly City Police Department

7

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

10 | UNITED STATES OF AMERICA,                    CASE NO.: CR-08-0730WHA

                              Plaintiff,        STIPULATION AND [PROPOSED]
11 |                                             ORDER RE *IN CAMERA* REVIEW AND
         v.                                     PROTECTIVE ORDER CONCERNING
12 |                                             DOCUMENTS PRODUCED PURSUANT
                                                TO SUBPOENA
13 | IVAN CERNA ET AL.,

                              Defendant,
14 |
     DALY CITY POLICE DEPARTMENT,               Dept:    9
15 |                                             Judge:   Hon. William H. Alsup
                              Real Party in Interest.
16

17

18 |        This Court has ordered the production of specified personnel file information sought by

19 | Luis Herrera, a defendant in the above-captioned matter.  In order to avoid the necessity of a

20 | court hearing and determination, it is hereby STIPULATED and AGREED that the Court

21 | shall conduct an *in camera* review of the personnel records of  certain Daly City police

22 | officers for records that reflect any instance of relevant conduct, as described in Attachment A

23 | to the subpoena.

24 |        Moreover, in order to protect privacy rights and official information from unwarranted

25 | disclosure, it is further STIPULATED and AGREED that any documents produced pursuant

to the Court's order for production shall be subject to the following Protective Order:

1

PROTECTIVE ORDER

1. Attorneys for the parties shall personally secure and maintain the protected documents in their possession to the end that said protected documents are to be used only for the purposes set forth below and for no other purpose.

2. The protected documents shall be used only in preparation for and in the prosecution or defense of this case, pending the completion of the judicial process including appeal. The protected documents will remain protected from disclosure after completion of the judicial process in this matter.  Said documents shall not be disseminated publicly.  All documents, if filed with the court shall be filed under seal absent court order with notice to all parties.  All documents produced pursuant to this Order shall be returned to the court under seal at the conclusion of this litigation.

3. If, in the judgment of the attorneys for the parties in this case it is necessary and consistent with the purposes set forth in paragraph 2 above, contents of the protected documents may be shown or revealed to the court, expert witnesses and investigators for the parties, the parties to this lawsuit, staff of counsel, court reporters and the court in connection only with their  duties in this case, to persons involved in Internal Affairs investigations as complainant or witness, and to no other persons.  While copies of said documents may be shown to persons connected with any such Internal Affairs complaints, copies may not be retained by such persons.

4. Each person receiving a copy of a protected document shall, before being given a copy, be given a copy of this Protective Order and a compliance agreement (in the form attached hereto as Exhibit "A") and shall execute the compliance agreement, and return the original of the compliance agreement to the attorney who gives him/her the copy of the protected document.  It shall be the responsibility of the respective attorneys to distribute compliance agreements, and then collect and maintain custody of the

Case No. CR-08-0730WHA

executed originals of the compliance agreements.  At the conclusion of legal

proceedings in this matter, each person who has received a copy of a protected

document shall return all such protected documents to the attorneys for the party who

gave him/her the copy of the protected document.

5.  The attorneys for the parties shall not cause or knowingly permit disclosure of the

contents of the protected documents beyond the disclosure permitted under the terms

and conditions of this order.

6.  Protected documents under this Order shall be clearly marked by means of a stamp

indicating "Confidential Subject to Protective Order".

IT IS SO STIPULATED.

DATED:  August 5, 2010                    ROSE L. ZIMMERMAN
                                          CITY ATTORNEY

                                           /s/  Kelly Schott
                                          KELLY SCHOTT
                                          Attorneys for the Daly City Police Department


DATED:  August 5, 2010                     /s/ Josh A. Cohen
                                          JAMES S. THOMSON
                                          JOSH A. COHEN
                                          Attorneys for LUIS HERRERA



**ORDER**

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.


Dated:  August 9, 2010.                   _____
                                          WILLIAM H. ALSUP
                                          UNITED STATES DISTRICT JUDGE

3                           Case No. CR-08-0730WHA

EXHIBIT A

COMPLIANCE AGREEMENT


I, _____, do solemnly swear that I have received a copy of and am fully familiar with the terms of the PROTECTIVE ORDER in the case of <u>United States of America v. Ivan Cerna, et al</u>, Case No. CR-08-0730WHA, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of the Court.  I hereby consent to the jurisdiction of said Court for purposes of enforcing such Order.


Dated: _____, 20____


_____
Sign Name

_____
Print Name

_____
Address

_____

(___)_____
Phone Number

Case No. CR-08-0730WHA