1

2

3

4

5

6
                    IN THE UNITED STATES DISTRICT COURT

7
                FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9

10   UNITED STATES OF AMERICA,                     No. CR 08-0730 WHA

11              Plaintiff,

12     v.                                          **ORDER FOR MORE PARTICULARS
                                                   AND OTHERWISE DENYING
13   IVAN CERNA, *et al*.,                         MOTION TO DISMISS COUNT 4**

14              Defendants.

15   _____/

16                              **INTRODUCTION**

17         Count 4 of the third superseding indictment, filed on September 24, 2009, charges

18   defendants Ivan Cerna, Marvin Carcamo, Angel Guevara, Moris Flores, Walter Chinchilla-Linar,

19   Cesar Alvarado, Danilo Velasquez, Giovanni Hernandez, Walter Cruz-Zavala, Carlos Garrido,

20   Douglas Largaespada, Aristedes Carcamo, Rafael Montoya, Wilbert Castillo, Jose Quinteros,

21   Melvin Maldonado, and Manuel Franco with using, carrying, and/or possessing a firearm in

22   furtherance of a crime of violence, in violation of 18 U.S.C. 924(c) and 18 U.S.C. 2.

23         Defendant Moris Flores now moves to dismiss with prejudice Count 4, on the grounds

24   that it is so vague, overbroad, and non-specific that it does not provide him with sufficient notice

25   to adequately prepare his defense.  Mr. Flores also argues that Count 4 should be dismissed as a

26   sanction against the government for its willful violation of prior orders.  Defendants Cesar

27   Alvarado, Aristedes Carcamo, Wilbert Castillo, Ivan Cerna, Walter Chinchilla-Linar, Walter

28

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

Cruz-Zavala, Manuel Franco, Angel Noel Guevara, Giovanni Hernandez, Melvin Maldonado, Rafael Montoya, and Jose Quinteros move to join in Mr. Flores' motion.[1]

For the following reasons, defendants' motion to dismiss Count 4 is **DENIED**.  Although the government's bill of particulars does not offer adequate specificity regarding Count 4 in some instances, these shortcomings do not warrant a dismissal of Count 4.  Instead, the government is ordered to supplement its bill of particulars with respect to Count 4, as detailed below, by **SEPTEMBER 13, 2010**.

**STATEMENT**

The government has twice been ordered to provide more specificity regarding Count 4. The government was first ordered to provide more specificity regarding Count 4 when defendants' motion for a bill of particulars for the second superseding indictment was granted in part (Dkt. No. 632).  With respect to Count 4, the government was ordered to "plead enough detail to fairly apprise each defendant of the incidents of possession or use with which he is charged" and to "clarify whether each defendant is charged with carrying, possessing, brandishing, or discharging a gun or guns; whether each is charged with direct or constructive possession, or both; whether each is charged with principal liability, aiding or abetting or both; and where known, the model of each weapon" (*id.* at 5).  Instead of providing a bill of particulars, the government filed a third superseding indictment and claimed that defendants' request for a bill of particulars was thus rendered moot.  Although the third superseding indictment incorporated new overt acts, some of which involve allegations about firearms, it re-alleged Count 4 using substantially identical language as the second superseding indictment — language that was previously ruled to be insufficient.

As a result of the government's failure to provide adequate specificity in the third superseding indictment, the undersigned had to again order the government to provide a bill of particulars with regard to Count 4 (Dkt. No. 1604 at 4–5).  Pursuant to this order, the government filed a bill of particulars on April 26, 2010 (Dkt. No. 1655).

---

[1]  All motions to join the instant motion are **GRANTED**.  All references to "defendants" hereinafter refer to defendant Flores and all joining defendants.

United States District Court

For the Northern District of California

1    In its bill of particulars, the government explained its theory that MS-13 maintained a

2    "gun library" of firearms that MS-13 members could access and that each defendant is liable for

3    the firearms contained in the "gun library" during the time he was a part of the RICO

4    conspiracy (*id*. at 9).  Accordingly, the government specified the make and model of firearms

5    that the government alleged were part of the "gun library" and the date-range that each firearm

6    was made available.  For each defendant, the government also specified whether that defendant

7    was charged with carrying or possessing a gun, or both; the type of possession charged (direct,

8    constructive, or both); and the theory of liability (principal liability, aiding and abetting

9    liability, or both) (*id*. at 8–9).  With the exception of five defendants, every defendant charged

10   with Count 4 was charged with carrying a firearm, constructively possessing a firearm, and

11   directly possessing a firearm, as both a principal and an aider and abettor (*ibid*.).  The five

12   remaining defendants, defendants Cerna, Montoya, Quinteros, Maldonado, and Molina, were

13   only charged with constructively carrying or possessing a firearm, as both principals and aider

14   and abettors (*ibid*.).  Finally, the government also identified "specific instances" in which each

15   defendant allegedly possessed a weapon (*id*. at 11–13).

**ANALYSIS**

16

17   **1.    ADEQUACY OF NOTICE.**

18   Despite the government's bill of particulars, defendants move to dismiss Count 4 on the

19   grounds that the charging language of the third superseding indictment is too vague to afford

20   defendants the notice required by the Due Process Clause of the Fifth Amendment.  Although

21   the bill of particulars provides details regarding the body of firearms purportedly possessed by

22   defendants and a list of specific instances of possession, defendants argue that they are entitled

23   to further detail regarding: the firearms allegedly possessed for each specific instance of

24   possession; whether each defendant is charged as a principal or aider and abettor for each

25   specific instance of possession; whether each defendant is charged with actual or constructive

26   possession for each specific instance of possession; and if applicable, which alleged accomplice

27   possessed the firearm at issue and when.

28

United States District Court

For the Northern District of California

*First*, although defendants complain that the bill of particulars charges them with "every existing theory of liability, for every type of act punishable under the statute," the government is permitted to charge multiple theories of liability. *See United States v. Renteria*, 557 F.3d 1003, 1008 (9th Cir. 2009). The government is permitted to charge a defendant with both being a principal *and* an aider and abettor, and may charge a defendant with both actual *and* constructive possession. This is reflected in prior orders requiring the government to clarify whether each defendant is "charged with direct or constructive possession, *or both*; . . . principal liability, aiding or abetting, *or both* . . . " (Dkt. Nos. 632, 1604) (emphases added). Moreover, in his reply brief and at the August 4 hearing, defendant Flores conceded that his motion does not ask the government to charge a single theory of liability (Reply Br. 2).

*Second*, defendants are "not entitled to know all the *evidence* the government intends to produce but only the *theory* of the government's case." *United States v. Ryland*, 806 F.2d 941, 942 (9th Cir. 1986) (citation omitted). The purpose of a bill of particulars is: (1) to inform the defendant of the nature of the charge against him with sufficient precision to allow the defendant to adequately prepare for trial; (2) to avoid or minimize the danger of surprise at trial; and (3) to protect against double jeopardy. *United States v. Ayers*, 924 F.2d 1468, 1483 (9th Cir. 1991) (citations omitted). In general, the government's bill of particulars achieves these ends and provides defendants with adequate notice. The government's bill of particulars provides a list of specific, *dated* instances of possession for each defendant, and in most instances, provides some additional detail about each instance — such as the type of weapon or where or how the possession occurred. For these specific instances, defendants have adequate detail regarding the charges against them, in addition to the government's general charge that each defendant constructively possessed the "library" of guns allegedly maintained by MS-13.

Although defendants complain that the government has not provided adequate information regarding which gun each defendant is charged with possessing for each specific instance of possession, such specificity is not required. Even where the bill of particulars does not specify which gun was used in a specific instance, the government provides enough detail in most instances to give the relevant defendant sufficient notice of the charges against him. Yes,

United States District Court

For the Northern District of California

a particular gun may not be called out.  But the trial witnesses may well be able to say no more than they saw a certain defendant shooting a gun.  That would be enough to prove that a defendant shot a gun and therefore had a gun.  The government does not have to prove the particular weapon.  If, however, the government tries to go beyond the general and prove a specific weapon was used, then it may well be barred from doing so by virtue of its generalized answer to the court-ordered bill of particulars.

Similarly, defendants have sufficient notice regarding "specific instances" where a defendant supposedly talked about guns at a gang meeting, paid money or collected money at a gang meeting to purchase guns, or attended a gang meeting wherein guns were discussed.  These specific instances provide specific dates on which the alleged conduct occurred, a description of the alleged conduct, and the "location" of the conduct — an alleged MS-13 gang meeting.  Although defendants Cerna and Maldonado point out in their joinders that these specific instances do not indicate which guns discussed at these meetings were actually obtained by MS-13, such specifics are not required to prove a defendant discussed guns or paid money for guns at a gang meeting (Dkt. No. 1879).  Again, the government may well be barred from proving a specific gun was thereafter obtained or purchased, given the generality of its bill of particulars on these issues.

**2.     AREAS WHERE THE GOVERNMENT MUST PROVIDE FURTHER DETAIL.**

Although the government's bill of particulars is largely sufficient, there are a few areas in which the government's bill of particulars fails to provide sufficient notice.

**A.     All Defendants.**

Although the government has twice been ordered to specify which defendants are charged with brandishing or discharging the firearm that was allegedly used, carried, or possessed in violation of 18 U.S.C. 924(c)(1)(A), the government's bill of particulars still fails to provide this information (Dkt. Nos. 632, 1604).

If a defendant is found to have brandished the firearm that he allegedly used, carried, and/or possessed in furtherance of a crime of violence, the defendant's minimum sentence for violating 18 U.S.C. 924(c)(1)(A) is increased from 5 years to 7 years.  18 U.S.C.

924(c)(1)(A)(ii).  Likewise, if a defendant is found to have discharged the firearm, the defendant's minimum sentence for violating 18 U.S.C. 924(c)(1)(A) is increased to 10 years. 18 U.S.C. 924(c)(1)(A)(iii).

Although the government provides a list of specific instances of alleged possession for each defendant, this list does not provide enough information to put each defendant on notice as to whether he is additionally charged with brandishing or discharging the firearms that he allegedly used, carried, or possessed.  The government is therefore **ORDERED** to amend its bill of particulars to specify which defendants are being charged with brandishing or discharging a firearm and under what theory of liability.  If no such amendment is made, the charge that any defendant brandished or discharged a firearm in furtherance of a crime of violence, besides those defendants listed in the bill of particulars as shooting a firearm, will be stricken from the third superseding indictment.

Defendants Guevara, Flores, Chinchilla-Linar, Cruz-Zavala, and Castillo are listed in the bill of particulars as having shot a firearm (Dkt. No. 1655 at 12–13).  Accordingly, even if the government does not amend its bill of particulars, the current bill of particulars makes clear that these defendants are charged with discharging a firearm.

**B.    Moris Flores**.

Defendant Flores specifically complains that the following "specific instances" of possession are too vague for Mr. Flores to investigate a defense to the charges against him:

- "June 2004, shot at suspected Nortenos in another car";
- "3/15/08, possessed a gun";
- "3/16/08, he and others possessed a weapon for the purpose of killing D. Largaespada";
- "4/22/08, shot someone with a .22 caliber weapon"; and
- "5/17/08, he and others thr[e]w gang signs at rivals and point[ed] a gun at them."

Although each of these alleged instances of possession contains some description of the charged conduct, and with the exception of one instance, offers the specific date on which the conduct allegedly occurred, the alleged instances do not provide Mr. Flores with adequate notice so that

United States District Court
For the Northern District of California

6

United States District Court

For the Northern District of California

he may prepare his defense.  It is understandable that the government may, for security reasons, be unable to identify the victim of the crime at this stage of the litigation or is unwilling to disclose Jencks Act material before it is required to do so.  The government must, however, offer some additional detail that will allow Mr. Flores to adequately prepare his defense.  Each of these specific instances is discussed in turn.

*First*, the claim that Mr. Flores shot at suspected Nortenos in another car in June 2004 is far too vague for Mr. Flores to investigate a defense.  Without some further detail regarding where the shooting allegedly occurred, Mr. Flores will not be able to adequately investigate the charges against him.  The government is thus **ORDERED** to provide the location where the shooting allegedly occurred.

*Second*, the claim that Mr. Flores "possessed a gun" on March 15, 2008, is also too vague to afford Mr. Flores proper notice.  The government is **ORDERED** to provide the place or places where Mr. Flores was seen with a gun on March 15, 2008.

*Third*, the claim that Mr. Flores "shot someone with a .22 caliber weapon" on April 22, 2008, does not provide Mr. Flores with enough notice to prepare a defense.  The government is **ORDERED** to provide the location of where the shooting allegedly occurred.

*Fourth*, the claim that Mr. Flores "and others possessed a weapon for the purpose of killing D. Largaespada" on March 16, 2008, is also inadequate.  The government is **ORDERED** to provide the location or locations where Mr. Flores or "others" were witnessed possessing the weapon.  The government is also **ORDERED** to specify whether Mr. Flores is being charged with direct possession for the incident or whether he is being charged with constructive possession and/or with aiding and abetting liability.

Finally, the claim that on May 17, 2008, Mr. Flores "and others thr[e]w gang signs at rivals and point[ed] a gun at them" does not provide Mr. Flores adequate notice to prepare his defense.  The government is **ORDERED** to provide the location of where the incident occurred.  The government is also **ORDERED** to specify whether Mr. Flores himself allegedly pointed the gun at the "rivals" or whether Mr. Flores is being charged with constructive possession and/or with aiding and abetting liability.  Notably, defendants Walter Chinchilla-Linar and Giovanni

United States District Court

For the Northern District of California

Hernandez are charged with the same specific instance of possession.  Thus, the government is also **ORDERED** to specify whether either Mr. Chinchilla-Linar or Mr. Hernandez allegedly pointed the gun or whether they are being charged with constructive possession and/or aiding and abetting liability.

       **C.**     **Joining Defendants.**[2]

      In addition to the specific instances challenged by Mr. Flores in his motion, an examination of the bill of particulars revealed its failure to provide adequate specificity for the following specific instances of possession for the remaining defendants who joined Mr. Flores' motion:

- Giovanni Hernandez: "early 2008, possessed a gun";
- Manuel Franco: "2005, possessed handgun for use of the gang"; and
- Walter Cruz-Zavala: "late 2007-early 2008, shot a Norteno with a .357 caliber handgun."

Each of these aforementioned "specific instances" provides an overly broad span of time in which the charged defendant is alleged to have possessed a gun.  Without further detail, the charged defendant will be unable to prepare a defense.  For each of these specific instances, the government is thus **ORDERED** to provide a more specific date or date range during which the alleged possession occurred.  The government is also **ORDERED** to provide the location of where each incident occurred or where the possession was witnessed.

      Additionally, the following specific instances of possession suffer from the same lack of specificity as do the instances of possession successfully challenged by defendant Flores.  These specific instances should accordingly be revised to provide the charged defendant with adequate notice sufficient to prepare a defense:

- Angel Noel Guevara: "7/26/06, shot someone, and gun found on his person";
- Giovanni Hernandez: "7/1/09, possessed a gun";

---

[2] Joinders to the instant motion did not provide additional facts or briefing to justify any relief beyond the relief outlined in this order.

United States District Court

For the Northern District of California

1    •   Walter Cruz-Zavala: "possessed a .380 caliber handgun in or about April and

2        May 2008"; and

3    •   Wilbert Castillo: "shot a Norteno, after a gang meeting."

4    For these incidents, the government is **ORDERED** to provide the location of where the incident

5    occurred or where the possession was witnessed.

6        Finally, in two instances, the government has charged direct possession although its bill

7    of particulars provides no detail as to when, where, or how the particular defendant is alleged to

8    have directly possessed a firearm.  In the first instance, defendant Cesar Alvarado is charged

9    with direct possession, although page 12 of the bill of particulars notes that there are "no

10   specific instances of direct possession" for Mr. Alvarado.  In the second instance, defendant

11   Aristedes Carcamo is charged with direct possession, but, oddly, there are no specific instances

12   of possession listed in the bill of particulars that indicate any instances of direct possession by

13   Mr. Carcamo.  Without further detail, Mr. Alvarado and Mr. Carcamo do not have adequate

14   notice regarding the direct possession charges.  The government is thus **ORDERED** to amend its

15   bill of particulars to address these inconsistencies.  Specifically, the government should either

16   specify the specific instances of alleged possession that have led it to charge these defendants

17   with direct possession, or it must amend its bill of particulars to remove its charges of direct

18   possession for these defendants.

19       **3.    DISMISSAL IS INAPPROPRIATE.**

20       Defendants urge the Court to exercise its supervisory power and dismiss Count 4 as a

21   sanction for the government's history of failing to comply with orders, which defendants

22   characterize as prosecutorial misconduct.  In deciding whether to exercise its supervisory

23   powers to dismiss an indictment, a district court should consider the egregiousness of the

24   prosecutor's misconduct and the availability of less drastic sanctions.  *United States v.*

25   *McClintock*, 748 F.2d 1278, 1284 (9th Cir. 1984) (citation omitted).

26       Although the government has admittedly failed to meet deadlines in a timely fashion in

27   the past, these failures have not resulted in unremedied prejudice to defendants, especially since

28   the trial date in this matter has been delayed on numerous occasions at defendants' request.

9

1    Moreover, although the government's bill of particulars lacks specificity in some respects, there

2    is no indication that this failure was the result of willful misconduct deserving of a dismissal

3    sanction.

### CONCLUSION

5         For the foregoing reasons, defendants' motion to dismiss Count 4 of the third

6    superseding indictment is **DENIED**.  As detailed above, however, the government must

7    supplement its bill of particulars by **SEPTEMBER 13, 2010**, to:

8         (1)    Specify which defendants are being charged with brandishing or discharging a

9                firearm and under what theory of liability; and

10        (2)    Provide further detail regarding the specific instances of possession discussed

11               above for Mr. Flores and the joining defendants.

12        If the government does not supplement its bill of particulars to address the

13   aforementioned issues by **SEPTEMBER 13, 2010,** any relevant charges will be stricken from

14   Count 4 of the third superseding indictment.

16        **IT IS SO ORDERED.**

18   Dated:  August 11, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

10