IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>IVAN CERNA, *et al*.<br><br>    Defendants.<br>_____ / | No. CR 08-0730 WHA<br><br>**ORDER GRANTING IN PART MOTION TO EXCLUDE EXPERT TESTIMONY FROM HOANG, FUNG, AND ROGERS** |

## INTRODUCTION

Defendant Luis Herrera moves to exclude expert testimony from Cynthia Fung, Annie Hoang, and Dr. Thomas Rogers (Dkt. No. 1850).[1] For the following reasons, Mr. Herrera's motion is **GRANTED IN PART**.

## STATEMENT

The government's FRCrP 16(a)(1)(G) expert disclosures identified Cynthia Fung, Annie Hoang, and Dr. Thomas Rogers as potential expert witnesses to be called at trial. Ms. Hoang, a criminalist working for the San Mateo County Sheriff's Office Forensic Lab, was offered by the government to testify about participating in the examination of the Moises Frias homicide scene in the Daly City BART station vicinity, and her observations of the crime scene (EXPERT000154). Ms. Fung, also a criminalist working for the San Mateo County Sheriff's Office Forensic Lab, was offered by the government to testify about her observations of the

---

[1] Defendants Alvarado, Aristedes Carcamo, Castillo, Cerna, Chinchilla-Linar, Cruz-Ramirez, Cruz-Zavala, Flores, Franco, Guevara, Hernandez, Guillermo Herrera, Lopez, Maldonado, Portillo, and Quinteros move to join in this motion. These joinder motions are **GRANTED**.

1  Moises Frias crime scene and her analysis of DNA from the scene (EXPERT000068).  Dr.
2  Rogers, a medical doctor who performs autopsies for San Mateo and Alameda counties, was
3  offered by the government to testify as to the cause of death and injuries sustained by Moises
4  Frias, as well as the travel of the bullets striking Mr. Frias, and the autopsy he performed on Mr.
5  Frias (EXPERT000296).

## ANALYSIS

### 1. ANNIE HOANG.

Defendant Luis Herrera moves to exclude expert testimony from Ms. Hoang on the basis that the government's expert disclosure for Ms. Hoang does not contain any expert opinions and the subjects identified are not expert in nature.  The government has not filed an opposition or response.

At the August 4 hearing, the government and counsel for Mr. Herrera agreed that Ms. Hoang would only testify as a percipient witness, not as an expert.  The parties also agreed, however, that although Ms. Fung will not be identified as an expert during trial, the government may ask her questions about her background and qualifications.

Accordingly, Mr. Herrera's motion as to Ms. Hoang is **GRANTED**.  Ms. Hoang will only be permitted to offer percipient testimony and may not be identified as an expert.  Ms. Hoang, however, may be asked about her background and qualifications.

### 2. CYNTHIA FUNG.

Defendant Luis Herrera moves to exclude all expert testimony from Ms. Fung except for two limited expert opinions expressed in her expert disclosure: (1) the location from which firearms were discharged at the scene of the Moises Frias homicide; and (2) the inconclusive results of the analysis she performed on DNA collected from the scene of the Moises Frias homicide.  This motion is made on the grounds that the expert disclosure for Ms. Fung only discloses these two opinions and the remainder of the disclosure fails to identify subjects that are expert in nature.  Mr. Herrera also moves to prevent Ms. Fung from offering testimony about DNA tests that were not performed prior to the date of her expert disclosure, as Ms. Fung's expert

disclosure states that "[s]ome DNA samples remain to be tested" (EXPERT000068).  The government has not filed an opposition or response.

As with Ms. Hoang, the government and counsel for Mr. Herrera agreed at the August 4 hearing that Ms. Fung would only testify as a percipient witness, that Ms. Fung would not be identified as an expert during trial, and that the government would be permitted to ask Ms. Fung questions about her background and qualifications.  There were no caveats to this agreement.  Thus, it appears that Ms. Fung will no longer offer *any* expert testimony.  This renders moot Mr. Herrera's concern about the DNA samples that "remain to be tested."  This may not have been what the parties intended, however, so both counsel for Mr. Herrera and the government are **ORDERED** to file a clarification, if necessary, by **AUGUST 25, 2010.**  Otherwise, Mr. Herrera's motion as to Ms. Fung will be granted without exception.

### 3. DR. THOMAS ROGERS.

Defendant Luis Herrera moves to limit the scope of Dr. Roger's testimony to those topics enumerated in his expert disclosure.  Namely, Mr. Herrera seeks to prevent Dr. Rogers from expressing any opinion concerning the location of the weapon(s) and/or shooter(s) in relation to Moises Frias, or any opinion concerning the trajectory of any bullet that is not already disclosed in the autopsy report for Mr. Frias.  The government has not filed an opposition or response.

If the government seeks to have Dr. Rogers opine on either of these two topics, the government is **ORDERED** to supplement its expert disclosure for Dr. Rogers by **SEPTEMBER 13, 2010.**  If the government supplements the disclosure, defendants may file a further exclusion motion based on the late disclosure.  If the government does not make any such disclosure, then Mr. Herrera's motion will be considered granted as to Dr. Rogers.

**IT IS SO ORDERED.**

Dated: August 13, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3