UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>    v.<br>IVAN CERNA, *et al.*<br><br>    Defendants.<br>_____/ | No. CR 08-0730 WHA (LB)<br><br>ORDER FOR JOINT STATUS STATEMENT |

On May 24, 2010, and based on CJA filings and the several discovery hearings it held, this Court recommended that the district court order the government to comply with the district court's previous order for a discovery index of audio recordings that included the names of known participants in the recordings. *See* ECF Nos. 1584, 1762. The four categories of recordings are as follows: (1) consensual phone calls; (2) video recordings; (3) body wires; and (4) recorded jail calls. The government objected, saying that it did provide all known participant information for all categories. The district court ordered supplemental filings and referred the matter back to this Court for another hearing. *See* ECF No. 1891.

This Court has reviewed all supplemental filings in the district court, and it reaches the following three conclusions. First, the government asserts that it provided all known participant information for categories 1, 2, and 3 (basically because the government knows at least one participant to each conversation, and it included any information it knows about other participants). Second, the government asserts that it generally cannot provide participant information for category 4 because

ORDER (CR 08-0739 WHA (LB))

the jails for these defendants – unlike other facilities such as the Bureau of Prisons – do not track or log who makes the calls. Third, the government asserts that it (meaning, prosecutors and the ICE and FBI agents and agency personnel who have worked on the ICE or FBI investigations resulting in the audio recordings) has produced whatever information it has about participants.

If the Court is right about what the government is saying, the remaining defense arguments generally are "this cannot be true" or "the government should do more." As to any argument that "this cannot be true," the Court reviewed the defense arguments about why there necessarily must be more information, is not persuaded, and takes the government at its word. As to any argument that the government *should* do more, the bottom line is that the government complies with its discovery obligations by doing what it did here: producing the recordings themselves and what information it has about participants. (Parenthetically, it is not realistic for the government to listen to all jail calls in any case, and it cannot here based on the volume.)

The Court also observes that it never ordered any discovery – nor does it intend to recommend any discovery – beyond that required by the rules or ordered by the district court. The point of the many discovery hearings was to help – if possible – prioritize what recordings to transcribe (at considerable taxpayer expense). But the Court emphasized along the way that its suggestions (like generating the equivalent of line sheets) were only suggestions that would save money and might benefit all parties' ability to access the recordings.

The bottom line is that the review of the filings leads the Court to the three conclusions above, and those in turn suggest that nothing more can be accomplished about the discovery index and that no further hearing is needed. But in case that is wrong, the Court directs the government and the defense (generally, Mark Rosenbush and Mark Goldrosen on these issues) to meet and confer by August 23, 2010, about the three conclusions. If the parties agree that the conclusions are accurate, and that no hearing is needed, then they are directed to file a stipulation within one day after their meet-and-confer that no further hearing is needed. If the parties disagree, then they shall follow the following procedure. The parties shall file a joint status statement five days after their meet-and-confer and notice it for any date in early September that the Court is available. (The Court generally is on criminal duty in September except for two scheduled conferences.) The statement shall

ORDER (CR 08-0739 WHA (LB))

2

(a) describe each unresolved issue in a separate section, (b) summarize each party's position as to each issue with appropriate legal authority, and (c) provide each party's final proposed compromise as to each issue.

If the dates that the Court proposes are not convenient for the parties due to previously-scheduled commitments, the parties may agree on different dates subject to the proviso that it is the Court's intention to resolve this matter by mid-September at the latest. The parties shall file their joint statement about disputed issues no later than one week before the scheduled hearing.

**IT IS SO ORDERED.**

Dated: August 13, 2010

LAUREL BEELER
United States Magistrate Judge

ORDER (CR 08-0739 WHA (LB))

3