United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>IVAN CERNA, *et al.*,<br><br>    Defendants.<br>                                                     / | No. CR 08-0730 WHA<br><br>**ORDER REQUESTING FURTHER BRIEFING RE RECORD REQUIRED FOR** *DAUBERT* **RELIABILITY DETERMINATION** |

Defendants move to exclude: (1) firearms-related expert testimony based on the AFTE method (Dkt. Nos. 1837, 1850, 1853); and (2) latent fingerprint identification testimony based on the ACE-V method (Dkt. Nos. 1850, 1851). These motions only challenge the AFTE method and the ACE-V method generally, as defendants allege that they have not yet received adequate expert disclosures regarding each expert's application of the challenged methods. Accordingly, at issue is whether the AFTE method and the ACE-V method, if properly applied, are sufficiently reliable to pass *Daubert* muster.

Briefing from both sides on the aforementioned motions has concluded and oral argument was heard on August 4, 2010. The parties, however, have not addressed what sort of record is required, if any, for the undersigned to make a *Daubert* reliability determination regarding the AFTE method and ACE-V method.

The parties are thus **ORDERED** to submit responses to the following questions by **NOON** on **TUESDAY, AUGUST 24, 2010**:

 (1) Is there an adequate record for the undersigned to make a preliminary determination regarding the reliability of the ACE-V method and the AFTE method?

 (2) If a party's position is that the current record is inadequate, what additional information is needed?

 (3) To what extent may a court take judicial notice of findings made in other decisional case law analyzing the reliability of the ACE-V method or the AFTE method? Have the procedural requirements to take judicial notice been satisfied in the instant case?

 (4) What circumstances counsel for or against further development of the current record, if necessary, during trial before a jury rather than in a pretrial evidentiary hearing?

Responses to the aforementioned questions must be accompanied by supporting authority, if any.

Additionally, the government recently filed declarations from its firearms experts regarding previous unsworn statements that the firearms experts employed the AFTE method (Dkt. Nos. 2095, 2096, 2143). These declarations, however, must be further clarified.

Unlike the declarations of Mark Proia and John Sanchez, the declaration of G. Andrew Smith does not specify that he "did not deviate from the AFTE approved methods while processing and analyzing the evidence in question." Instead, Mr. Smith's declaration only states that he did not deviate from the standard operating procedures of the SFPD crime lab and the San Mateo County forensic lab. The government is **ORDERED** to submit a further declaration from Mr. Smith by **NOON** on **TUESDAY, AUGUST 24, 2010**, explaining whether his statement means he deviated from the AFTE approved method.

Additionally, all three declarations state that the expert employed the standard operating procedure of the SFPD crime lab or the San Mateo County forensic lab, and that the applied standard operating procedure is "consistent with" the AFTE approved method. The government is **ORDERED** to submit further declarations from Mr. Proia, Mr. Sanchez, and Mr. Smith by **NOON** on **TUESDAY, AUGUST 24, 2010**, explaining their use of "consistent with" and whether the phrase

means the applied standard operating procedure involves deviation or variation from the AFTE method, and if so, a description of any such deviation or variation.

**IT IS SO ORDERED.**

Dated: August 18, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3