UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>  v.<br><br>IVAN CERNA, *et al.*<br><br>        Defendants.<br>_____/ | No. CR 08-0730 WHA (LB)<br><br>REPORT AND RECOMMENDATION RE INDEX |

## I. REPORT AND RECOMMENDATION

On May 24, 2010, and based on CJA filings and the several discovery hearings it held, this Court recommended that the district court order the government to comply with the district court's previous order for a discovery index of audio recordings that included the names of known participants in the recordings. *See* ECF Nos. 1584, 1762. The four categories of recordings are as follows: (1) consensual phone calls; (2) video recordings; (3) body wires; and (4) recorded jail calls. The government objected, saying that it did provide all known participant information for all categories. The district court ordered supplemental filings and referred the matter back to this Court for another hearing. *See* ECF No. 1891.

This Court then reviewed all supplemental filings, summarized them for the parties, and asked the parties for input about the status of the index. *See* Order, ECF No. 2114. The parties then filed a joint status conference statement with the following information.

    1. The parties agreed that the government asserts that it provided all known participant information for categories 1, 2, and 3.

2. The parties agreed that the government asserts that it generally cannot provide participant information for category 4 because the jails for these defendants – unlike other facilities such as the Bureau of Prisons – do not track or log who makes the calls.

3. The parties agree that the government asserts that it (meaning, prosecutors and the ICE and FBI agents and agency personnel who have worked on the ICE or FBI investigations resulting in the audio recordings) has produced whatever information it has about participants.

4. The government's exhibit list of recorded jail calls does not include the dates of the calls. The government will try to provide defense counsel with these dates.

5. The government is finalizing its transcripts to identify the specific participants speaking the words in the conversations. The government will provide the transcripts to the defense on an ongoing basis. The first batch of transcripts should be ready in about three weeks. Subsequent transcripts will be turned over to the defense in three- to four-week intervals until all final transcripts have been provided.

6. The parties agree that no further hearing is needed about the index at this time.

*See* ECF 2166.

Under the circumstances, the Court takes the government at its word that it has produced the information that it has in the form that the district court previously ordered. The parties agree, and this Court recommends to the district court, that no further hearing on the issue of the index is needed before this Court.

## II. OBJECTIONS

Any party may serve and file specific written objections within fourteen days after being served with a copy of this order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59. Failure to file objections within the specified time may waive a party's right to review. *See* Fed. R. Crim. P. 59(b).

**IT IS SO RECOMMENDED.**

Dated: August 25, 2010

_____
LAUREL BEELER
United States Magistrate Judge