1  STEVEN T. MATTAS, City Attorney (SBN: 154247)
2  JASON S. ROSENBERG, Asst. City Attorney (SBN: 252243)
   MEYERS NAVE RIBACK SILVER & WILSON
3  575 Market Street, Suite 2600
   San Francisco, California  94105
4  Telephone: (415) 421-3711
   Facsimile: (415) 421-3767
5
6  KIMBERLY M. DRAKE (SBN: 209090)
   kdrake@meyersnave.com
7  MEYERS, NAVE, RIBACK, SILVER & WILSON
   555 12th Street, Suite 1500
8  Oakland, CA  94607
9  Telephone:  (510) 808-2000
   Facsimile:   (510) 444-1108
10
   Attorneys for Non-Party
11 CUSTODIAN OF RECORDS,
   CITY OF SOUTH SAN FRANCISCO
12 POLICE DEPARTMENT
13

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO:  CR-08-0730 WHA |
|---|---|
| Plaintiff, | **JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE PERSONNEL AND COMPLAINT RECORDS RESPONSIVE TO SUBPOENA AND ORDER GRANTING SUBPOENAS** |
| v. | |
| IVAN CERNA, et al. | Date:    September 7, 2010, per stipulation |
| | Time:   8:00 a.m. – 4:00 p.m. |
| | Crtrm.: 9, 16th Floor |
| Defendants. | The Hon. William H. Alsup |

This Court has directed the custodian of records of the South San Francisco Police Department to produce personnel and complaint records of 28 South San Francisco police officers, as listed in Attachment A to defendant Luis Herrera's subpoena to the South San Francisco Police Department. (See Order Granting Subpoenas, dated July 6, 2010.)

In order to protect sensitive and confidential, official information from unwarranted disclosure, and to protect privacy rights, it is hereby stipulated and agreed that any and all documents produced and disclosed to defendants pursuant to the Court's order for production shall be subject to the following Protective Order:

## PROTECTIVE ORDER

1. The attorneys for the parties including but not limited to defendant Luis Herrera shall personally secure and maintain the protected documents in their possession to the end that said protected documents are to be used only for the purposes set forth below and for no other purpose.

2. The protected documents shall be used only in preparation for and in the prosecution or defense of this case, pending the completion of the judicial process including appeal. The protected documents will remain protected from disclosure after completion of the judicial process in this matter. Said documents shall not be disseminated publicly. All documents, if filed with the Court, shall be filed under seal absent court order with notice to all parties. All documents produced pursuant to this Order shall be returned to the Court under seal at the conclusion of this proceeding.

3. If, in the judgment of the attorneys for the parties in this case, it is necessary and consistent with the purposes set forth in paragraph 2, above, contents of the protected documents may be shown or revealed to the Court, investigators and expert witnesses for the parties, the parties to this proceeding, staff of counsel, and court reporters in connection only with their duties in this case, to persons involved in Internal Affairs investigations as complainant or witness, and to no other persons. While copies of said documents may be shown to persons connected with any such Internal Affairs complaints, copies may not be retained by such persons.

4. Each person receiving a copy of a protected document shall, before being given a copy, be given a copy of this Protective Order and a compliance agreement (in the form attached

1

hereto as Exhibit "A") and shall execute the compliance agreement, and return the original of the compliance agreement to the attorney who gives him/her the copy of the protected document(s). It shall be the responsibility of the respective attorneys to distribute compliance agreements, and then collect and maintain custody of the executed originals of the compliance agreements. At the conclusion of legal proceedings in this matter, each person who has received a copy of a protected document shall return all such protected documents to the attorneys for the party who gave him/her the copy of the protected document(s).

5. The attorneys for the parties shall not cause or knowingly permit disclosure of the contents of the protected documents beyond the disclosure permitted under the terms and conditions of this Order.

6. Protected documents under this Order shall be clearly marked by means of a stamp indicating "Confidential Subject to Protective Order."

**IT IS SO STIPULATED.**

Dated:  September 2, 2010                MEYERS, NAVE, RIBACK, SILVER & WILSON

By:     */s/  Kimberly M. Drake*
        Kimberly M. Drake
        Attorneys for Non-Party
        CUSTODIAN OF RECORDS, CITY OF SOUTH
        SAN FRANCISCO POLICE DEPARTMENT

Dated:  September 2, 2010

By:     */s/  Josh A. Cohen*
        JAMES S. THOMSON
        JOSH A. COHEN
        Attorneys for Defendant
        LUIS HERRERA

### ORDER

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

Dated:  September 10, 2010.            _____
                                       WILLIAM H. ALSUP
                                       UNITED STATES DISTRICT JUDGE

2

Joint Stipulation and [Proposed] Protective Order Re Personnel and Complaint Records   Case No. CR-08-0730 WHA

# EXHIBIT A
# COMPLIANCE AGREEMENT

I, _____, do solemnly swear that I have received a copy of and am fully familiar with the terms of the Protective Order in the case of *United States of American v. Ivan Cerna et al.,* Case No. CR-08-0730 WHA, and hereby agree to comply with and be bound by the terms and conditions of said Protective Order unless and until modified by further Order of the Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing such Order.

Dated: _____, 20\_\_\_\_

_____
Sign Name

_____
Print Name

_____
_____
Address

(\_\_\_\_\_)_____
Telephone Number