IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>IVAN CERNA, *et al*.<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　　　／ | No. CR 08-0730 WHA<br><br>**ORDER GRANTING IN PART DEFENDANT LUIS HERRERA'S MOTION TO COMPEL PRODUCTION OF REVISED WITNESS LIST** |

　　　Defendant Luis Herrera moves for production of a revised list of law-enforcement witnesses (Dkt. No. 2110).  For the reasons stated herein, Mr. Herrera's motion is **GRANTED IN PART**.

　　　Pursuant to the case management authority recognized in *United States v. W.R. Grace*, 526 F.3d 499 (9th Cir. 2008), a prior scheduling order required the government to submit its preliminary non-civilian witness list for its case-in-chief by April 26, 2010 (Dkt. No. 998).  Eight days after the deadline, the government submitted a request for an extension, which was granted (Dkt. Nos. 1666, 1674).  The government submitted its preliminary non-civilian witness list on May 10, 2010.  This witness list contained 896 law-enforcement witnesses from at least 22 discrete law-enforcement agencies and 5 document custodians from Sprint, Metro PCS, Comcast, and the DMV (Dkt. No. 2110-1).

　　　The staggering number of law-enforcement witnesses in the government's preliminary list has resulted in a significant burden to third-party law-enforcement agencies that must produce

*Henthorn* materials. By way of example, the South San Francisco Police Department advised defense counsel that it would take 42 hours to simply locate and copy the personnel files of the 28 officers whose records had been subpoenaed (Cohen Decl. ¶ 5). This estimate is only with regard to three percent of the total number of officers listed in the government's preliminary list of law-enforcement witnesses and does not include the time it would take for the agency to thereafter review the records for responsiveness and privilege. Furthermore, many of the subpoenaed agencies have requested that the undersigned perform *in camera* review of their documents before production — resulting in a substantial drain on judicial resources. There is no way any prosecutor would ever call even a fraction of the 896 trial witnesses. To have larded the list with so many names was not fair.

Case management is particularly important in this massive and sprawling RICO/VICAR prosecution. There are over twenty defendants remaining, six of whom are death-eligible. The government is **ORDERED** to revise the list to 50 or fewer law-enforcement witnesses without prejudice to substitutions later as the need arises, for good cause. The revised list shall identify the defendant(s) against whom the testimony will be specifically directed. In turn, defense counsel may only subpoena *Henthorn* materials for the 50 law-enforcement witnesses. These limitations will guard against further waste of time and resources and will enable defense counsel to effectively prepare for trial.

As trial approaches, as stated, the government will be permitted to substitute other law enforcement witnesses in its list of 50. The undersigned takes the government at its word that it will only seek to do so in exceptional cases and for good cause. In the event that the government makes a substitution to its list of 50, defense counsel may then subpoena additional materials and the trial will be continued as necessary to allow the *Henthorn* process run its course. To avoid continuances, the government is advised to supply as accurate a list as possible.

The government must file its list of 50 law-enforcement witnesses by **OCTOBER 13** at **NOON**. Of course, this does not alter the government's obligation under the current scheduling order to provide its final witness list by January 31, 2011 (Dkt. No. 1921). Defense counsel shall

notify all recipients of pending *Henthorn* subpoenas to suspend collection activity until further notice and cease requesting new *Henthorn* subpoenas until after the government's list of 50 is filed. Similarly, the undersigned's *in camera* review of *Henthorn* materials will be suspended until it is known whether the records submitted thus far are in relation to law-enforcement witnesses in the government's list of 50.

   Defendants Cesar Alvarado, Aristedes Carcamo, Castillo, Cerna, Cruz-Ramirez, Cruz-Zavala, Flores, Franco, Guevara, Hernandez, Guillermo Herrera, Lopez, Maldonado, Montoya, Portillo, Quinteros, and Velasquez move to join in this motion. These joinder motions are **GRANTED**.

   **IT IS SO ORDERED.**

Dated: September 15, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3