IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>IVAN CERNA, *et al*.,<br><br>    Defendants.<br>                                               / | No. CR 08-0730 WHA<br><br>**ORDER RE APPLICABILITY OF RULE 16(a)(2) "WORK PRODUCT" EXEMPTION TO STATE AND LOCAL AGENCIES** |

In connection with the proceedings to determine whether the SFPD would be deemed an investigating agent for purposes of *Brady* disclosures, the government asserted that "it does not consider the San Francisco Police Department a 'government agent' for purposes of Federal Rule of Criminal Procedure 16(a)(2)" (Dkt. No. 626). Put differently, the government made clear that it was not trying to have it both ways — that it was not disavowing the SFPD as an agent for purposes of *Brady* but at the same time withholding materials from the SFPD for purposes of the FRCrP 16(a)(2) "work product" exemption. This was the issue left open by the Ninth Circuit in *United States v. Fort*, 472 F.3d 1106 (9th Cir. 2007).

The undersigned relied in part on this disavowal in ruling that the SFPD was not an investigating agent for purposes of *Brady*. Specifically, the undersigned explained that since the government "expressly disavowed any reliance on Rule 16(a)(2) (the exemption from disclosure of investigative materials prepared by an attorney or other government agent) to justify withholding local police reports or redacted portions thereof . . . there is no occasion to consider

whether any such reliance would convert the SFPD into a 'government agent in connection with investigating or prosecuting the case'" (Dkt. No. 692 at 16 n.3).  This ruling was extended to all state and local agencies, as it followed that if the SFPD — the agency with the closest ties to the investigation — was not an agent for *Brady* purposes, neither were other local and state agencies (*ibid.*).

The undersigned has been operating under the assumption that the government's disavowal of the FRCrP 16(a)(2) work product exemption as to the SFPD also pertained to all other state and local law enforcement agencies.  But in its opposition to defendant Luis Herrera's motion to compel unredacted versions of various Daly City Police Department reports, the government stated that its "decision not to invoke the Rule 16(a)(2) privilege thus far in this case, of course, does not mean that it will not invoke it if circumstances require it" (Dkt. No. 2190 at 3 n.1).  Similarly, at the September 13 hearing, Assistant United States Attorney Wilson Leung intimated that the government may invoke the FRCrP 16(a)(2) privilege in the future.

Therefore, before the undersigned issues a ruling on Mr. Herrera's motion to compel unredacted discovery, the government is required to state by **FRIDAY, OCTOBER 8** at **NOON** whether it contends that any local or state agency is an agent for purposes of the FRCrP 16(a)(2) work product exemption.

**IT IS SO ORDERED.**

Dated:  October 1, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2