IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>JOSE QUINTEROS, *et al*.,<br><br>    Defendants.<br>                                               / | No. CR 08-0730 WHA<br><br>**ORDER DENYING DEFENDANT QUINTEROS' MOTION TO RECONSIDER DENIAL OF SUPPRESSION MOTION** |

     On November 19, defendant Jose Quinteros' motion to suppress evidence was denied as untimely (Dkt. Nos. 2626, 2634). Defendant Quinteros now moves for reconsideration of that order. The motion for reconsideration is **DENIED**. The motion fails to articulate any cognizable basis for reconsideration of the prior ruling.

     *First*, the reconsideration motion's suggestion that counsel was only given 12 days notice of the deadline for suppression motions is misleading (Br. 2). When lead counsel for defendant Quinteros — Attorney Michael Berger — was appointed on May 5, the deadline for all suppression motions was June 18 (Dkt. No. 998).[1] On June 17, however, the undersigned issued a proposed revised scheduling order indicating that the deadline for suppression motions would be moved to July 27 (Dkt. No. 1846-1). Thereafter, on July 15, the extension to July 27 was confirmed (Dkt. No. 1921). Accordingly, counsel had ample notice of the deadline for suppression motions.

---

[1] Second counsel was also appointed for defendant Quinteros (even though never death eligible) to alleviate some of the pressure of his later initial appearance in the case.

*Second*, the reconsideration motion acknowledges that counsel were well aware of defendant Wilbert Castillo's July 27 suppression motion but made a conscious decision not to join it (Br. 2–3).

Finally, it bears repeating that the motion at issue was filed four months after the deadline. Oral argument, evidentiary hearings, and rulings have come and gone. If this were a simple case involving one or two defendants and a handful of counts, the undersigned could overlook the delay and consider the late motion. Unfortunately, this is a massive case and the third superseding indictment originally charged 34 defendants, 60 counts, and numerous predicate acts. After several iterations which counsel were given many opportunities to suggest adjustments, a case management schedule was settled. The deadline in question passed long ago.

The weeks between now and trial are heavily laden already with other motions (which were timely) and rulings must be made. The amount of work ahead is enormous. Therefore, the undersigned needs the assistance of counsel in honoring the schedule and meeting deadlines.

**IT IS SO ORDERED.**

Dated: November 23, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE