United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 08-0730 WHA |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' REQUESTS TO MODIFY UPDATED SCHEDULING ORDER** |
| IVAN CERNA, *et al.*, | |
| Defendants. | |

Defendants Erick Lopez, Guillermo Herrera, and Jonathan Cruz-Ramirez request modification of certain deadlines established in the November 4 updated scheduling order (Docket No. 2513, 2544, 2670, 2707). These motions are **GRANTED IN PART AND DENIED IN PART**. Each of the requests is discussed and ruled on below.

1. **MOTIONS TO SEVER.**

Defendant Lopez submits that the current posture of the case does not allow for a firm cutoff date for the filing of severance motions and moves to vacate the current December 10 deadline for motions to sever. This motion is **DENIED**. The current deadline is necessary to ensure orderly case management. *See United States v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008). Prompt determination of any necessary trial severance will allow all parties to better plan their calendars and focus resources accordingly.

Of course, if new material is disclosed by the government or discovered by defense counsel *after* the December 10 deadline and genuinely warrants a severance, counsel may submit a motion to sever at that time so long as it is promptly filed after the disclosure/discovery of the

1  new information and is accompanied by a declaration from counsel setting forth good cause for
2  the late-filed motion.  Where, however, counsel are already aware of the ground for a motion to
3  sever, that ground must be motioned by the original December 10 deadline.

**2.    NON-JENCKS *BRADY* INFORMATION.**

Defendants seek a modification of the *Brady* disclosure deadlines.  Currently, the deadline for non-Jencks *Brady* information is 75 calendar days before trial for non-protected witnesses and seven calendar days before trial for protected witnesses (Dkt. No. 2513 at 5).  Defendants seek to modify these deadlines on the grounds that the new stipulated protective order obviates the previously-set deadlines for release of *Brady* information and the government's list of civilian witnesses (Dkt. No. 2374).  Defendant Guillermo Herrera also moves specifically for disclosure of *Brady* material regarding informant 1211 (Dkt. No. 2544).  These requests are **DENIED**.

As repeatedly noted, the government has an obligation to provide *Brady* materials in time for effective use at trial, irrespective of the deadlines established in the scheduling orders (*see, e.g.*, Dkt. No. 694).[1]  The *Brady* disclosure deadlines established by the scheduling orders do not prevent the government from turning over *Brady* information earlier than the deadlines.  Indeed, the government is encouraged to turn over *Brady* material as soon as practicable.  The deadlines are simply the last possible dates to do so.

As for the request to modify the deadline for the government's list of civilian witnesses, while the stipulated protective order superseded the earlier protective order, it did not create new discovery obligations.  Instead, it simply governs treatment of material disclosed pursuant to existing discovery obligations.  Accordingly, it does not create an obligation for the government to produce a list of all civilian witnesses (which may be different from a list of witnesses protected by the protective order — which the government has already been ordered to produce) (Dkt. No. 2704).  Indeed, the current scheduling order establishes that the deadline for the provision of this list is 35 days prior to trial (Dkt. No. 2513 at 4).

---

[1] Defendant Luis Herrera appears to believe the government has asserted that *Giglio* material does not constitute *Brady* material (Dkt. No. 2655 at 8).  This does not appear to be the government's position, but if it is, the government should be aware that *Giglio* material constitutes *Brady* material (Dkt. No. 2616 at 3).  *See, e.g.*, *United States v. Bagley*, 473 U.S. 667, 676 (1985); *United States v. Price*, 566 F.3d 900, 907 (9th Cir. 2009).

2

Finally, as January 17 is a court holiday, the deadlines that fall on January 17 are continued to the next calendar day — January 18.

### 3. TRANSLATION AND TRANSCRIPTION DEADLINE.

The current deadline for the parties to provide all translations or transcripts of conversations or statements to be shown to or used with the jury is 49 calendar days before trial. Defendants now request that the government be held to this deadline but that defendants "be afforded a reasonable time period within which to complete their final transcripts, compare them to the final government transcripts and present any unreconciled areas of disagreement to the Court for final resolution" (Dkt. No. 2670-1 at 6). The motion to change the deadline is **DENIED**. The deadline was purposely set so that the parties would exchange the materials they wished to use on the same date. This way, if there are any disputes, the parties will be on equal footing for filing motions *in limine* — the briefing schedule for which has recently been modified as a result of defendant Luis Herrera's motion to modify the Rule 404(b) disclosure deadline (Dkt. No. 2607). The undersigned may, however, consider a stipulation between the parties to briefly continue the deadline for all parties.

### 4. RULE 404(B) EVIDENCE AND SUMMARIES OF CO-CONSPIRATOR STATEMENTS.

The deadline for the government to provide Rule 404(b) evidence and summaries of co-conspirator statements under Rule 801(d)(2)(E) is 49 calendar days before trial. A prior motion filed by defendant Luis Herrera also sought to modify the deadline for Rule 404(b) disclosures — but the motion was denied (Dkt. Nos. 2553, 2607).

Similarly, defendant Lopez's motion to move the deadline of Rule 404(b) evidence and co-conspirator statement summaries is **DENIED**. Defendants' rationale for changing the deadlines is that the change is necessary so severance motions are due *after* the government's disclosure of Rule 404(b) evidence and production of co-conspirator statement summaries. This order, however, explains that should any such disclosures require a motion for severance, a defendant may file said motion so long as it is accompanied by a declaration setting forth good cause for the late motion.

**5.   CIVILIAN WITNESS LIST AND EXHIBIT LIST.**

Defendant Lopez's motion expresses concern that the government's final civilian witness list and final exhibit list will be "larded" with exhibits and witnesses the government cannot hope to present at trial (Br. 7). Accordingly, the motion requests that the scheduling order be augmented to include an admonition that the government should only include those exhibits and witnesses in its lists that it "actually intends to present at trial." No such modification need be made. It goes without saying that the exhibit list and the witness list should only include those exhibits and witnesses the government is likely to use at trial. Upon receiving the lists, if defendants believe bad faith "larding" of the lists has occurred, they should seek relief from the undersigned at that time.

**6.   AS-APPLIED CHALLENGES TO FIREARMS AND FINGERPRINT EXPERTS.**

The hearing for as-applied challenges to the government's firearms and fingerprint experts is currently scheduled for December 21. Counsel for defendant Jonathan Cruz-Ramirez — who has taken a lead on the firearms experts issue — has filed notice that he will be unavailable for the hearing due to extenuating circumstances (Dkt. No. 2707). Accordingly, the hearing date for the as-applied challenges to the firearms and fingerprint experts is hereby **CONTINUED** to **JANUARY 10 AT 2 P.M.** — the same date motions to sever are scheduled to be heard.

Additionally, counsel has specified that he is still working with the government to coordinate a time for the defense expert to review the defense requested firearms evidence. Since the hearing date has been continued, counsel will have until **DECEMBER 15 AT NOON** to submit any as-applied challenges (if any) resulting from this review. The government will have until **DECEMBER 22 AT NOON** to file a response. Any reply must be submitted by **DECEMBER 27 AT NOON**. No further extensions will be allowed. This modification does not change the briefing schedule for defendant Luis Herrera's as-applied challenge to the government's fingerprint expert, which was timely submitted (Dkt. No. 2711). The government's opposition remains due on **DECEMBER 10 AT NOON** and any reply must be filed by **DECEMBER 15 AT NOON**.

4

**7.    JOINDERS.**

Defendants Aristedes Carcamo, Wilbert Castillo, Jonathan Cruz-Ramirez, Walter Cruz-Zavala, Moris Flores, Manuel Franco, Angel Noel Guevara, Giovanni Hernandez, Guillermo Herrera, Luis Herrera, Jose Quinteros, and Danilo Velasquez move to join in defendant Lopez's motion to modify the updated scheduling order (Dkt. No. 2670).  These joinder motions are **GRANTED**.

Defendants Aristedes Carcamo, Wilbert Castillo, Ivan Cerna, Jonathan Cruz-Ramirez, Walter Cruz-Zavala, Moris Flores, Manuel Franco, Angel Noel Guevara, Giovanni Hernandez, Luis Herrera, Erick Lopez, Rafael Montoya, Daniel Portillo move to join in defendant Guillermo Herrera's motion for immediate disclosure of *Brady* material related to informant 1211 (Dkt. No. 2544).  These joinder motions are **GRANTED**.

Finally, pursuant to prior order, all defendants are deemed to have joined in the briefing submitted by defendant Luis Herrera related to the impact of the stipulated protective order (Dkt. Nos. 2532, 2613, 2655).

**IT IS SO ORDERED.**

Dated:  December 6, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5