IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>JONATHAN CRUZ-RAMIREZ, *et al*.,<br><br>  Defendants.<br>                                                          / | No. CR 08-0730 WHA<br><br>**ORDER DENYING DEFENDANT CRUZ-RAMIREZ'S MOTION FOR ORDER OF COMPLIANCE WITH FRCrP 12(b)(4)(B)** |

Defendant Jonathan Cruz-Ramirez moves for an order requiring government compliance with FRCrP 12(b)(4)(B) (Dkt. No. 2398). The motion is **DENIED** as **MOOT**. As stated in the prior order setting the briefing schedule for the instant motion, the December 8 hearing is **VACATED** (Dkt. No. 2426).

The instant motion seeks FRCrP 12(b)(4)(B) notice of the evidence the government intends to use during its case in chief at trial. FRCrP 12(b)(4)(B) provides:

> At the arraignment or as soon afterward as practicable, the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16.

The purpose of the rule is to "make it possible for the defendant 'to avoid the necessity of moving to suppress evidence which the government does not intend to use.'" *United States v. Valencia*, 656 F.2d 412, 415 (9th Cir. 1981).

The government asserts that it intends to use in its case-in-chief all evidence produced to the defense pursuant to FRCrP 16(a). The government also explains that it provided notice of

1 this intent to the defense well over a year ago (Dkt. No. 2514-1).  The question at issue is
2 whether notice that the government intends to use *all* evidence produced pursuant to FRCrP
3 16(a) is sufficient.  This issue has not been addressed by our court of appeals.

4 Although the First Circuit has held that a government's "open file" discovery policy does
5 not "in and of itself" satisfy FRCrP 12(b)(4)(B)'s notice requirement, the instant scenario is
6 different.  *United States v. de la Cruz-Paulino*, 61 F.3d 986, 993 (1st Cir. 1995).  In our case, the
7 government is not falling back on its "open file" discovery policy as its FRCrP 12(b)(4)(B)
8 notice.  Instead, the government specifically notified defendants over a year ago that it intends to
9 use all FRCrP 16(a) evidence for its case-in-chief (Dkt. No. 2514-1).  This notice was explicitly
10 posed as a FRCrP 12(b)(4)(B) notice.  The defense does not articulate why the adequacy of this
11 notice was not challenged earlier nor does it offer tangible examples of suppression motions that
12 could not be filed due to an alleged inadequacy of the notice.  Regardless, there is no indication
13 that the government made its notice in bad faith — indeed, in the instant motion, the government
14 re-asserts its intention to use all evidence produced as FRCrP 16(a) discovery.  At least one other
15 district court has found such notice to be sufficient to satisfy FRCrP 12(b)(4)(B).  *United States*
16 *v. Brock*, 863 F. Supp. 851, 868 (E.D. Wis. 1994).

17 As stated previously, the motion is **DENIED** as **MOOT**.  The government has complied
18 with its notice obligations under FRCrP 12(b)(4)(B).  Of course, cooperation is best and the
19 government is to keep the defense informed if it determines that any of the FRCrP 16(a)
20 discovery will no longer be used in its case-in-chief.

21 Defendants Aristides Carcamo, Wilbert Castillo, Ivan Cerna, Moris Flores, Angel Noel
22 Guevara, Guillermo Herrera, Luis Herrera, Erick Lopez, Rafael Montoya, Jose Quinteros, and
23 Danilo Velasquez move to join in the motion.  These joinder motions are **GRANTED.**

**IT IS SO ORDERED.**

Dated:  December 7, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2