IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 08-0730 WHA |
| Plaintiff, | |
| v. | **TENTATIVE ORDER RE JURY SELECTION** |
| IVAN CERNA, *et al.*, | |
| Defendants. | |

Comments and objections to the following jury selection procedure are due by **DECEMBER 30, 2010, AT NOON**. Any *legal* objection to this procedure must state with specificity the statutes or decisions on which the objection is based.

Jury selection shall proceed as follows. On **JANUARY 20, 2011,** the jury administrator will send a hardship questionnaire and summons to approximately 750 prospective jurors. By **FEBRUARY 17, 2011**, the jury administrator shall provide all counsel with a list of the venirepersons and all hardship questionnaire responses save for those already excused for clear-cut excuse under Article X of General Order No. 6. All responses shall be promptly reviewed by counsel for all parties and discussed to try to reach agreement as to unresolved hardship excuses and, by **FEBRUARY 28, 2011,** counsel shall jointly submit a list of those excused and those for whom a court ruling is required, which court ruling will occur by **MARCH 4, 2011**.

The summons requires the appearance of the venirepersons on **MARCH 7, 2011,** or such other time and date as may be indicated to them by telephone or website notice via the jury

administrator. Those excused due to hardship, however, will be notified that they need not appear.

Venirepersons not excused shall be called in by the jury administrator in a group of approximately 150 venirepersons to complete under oath the substantive questionnaire (not the hardship questionnaire). (The substantive questionnaire, hardship letter, and hardship questionnaire have already been subject to comment from counsel.) The timing of the call-in shall be sufficient to allow for the steps described below. After completion of the substantive questionnaire, responding venirepersons will be allowed to leave subject to returning as needed (unless their presence is immediately needed).

To avoid having to review and to meet-and-confer over all of the completed questionnaires, the completed questionnaires will be provided to counsel only as needed to assess the small panels described below. This will also provide privacy to the answers until there is a need for counsel to see them.

Starting on **MARCH 9, 2011, AT 7:30 A.M.,** counsel and defendants shall be present in the courtroom for voir dire. Panels of approximately 15–20 unexcused prospective jurors with completed questionnaires shall be called in on a randomly-chosen basis, sworn, and examined. They shall be asked group and individual questions by the Court to be followed by supplemental voir dire by counsel. Hardship issues will inevitably also arise again, even as to those who earlier indicated they could serve. The size of the panel may be adjusted as needed but the goal is to bring in only so many each day as can be examined and challenged, including peremptories.

Before a small panel appears, the jury administrator shall make available for counsel the names of the small-panel venirepersons to be called in as well as their substantive questionnaire answers. Counsel shall meet-and-confer in person and shall agree on venirepersons in the list that may be stricken for cause based on the substantive questionnaire and provide the stipulated list to the Court that day (so that the jury administrator may notify only the eligible candidates to appear for voir dire).

Each party shall have the minimum peremptory challenges allowed by law unless good cause is shown to enlarge the generous peremptories already allowed by FRCrP 24(b), said motion to be made in time for the final pretrial conference.

Peremptory challenges shall be exercised as follows. Once a small panel has been passed for cause and/or all cause motions ruled on, any peremptory challenge to any unexcused member of that panel must be made. A challenge may be made to any member of the small panel without regard to his or her seat number. The sequence of exercise of the peremptories shall rotate per the standard two versus one sequence. Any unexcused panel member will be deemed accepted.

This process shall continue day to day until twelve jurors are chosen. If, at the last session, less than all unexcused panel members are needed to complete the twelve, then they shall be selected according to their seat number, the lowest seat number receiving priority.

For alternates, the same process shall be used, but any unused and unexcused venirepersons who have already been examined shall be included in the first panel of prospective alternates. Six alternates shall be selected.

All proposed voir dire questions for use by the judge shall be submitted before the final pretrial conference in the normal manner.

**IT IS SO ORDERED.**

Dated: December 10, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3