IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GUILLERMO HERRERA, *et al*.<br><br>Defendants.<br>_____/ | No. CR 08-0730 WHA<br><br>**ORDER DENYING DEFENDANT GUILLERMO HERRERA'S MOTIONS SEEKING ADDITIONAL DISCOVERY RE BASES OF EXPERT OPINIONS** |

Defendant Guillermo Herrera moves for additional discovery regarding the bases of the opinions of the government's gang experts. Specifically, he seeks: (1) notes and memoranda relied upon by SFPD Sergeant Mario Molina; (2) the "Perez memorandum"; (3) the identities of informants "A" and "B"; and (4) any statements made by informants "A" and "B" or "John Roe" to the government's expert witnesses (Dkt. Nos. 2485, 2524, 2545, 2546). For the reasons stated herein, the motions are **DENIED**.

*First*, the motions are largely moot. Defense counsel was afforded an opportunity to cross-examine Sergeant Molina before trial in order to discern whether the bases of his opinions were reliable. Where Sergeant Molina was unable to offer adequate bases, his opinions were excluded (*see* Dkt. No. 2781). In other instances, the material is already in defense counsel's possession — as in the case of the Perez Memorandum (Dkt. No. 2583 at 1).

*Second*, FRCrP 16(a)(1)(G) does not require the disclosure of the actual materials relied on by an expert — instead, it entitles defense counsel to a written *summary* of the "witness's opinions, bases and reasons for those opinions, and qualifications." The rule does not require

1 production of the raw materials constituting the bases of an expert's opinions. Similarly, the June
2 8 order required additional expert disclosures by way of expanded summaries, not production of
3 the raw materials relied upon (Dkt. No. 1821). Accordingly, there is presently no occasion to
4 sanction the government for not disclosing the materials sought.

5     *Third*, the motions do not establish that the materials are discoverable under FRCrP
6 16(a)(1)(E). Although items "material to preparing a defense" are discoverable, materiality of the
7 records sought has not been shown.[1] Nor has it been demonstrated that the materials are in the
8 possession, custody, or control of the government — which is also required. Indeed, as
9 acknowledged by defense counsel, FRCrP 17(c) subpoenas were previously served on the SFPD to
10 obtain the material. This is a separate issue and is the subject of a motion to compel directed at the
11 SFPD and noticed for hearing on January 11, 2011 (Dkt. No. 2743).[2]

12     *Fourth*, the Due Process Clause of the Fifth Amendment, the Fair Trial, Confrontation
13 Clause, Compulsory Process, and Effective Assistance clauses of the Sixth Amendment, and the
14 reliability guarantees of the Eighth Amendment have not been violated. As stated, defense counsel
15 was given an opportunity to cross-examine the gang experts and challenge the reliability of the
16 bases of their opinions as well as the government's refusal to disclose the identities of certain
17 informants who the experts relied on. These challenges were taken into consideration in excluding
18 a number of the proposed opinions prior to presentation to the jury (*see* Dkt. No. 2781).

19     Finally, the following joinder motions have been made. Defendants Aristedes Carcamo,
20 Marvin Carcamo, Castillo, Cerna, Cruz-Ramirez, Cruz-Zavala, Flores, Franco, Guevara,
21 Hernandez, Luis Herrera, Lopez, Montoya, Portillo, Quinteros, and Velasquez moved to join in the

---

[1] Defendant Jonathan Cruz-Ramirez's joinder motion expresses "concern" that there are search warrant applications and other materials that the experts have relied on but have not produced (Dkt. No. 2487). This generalized request posed in his joinder motion also does not demonstrate materiality.

[2] It bears noting, however, that the government explicitly disavowed the SFPD as an agent for work product protection purposes and it may not assert work product protection over SFPD material without necessitating revisitation of whether the SFPD was an agent for *Brady* purposes (Dkt. Nos. 626, 692 at 17–18, 2341). As such, the government's assertion of the work product protection over SFPD materials is assumed to have been a mistake (Dkt. No. 2615 at 2). As stated in a companion order, if this is not the case and the government is indeed asserting work product protection over SFPD material, it must notify the undersigned by **DECEMBER 30 AT NOON**.

motion for disclosure of bases of expert opinion (Dkt. No. 2485). Defendants Aristedes Carcamo, Castillo, Cruz-Zavala, Franco, Guevara, Hernandez, Luis Herrera, Lopez, Montoya, Portillo, Quinteros, and Velasquez move to join in the motion for disclosure of the Perez memorandum (Dkt. No. 2524). Defendants Aristedes Carcamo, Castillo, Cerna, Cruz-Ramirez, Cruz-Zavala, Flores, Guevara, Hernandez, Lopez, Montoya, and Portillo moved to join in the motion for disclosure of the identities and statements of informants "A" and "B" (Dkt. No. 2545). Defendants Aristedes Carcamo, Castillo, Cerna, Cruz-Ramirez, Cruz-Zavala, Flores, Franco, Hernandez, Luis Herrera, Lopez, Montoya, and Portillo moved to join in the motion for discovery of notes and memoranda of Sergeant Molina (Dkt. No. 2546). These joinder motions are **GRANTED**. Counsel are once again reminded, however, that joinder motions must be made in a timely fashion (*see* Dkt. No. 2074). Some or all of the joinder motions filed by defendants Marvin Carcamo, Franco, Guevara, Luis Herrera, Lopez, Portillo, and Velasquez were filed after the relevant opposition was filed. Failure to file timely joinder motions may result in denial of the joinder motion.

**IT IS SO ORDERED.**

Dated: December 23, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE