IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>IVAN CERNA, *et al*.<br><br>    Defendants.<br>                                     / | No. CR 08-0730 WHA<br><br>**AMENDED ORDER GRANTING JOINT DEFENSE APPLICATION FOR ISSUANCE OF SUBPOENAS TO THE SFPD AND THE OCC TO PRODUCE POLICE COMPLAINT AND PERSONNEL RECORDS** |

      Defendant Erick Lopez, on his own behalf and on behalf of all remaining defendants, seeks a subpoena for *Henthorn* materials from the SFPD and the OCC relating to the following SFPD officers and employees: (1) Officer Arnold Borgan (#4108); (2) Officer Stephen Grisch (#632); (3) Officer Jose Macias (#1445); (4) Officer Steven Mulkeen (#1027); (5) Officer David Sands (#170); (6) Officer Michael Shavers (#1732); and (7) Criminalist Andrew Smith. For good cause shown, it is hereby **ORDERED** that a subpoena duces tecum shall be issued to the custodian of records for the SFPD and to the custodian of records for the OCC for production of the documents listed in Attachment A to the subpoenas.

      The SFPD and the OCC shall produce any responsive documents to the Court within **14 DAYS** of service. Given the recent (and untimely) objections by the SFPD to the July 2010 subpoena served by defendant Lopez, counsel are encouraged to work with one another to reach compromises where possible and avoid unnecessary litigation.

      After the documents are produced by the SFPD and the OCC, the procedure will be as follows. Prior to disclosure to counsel for defendant Lopez, the undersigned will review *in*

*camera* the materials produced.  Any responsive *Henthorn* materials will be turned over to counsel for defendant Lopez as soon as practicable.

No materials will be disclosed until a protective order is in place ensuring that the disclosed materials will only be used in the instant matter.  Counsel for defendant Lopez should accordingly work with counsel for the SFPD and the OCC to submit a proposed stipulated protective order regarding use of the disclosed materials.  If the parties agree that the protective orders used for *Henthorn* material already produced pursuant to earlier subpoenas, a stipulation should be filed indicating as much (Dkt. Nos. 2382, 2421).

Although the subpoena application and supporting materials were labeled "*ex parte,*" the documents were filed on the public docket.  The courtroom deputy confirmed with defense counsel that the documents were intended to be publicly filed.  Accordingly, there is no need for this order to be filed under seal.

**IT IS SO ORDERED.**

Dated:  January 5, 2011.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE

2