IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MARVIN CARCAMO, *et al.*,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　　/ | No. CR 08-0730 WHA<br><br>**ORDER RE JOINDER FILED BY DEFENDANT MARVIN CARCAMO INDICATING INTENTION TO FILE LATE SUPPRESSION MOTION** |

　　　In his joinder to defendant Moris Flores' motion to continue trial, counsel for defendant Marvin Carcamo has indicated he "believe[s] there are grounds to file a motion for suppression of evidence" but has "not had the opportunity to file the necessary motion yet" (Dkt. No. 2973 at 3).

　　　The deadline for motions to suppress by non-death eligible defendants was July 27 of last year (Dkt. No. 1921). Although counsel makes much of being the "last counsel appointed" — counsel was in fact appointed to *replace* prior counsel. Moreover, counsel was appointed on August 4, a week *after* the deadline to file suppression motions had passed.[1] Any necessary suppression motions based on discovery received prior to the July 27 deadline should have been filed by prior counsel.

　　　Of course, if current counsel has a legitimate basis for submission of a tardy suppression motion, the motion will be considered. Nonetheless, to conserve limited judicial resources and ensure orderly case management as the trial date quickly approaches, counsel must first file a

---

[1] Counsel's declaration states he was appointed on August 11. Although the order appointing counsel was dated August 11, the appointment was effective *nunc pro tunc* to August 4 (Dkt. No. 2121).

motion for leave to file a tardy suppression motion.  Any such motion for leave must be filed by **JANUARY 24 AT NOON** and must explain why the suppression motion should be considered six months after the deadline and why the suppression motion could not be filed earlier.

Absent valid explanation, counsel will not be granted leave to file the tardy suppression motion.  A generalized argument that current counsel was not appointed until August 4 will not suffice, especially given the issues raised in the October 1 CJA order and counsel's unexplained absence at the September 13 hearing on suppression motions.[2]

**IT IS SO ORDERED.**

Dated:  January 18, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

---

[2]  At the hearing, counsel for defendant Guillermo Herrera — Attorney Martin Sabelli — agreed to stand in for defendant Marvin Carcamo.