United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

MARVIN CARCAMO, *et al.*,

Defendants.

No. CR 08-0730 WHA

**ORDER DENYING DEFENDANT MARVIN CARCAMO'S MOTION FOR RECONSIDERATION**

Defendant Marvin Carcamo moves for reconsideration of prior rulings denying the defense's request for continuance and only severing defendants Danilo Velasquez, Luis Herrera, and Manuel Franco (Dkt. No. 3298). For the reasons stated herein, the motion is **DENIED**.

*First*, Civil Local Rule 7-9, as made applicable to criminal cases through Criminal Local Rule 2-1, specifies that no party may notice a motion for reconsideration without first obtaining leave of court to file such a motion. No such leave was granted.

*Second*, defendant Carcamo's motion to join *all* severance motions filed by his codefendants (including *ex parte*, sealed motions) was denied due to its extremely late filing and utter failure to offer any explanation as to how the motions applied to his specific case. Accordingly, there is no rejected severance motion with respect to defendant Carcamo that can be reconsidered.

*Third*, even if the motion to reconsider was procedurally proper, it fails to articulate any cognizable basis for reconsideration of this Court's prior rulings — let alone

any legal arguments or facts not already previously considered. Although counsel for defendant Carcamo — Attorney Ken Behzadi — has repeatedly invoked the histrionic that he was the last counsel appointed in this matter and that all other counsel have had more time to prepare, this argument misses the point. Defendant Carcamo was indicted in the original October 2008 indictment and was appointed counsel — Attorney Ellen Leonida — well over two years ago. Indeed, defendant Carcamo was one of the first defendants in this case to be appointed counsel. To dismiss over two years of prior representation by Attorney Leonida as an "empty formality" defies common sense (Dkt. No. 3298 at 6). Indeed, this concept has already been explained to current counsel in a prior order (Dkt. No. 3010).

Finally and most importantly, current counsel is hardly a newcomer to these proceedings. Attorney Behzadi has been counsel of record since August 2010, for a case to be tried in March 2011 (Dkt. No. 2121). This has been more than enough time for Attorney Behzadi to take ownership of his client's case. Indeed, counsel has been repeatedly reminded that his replacement of prior defense counsel shifted full case responsibility to his shoulders (Sealed October 1 CJA Order; Dkt. No. 3010). Noticeably absent from the reconsideration motion is any sort of proffer as to the amount of time that counsel has devoted to the case. It has not been shown that a continuance is necessary despite adequate diligence of counsel and/or that any continuance would even serve a useful purpose (*i.e.* that additional time would actually impact counsel preparedness).

Attorney Behzadi is urged to focus on trial readiness and is, as always, welcome to submit CJA requests for additional support and resources that will facilitate him to achieve this end.

**IT IS SO ORDERED.**

Dated: February 9, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2