..

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 08-0730 WHA |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT HERRERA'S MOTION TO DISMISS DUE TO OUTRAGEOUS GOVERNMENT MISCONDUCT** |
| GUILLERMO HERRERA, *et al*. | |
| Defendants. | |

Defendant Guillermo Herrera moves to dismiss the indictment against him in this matter due to alleged outrageous misconduct by the government (Dkt. No. 3136). This motion comes nearly 28 months after the original indictment and within a month of trial. The thrust of the motion is that the government waited to file a "mega-indictment" and consequently chose to forego making smaller group or individual arrests of the defendants and other gang members, which in turn allegedly tolerated more crime and murder because the defendants and other gang members were on the streets longer than they should have been. Ergo — defendant's motion asserts — the federal government is responsible for extra murder and other crimes. As an example, the motion blames the government for the tragic murder of the Bologna family, said to have been committed by alleged MS-13 gangster Edwin Ramos (who is being tried in state court,

not here). The motion seeks to "send [a] message" to the government that it should not bring mega-cases (Br. 15).*

There is no evidence of outrageous government misconduct, as that term is defined by law, so this order declines to find a violation of due process or to exercise its supervisory powers to dismiss the indictment. Moreover, the motion is untimely. For the reasons now stated below in more detail, the motion to dismiss is **DENIED**.

"Outrageous government conduct is not a defense, but rather a claim that government conduct in securing an indictment was so shocking to due process values that the indictment must be dismissed. To meet this high standard, the governmental conduct must be so grossly shocking and so outrageous as to violate the universal sense of justice." In other words, it must be "excessive, flagrant, scandalous, intolerable, and offensive" to violate due process. *United States v. Holler*, 411 F.3d 1061, 1065–66 (9th Cir. 2005) (citations and quotation marks omitted). "The Government's involvement must be *malum in se* or amount to the engineering and direction of the criminal enterprise from start to finish. The police conduct must be repugnant to the American system of justice." *United States v. Smith*, 924 F.2d 889, 897 (9th Cir. 1991) (citations and quotation marks omitted).

"The standard is not met when the government merely infiltrates an existing organization, approaches persons it believes to be already engaged in or planning to participate in the conspiracy, or provides valuable and necessary items to the venture." *United States v. Gurolla*, 333 F.3d 944, 950 (9th Cir. 2003) (citations, brackets, and quotation marks omitted). Our court of appeals set forth five factors that, when satisfied, indicate that the governmental conduct was acceptable:

> (1) the defendant was already involved in a continuing series of similar crimes, or the charged criminal enterprise was already in progress at the time the government agent became involved; (2) the agent's participation was not necessary to enable the defendants to continue the criminal activity; (3) the agent used artifice and stratagem to ferret out criminal activity; (4) the agent infiltrated

---

   * All remaining defendants except Luis Herrera move to join in the motion to dismiss (Dkt. Nos. 3160, 3166, 3173, 3184, 3194, 3214, 3225, 3236, 3357). These joinder motions are **GRANTED**. Manuel Franco's motion to join (Dkt. No. 3475) is **DENIED** as untimely.

2

>   a criminal organization; and (5) the agent approached persons already
>   contemplating or engaged in criminal activity.

*United States v. Bonanno*, 852 F.2d 434, 437–38 (9th Cir. 1988) (citation omitted). As a part of this analysis, a court can consider criminal activity allegedly committed by a defendant after he met a confidential informant. *United States v. Williams*, 547 F.3d 1187, 1200 (9th Cir. 2008).

Aside from due process, defense counsel further asserts that the Court should dismiss the indictment due to outrageous government misconduct pursuant to its supervisory powers. "A court may exercise its supervisory powers to dismiss an indictment in response to outrageous government conduct that falls short of a due process violation." *United States v. Ross*, 372 F.3d 1097, 1109 (9th Cir. 2004) (citation omitted). To justify the exercise of a court's supervisory powers, however, prosecutorial misconduct must "(1) be flagrant and (2) cause 'substantial prejudice' to the defendant." *Id.* at 1110 (citation omitted).

Even assuming what the motion asserts — a big assumption — which is that the government could have arrested and charged "the most violent alleged members of MS-13" sooner than it did, the timing was not outrageous government misconduct. The United States Attorney's Office has prosecutorial discretion to determine when it has accumulated sufficient admissible evidence to meet the reasonable doubt standard. It must also weigh factors such as whether the timing of arrests will compromise other investigations or compromise cooperators and/or their families. It would be a rare day when federal prosecutors must reveal and justify a chronology of their judgment calls to the defense or the Court.

The premise of the motion is that the accuseds are members of a gang that murdered multiple victims, including the Bologna family, some of whom would have been spared if law enforcement had intervened sooner. To be more specific, MS-13 allegedly murdered six victims in 2008 and 2009 for which defendants are now on trial. One cannot, however, escape prosecution for six homicides because the police might have intervened sooner to prevent some of them or others charged elsewhere. Under no stretch of the imagination can the law or record be twisted to blame the government for any of the murders in question.

3

If the federal law enforcement agents and prosecutors had knowingly directed the murders, that would be a different scenario. There is no proof to support such a theory. We will not derail our trial to conduct a fishing expedition in support of this theory.

The foregoing is sufficient and dispositive. But this order also holds the motion is untimely. Defense counsel originally asserted, without giving specifics, that the documents submitted in support of the motion had been recently received in discovery. That was effectively refuted by the government and then abandoned by defense counsel (Dkt. No. 3452). Regardless, if this motion was to be made at all, it could have been made more than a year ago prior to the deadline for motions to dismiss based on the indictment (Dkt. No. 1921).

For the foregoing reasons, the defense motion to dismiss the indictment due to outrageous government misconduct is **DENIED**.

**IT IS SO ORDERED.**

Dated: February 16, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE