IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>IVAN CERNA, *et al*.,<br><br>Defendants.<br>_____ / | No. CR 08-0730 WHA<br><br>**FINAL ORDER RE JURY SELECTION PROCEDURE** |

After considering comments from counsel in response to the tentative order regarding jury selection and receiving no constitutional, statute, or rule-based objections at the pretrial conference to the following procedure, jury selection shall proceed as follows (Dkt. Nos. 2760, 2832, 2836).

By close of business today, the jury administrator will have provided all counsel with all hardship questionnaire responses save for those already excused for clear-cut excuse under Article X of General Order No. 6. These responses contain juror identifying information and counsel may only share this information — if absolutely necessary — with support staff working on the above-captioned matter. The information may not be shared with the defendants. All responses shall be promptly reviewed by counsel for all parties and discussed to try to reach agreement as to unresolved hardship excuses. By **FEBRUARY 28 AT NOON**, counsel shall jointly submit a list of those excused and those for whom a court ruling is required, which court ruling will occur by **MARCH 4**. The questionnaire responses may not be

copied and counsel must shred all responses or return the responses to the jury administrator after reviewing them.

The summons requires the appearance of the venirepersons on **MARCH 7,** or such other time and date as may be indicated to them by telephone or website notice via the jury administrator. Those excused due to hardship, however, will be notified that they need not appear.

Venirepersons not excused shall be called in by the jury administrator in a group of approximately 150 venirepersons to complete under oath the substantive questionnaire (not the hardship questionnaire). The final version of the substantive questionnaire was previously circulated (Dkt. No. 3397). The questionnaires will be completed in the jury assembly room under the supervision of the jury administrator. The defendants, counsel, and the undersigned judge will not be present. After completion of the substantive questionnaire, responding venirepersons will be allowed to leave subject to returning as needed (unless their presence is immediately needed). Counsel will be provided with copies of the substantive questionnaire at the end of the day.

On **MARCH 8,** counsel shall meet-and-confer in person and shall agree on venirepersons in the list that may be stricken for cause based on the substantive questionnaire and provide the stipulated list to the Court that day (so that the jury administrator may notify only the eligible candidates to appear for voir dire). Counsel shall notify the jury administrator by **4 P.M.** whether any such agreement has been reached.

Starting on **MARCH 9 AT 7:30 A.M.**, counsel and defendants shall be present in the courtroom for jury selection. A panel of approximately 50 unexcused prospective jurors with completed questionnaires shall be called in on a randomly-chosen basis, sworn, and examined. They shall be asked group and individual questions by the Court to be followed by supplemental voir dire by counsel. Hardship issues will inevitably also arise again, even as to those who earlier indicated they could serve. The goal will be to qualify about 24 prospective jurors for cause on this first day of voir dire. The size of the panel may be adjusted as needed but on the second day, March 10, another group of 50 unexcused prospective jurors will be

brought in with the goal of qualifying an additional 24 prospective jurors. If additional days are needed to qualify 48 total prospective jurors, voir dire will extend past two days.

After 48 prospective jurors are cleared for cause, all 48 will be brought in for peremptory challenges on **FRIDAY, MARCH 11.** In addition to the generous peremptories already allowed for by FRCrP 24(b)(2), the defense collectively shall have an additional four peremptories, resulting in a total of 14 peremptories for the defense. The government shall have the minimum six peremptories allowed by law. The sequence of exercise of the peremptories will be modified from the standard two versus one sequence due to the additional peremptories granted to the defense. After all of the challenges for the main jury are exhausted or waived then the 12 with the lowest seat numbers will be the main jury. A pass counts as a challenge. Two consecutive passes by both sides waives all further peremptories.

After the main jury is known, the process will continue as to alternates. After all alternate challenges are used or waived, then the six with the lowest numbers will be the alternates, who shall have priority for substitution into the main jury in accordance with their seat numbers during the selection process. Six alternates shall be selected. The government and the defense shall each have three peremptory challenges for alternates, as provided for by FRCrP 24(b)(4)(C).

Pursuant to the December 10 tentative order, the parties were to submit proposed voir dire prior to the pretrial conference (Dkt. No. 2760). The undersigned has received proposed voir dire questions from the joint defense group, defendant Cruz-Ramirez, and defendant Guillermo Herrera and will consider them (Dkt. Nos. 3461, 3476, 3482). Counsel will be given some time to ask questions supplementary to those by the Court.

**IT IS SO ORDERED.**

Dated: February 17, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3