IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>IVAN CERNA, *et al.*,<br><br>    Defendants.<br>                                   / | No. CR 08-0730 WHA<br><br>**NOTICE RE LETTER RECEIVED FROM JUROR NUMBER 18** |

      The undersigned has received the attached letter from juror number 18. The parties shall notify the undersigned by **MONDAY, MARCH 28 AT NOON** if they believe further follow-up with juror number 18 is necessary.

      **IT IS SO ORDERED.**

Dated: March 25, 2011.

                                              WILLIAM ALSUP
                                              UNITED STATES DISTRICT JUDGE

To whom it may concern-

I have been unable to sleep the past few nights, with a lingering doubt building that I should have forced myself to speak-up during juror selection to elaborate my work duties further.

While I strongly feel none of these will affect my ability to serve in the least, there are simply too many 'what-if's' about the nature of the trial and charges for me to be able to settle my doubts unaired --- and ultimately it is for the court, and attorneys on both sides to decide whether I am fit to serve.

My job consists of three parts.

1. I primarily maintain what is known as the BSA (Bank Secrecy Act) customer risk rating at my employer Wells Fargo. Without divulging sensitive details, this system looks at high risk products, industries (per FinCEN: check-cashers, gas stations, etc.), and countries (i.e. Libya, Iran, etc) and calculates a rating of the customers' perceived risk to the bank based off of that data. The risk is partly that they will launder money, but also partly a reputational component.

    My main duty is to troubleshoot this model. It entails digging into the DOS like systems and looking at customer attributes when the calculation breaks.

2. I also do a bi-weekly newsletter on regulatory trends and other events in the industry. That typically consists of summarizing OFAC Sanction violations, looking to upcoming changes in regulations, and occasionally opining on high-profile regulatory fines or trends in money-laundering that I think might be worth watching out for in the coming months.

3. Lastly, I have some legacy oversight of a temp who inputs Federal Grand Jury Subpoena data into one of our databases, she doesn't report to me, but I'm supposed to check up on her occasionally and ensure she's not slacking off. Personally, I have not input more than a handful in the past 12 months. Prior to the start of the temps' contract, I did this job part-time but – due to the tedious nature of this work - I have zero recall of any 'subjects' I would've input.

I listened intently to the charges, and heard no mention of 'money-laundering' uttered. I believe no parts of the case relate to my industry, nor do I believe if they did, that anything in my experience would prohibit me from being an impartial juror during the course of the trial.

I don't wish to make a mountain out a potential mole-hill, and I truly apologize for allowing my timidity in front of the court and multitude of counsel get the better of me. However, I still view it as vastly better to air my lingering concerns now, than run the risk of them somehow arising and being an issue for either party once the case has actually started. Also, either way, I hope to sleep much better over the next six months.

Thank you

Sincerely,

(Alternate) Juror 18

RECEIVED

MAR 25 2011

Richard W. Wieking
Clerk, U.S. District Court
Northern District of California