1
2
3
4
5
6

IN THE UNITED STATES DISTRICT COURT

7

FOR THE NORTHERN DISTRICT OF CALIFORNIA

8
9

**United States District Court**
For the Northern District of California

10

UNITED STATES OF AMERICA,                    No. CR 08-0730 WHA

11                    Plaintiff,

12    v.                                       **ORDER RE FURTHER RESPONSE RE
                                               JAIME MARTINEZ TESTIMONY**
13    IVAN CERNA, *et al.*

14                    Defendants.

15    _____/

16        By **WEDNESDAY, MAY 18 AT 5 P.M.**, both sides shall please respond to the memoranda

17    filed May 15 and shall please also address the following issues with respect to the Jaime

18    Martinez testimony concerning the defendants' statements described at the end of this order:

19        1.    Should consideration of each statement be limited to the individual

20              defendant who made the statement (according to witness Martinez)?

21        2.    To what extent is any aspect admissible as coconspirator statements

22              against other defendants?

23        3.    Should consideration of these statements be further limited solely to

24              predisposition?

25        4.    Is predisposition a factor such as "motive, opportunity, intent,

26              preparation, plan, knowledge, identity, or absence of mistake or

27              accident," within Rule 404(b) such that reasonable notice in

28              advance of trial should have been given absent good cause? *See*

              *United States v. Simtob*, 901 F.2d 799, 807 (9th Cir. 1990).

United States District Court

For the Northern District of California

5.      When and why should the government have been on clear notice that entrapment would be a defense?

The statements at issue are as follows:

1.      Defendant Erick Lopez's August 2005 alleged statement regarding his observation of Sergeant Mario Molina leaving the police station in his private vehicle and the opportunity to "tail" Sergeant Molina.

2.      Defendant Angel Noel Guevara's alleged statement regarding his founding of a clique in El Salvador.

3.      Defendant Guevara's alleged statements indicating his preference for knives.

4.      Defendant Moris Flores' alleged statement regarding his shooting of a Norteño at the "top of the hill" in Daly City.

5.      Defendant Flores' alleged statement regarding being present during Triste's shooting of a Norteño at a 7-11 in 2006.

6.      Defendant Flores' alleged statement regarding his shooting of a Norteño at 24th Street and Mission Street after pulling his hair.

7.      Defendant Jonathan Cruz- Ramirez's alleged statement regarding "putting in work" as a consequence of his fleeing from a juvenile facility with Norteños.

**IT IS SO ORDERED.**

Dated:  May 16, 2011.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE