IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 08-0730 WHA |
| Plaintiff, | |
| v. | **ORDER RE DEFENSE MEMORANDA RE ENTRAPMENT EVIDENCE** |
| IVAN CERNA, *et al*. | |
| Defendants. | |
| _____/ | |

By **MONDAY, JUNE 6 AT 5 P.M.**, all defense counsel must submit memoranda detailing the evidence received at trial thus far that supports his/her client's claim of entrapment. *See United States v. Poehlman*, 217 F.3d 692 (9th Cir. 2000). The memorandum must lay out the law on the procedure and timeline for deciding whether entrapment must be submitted to the jury, as well as the burden-shifting effect.

Any joint memorandum must be broken down defendant-by-defendant. Specifically, while evidence pertaining to *all* defendants submitting the joint memorandum may be listed in a "joint" section of the memorandum, evidence that does not pertain to *all* submitting defendants must be listed in a separate section devoted to the individual defendant it applies to.

All counsel who submit a joint memorandum must sign the joint memorandum. Joinders to any joint memorandum will not be allowed after the memorandum is submitted. Any defendant not included in the joint memorandum must submit a separate memorandum by the deadline stated above.

The government must respond by **FRIDAY, JUNE 10 AT 5 P.M.** There may have to be further briefing after the defense case rests but the Court needs the assistance of counsel in settling on a procedure for deciding the extent to which entrapment should be submitted to the jury.

**IT IS SO ORDERED.**

Dated: May 27, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2