IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

IVAN CERNA, *et al.*

    Defendants.

                                /

No. CR 08-0730 WHA

**MEMORANDUM OPINION RE SCOPE OF ADMISSIBILITY OF ITEMS SEIZED VIA SEARCHES AND INVITATION FOR SUBMISSION RE RULE 403 OBJECTIONS TO ITEMS CONTAINED IN EVIDENCE BAGS**

Some counsel have repeatedly objected that all items, particularly writings, seized during residence searches can be admitted *only* against the resident and against any other defendants shown to have seen and adopted the writings. The Court has generally overruled these objections, finding that such items were appropriately admitted against all defendants because the probative value outweighed any unfair prejudice and: (1) the items were not offered for the truth of the matter stated therein; or (2) the items fell under the purview of Rule 801(d)(2)(E). Given the oftentimes vague nature of these defense objections, however, counsel were invited to submit briefing on the issue (Tr. 6718–32; Dkt. No. 4251). Specifically, all were invited to address the scope of admissibility of items to which any objection or request for limitation was timely made — even if the objection was already overruled.

Despite this opportunity, the defense declined to provide any particularized discussion of any previously objected-to items, instead arguing that counsel had not been able to review the items at issue before the deadline (Dkt. No. 4297). This explanation is rejected. Defense

counsel have had access to the items at issue even prior to their introduction. The items have also been sitting in bags in evidence in the courtroom available for further inspection. And, even as the items have come in via various witnesses, counsel have in fact studied the items during long pauses in the proceedings. Nonetheless, no attempt has been made to offer at least a partial list of particularized challenges, nor did any defense counsel — except for counsel for defendant Cruz-Ramirez — even offer any explanation for failing to meet the deadline.[1]

On the merits, these points bear noting. *First*, most of the writings have not been offered for the truth of the matter stated therein. For example, a receipt with Angel Noel Guevara's name written on it found at defendant Flores' residence has been offered not for the truth of its contents, but rather as evidence of an association between the two (TX 660). In these instances, the jury has been accordingly instructed or will be so instructed if counsel promptly draws particular attention to the items needing an explicit limitation.[2]

*Second*, our court of appeals has previously found that writings — such as ledger sheets — may fall under Rule 801(d)(2)(E) even though seized via searches. *See United States v. Gil*, 58 F.3d 1414, 1420 (9th Cir. 1995); *United States v. Smith*, 893 F.2d 1573, 1577–78 (9th Cir. 1990). Of course, to be admissible under Rule 801(d)(2)(E), the overall circumstances must permit the inference that a conspiracy existed, the author of the writing and the party against whom the writing is offered were members of the conspiracy, and the writing was made during and in furtherance of the conspiracy. Under Rule 901, the circumstances must also permit the inference that the writing is what it purports to be. By way of example, when officers execute a search warrant and catch a suspected gang member with a ledger sheet of dues paid by members in his possession, Rule 901 is satisfied because the circumstances create a fair inference that the ledger sheet is what it purports to be.

---

[1] The first invitation for briefing was made on May 17 (Tr. 6718). The next invitation for briefing was made the following day (Dkt. No. 4251). Initial briefs were due six days thereafter and the parties were then given three additional days to file any further briefing.

[2] The government's assertion that it has not yet offered any writings for the truth of the matter stated therein is not quite correct. At least some writings seem to have been offered to prove the truth of their contents, such as dues being paid by particular individuals.

The defense has cited no authority for its argument that a writing must be seen by or adopted by other coconspirators to be in furtherance of a conspiracy. This order holds that there is no such limitation. The fact, for example, that a dues record was kept by a record keeper without dissemination to coconspirators does not undo the inference that it was maintained in furtherance of the conspiracy (by the keeping of records).

Nor is there any logic in limiting admissibility to the resident from whom the items are seized. To take a simple example, if half of a torn robbery map was found at one accused's residence and the other half was found at a co-accused's residence, both halves would be admissible against both accuseds. On the other hand, if a letter included a narrative account of an event (such as a crime) and the writing itself was *not* in furtherance of a conspiracy, then it would be fully usable only against the author (as an admission) and anyone shown to have adopted its content (as an admission). Again, however, no decision or rule has been found (and none has been cited) holding that writings seized via search warrant are admissible only against the resident of the searched premises.

*Third*, this order holds that tangible items such as guns, bullets, flags, photographs, and bandanas are generally admissible (subject to other evidentiary rules) as direct proof of the charged crimes and are not potential hearsay. This type of evidence is admissible against all defendants but limited in practical effect by its probative strength and its nexus to the overall fact pattern. A gun found in one accused's residence, for example, may be shown to have been used in a shooting by another accused residing elsewhere. Its location at the time of seizure is no occasion for a special limiting instruction as a matter of law, for the jury will sort out the true probative force of all items and give all items such scope, if any, as they deserve against various accuseds and on various issues. No case law has been found necessarily limiting the jury's use of the evidence to the resident of the premises.

Counsel will be given one last opportunity to provide further specificity. By **THURSDAY, JUNE 9 AT 5 P.M.**, all counsel shall advise the Court in writing of any specific items of evidence already received by that date as to which a limiting instruction in conformity with this opinion should be given or, where a limiting instruction has already been given, should be modified to

3

conform to this opinion.  Please do not try to re-litigate the above holdings.  Please do not ask for a limiting instruction unless the proper objection was made at the time (or before) the item was received.

*     *     *

A related issue concerns generalized Rule 403 defense objections made to entire bags of evidence, rather than particularized objections to individual items contained within these bags of evidence.  For example, although the defense generally objected to government trial exhibits 642 and 644 under Rule 403, no explanation was offered as to why unfair prejudice outweighed the probative value of the individual items contained therein (Tr. 3647–48).  Accordingly, no discernible basis for exclusion was articulated.  Nonetheless, the defense will be given another opportunity to offer further specificity.  Specifically, the defense will have until **THURSDAY, JUNE 9 AT 5 P.M.** to submit particularized Rule 403 objections to *specific* items contained in bags received in evidence by that date so long as a Rule 403 objection was made when the item was received.  This submission should describe the objected-to item with particularity and state why any unfair prejudice substantially outweighs probative value.  If the objected-to item was utilized during cross-examination, this should be pointed out in the submission.  Please do not ask for further extensions.

Replies (by either side) to both submissions are due by **TUESDAY, JUNE 14 AT 5 P.M.**

**IT IS SO ORDERED.**

Dated:  June 2, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE