IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

IVAN CERNA, *et al.*

    Defendants.

                                        /

No. CR 08-0730 WHA

**ORDER RE SCOPE OF ADMISSIBILITY OF PALMA TESTIMONY RE ROBBERIES**

      Walter Palma, a cooperating witness for the government, has testified to a number of robberies or attempted robberies that he participated in first-hand. For most of these incidents, the jury was instructed that it could only consider the incident as evidence of Witness Palma's credibility and/or defendant Walter Cruz-Zavala's predisposition (Tr. 7267, 7277, 7279).[1] The parties, however, were invited to submit briefing on whether the robberies/attempted robberies could be considered for broader purposes (Dkt. Nos. 4302, 4303, 4340).

      After consideration of the parties' submissions and further oral argument by the parties, this order finds that evidence of the three robberies Witness Palma allegedly perpetrated with Defendant Walter Cruz-Zavala in 2008 is admissible as evidence of the charged enterprise and conspiracies. Accordingly, Witness Palma's testimony regarding (1) the robbery outside a Richland Avenue bar, (2) the robbery of a hot dog stand and its customers near 22nd and Capp

---

[1] Defendant Cruz-Zavala originally joined in the defense's proposed joint jury instructions without any qualification (Dkt. Nos. 4110, 4127). These instructions included an entrapment defense instruction. Subsequent to this joinder, however, the Court was notified that defendant Cruz-Zavala did not plan to assert an entrapment defense (Dkt. No. 4391). This matter was further discussed during the June 7 morning proceedings.

Streets, and (3) the robbery of four individuals near Mission and Excelsior Streets is admissible against all defendants (Tr. 7260, 7271, 7273).

In order for criminal activity to be considered racketeering activity, there must be a "nexus" between the charged enterprise and the criminal activity. *United States v. Yarbrough*, 852 F.2d 1522, 1544 (9th Cir. 1989). A sufficient "nexus" exists when an enterprise's resources are being used to conduct the criminal activity, thereby facilitating the criminal activity. *See, e.g., United States v. Marino*, 277 F.3d 11, 27–28 (1st Cir 2002). Here, the government has proffered sufficient evidence that the robberies were facilitated by MS-13's resources.[2] Namely, Defendant Cruz-Zavala and Witness Palma used a .380-caliber firearm shared by MS-13 gang members and were able to readily call upon one another as fellow gang members to serve as reliable crime partners. The defense's distinction between collection/division of crime proceeds among all gang members against allowing members to keep the proceeds of the crimes they themselves committed is too formalistic. The proceeds/benefits from the criminal activity need not be channeled directly back to the enterprise for a "nexus" to exist. *See, e.g., United States v. Payne*, 591 F.3d 46, 64 (2d Cir. 2010); *Marino*, 277 F.3d at 27–28; *United States v. Grubb*, 11 F.3d 426, 439 (4th Cir. 1993). It is sufficient that the gang's resources facilitated the enrichment of its members. The incidents are also relevant to the nature of the charged enterprise and the manner in which it purportedly operated. The jury will accordingly be instructed that it may consider Witness Palma's testimony regarding the three robberies against all defendants.

Of course, if the government solely relied on the three robberies to prove up the racketeering charges, there may an issue of *sufficiency* of the evidence at the end of the case. At this juncture, however, the relevant issue is the *admissibility* of the evidence. There is an adequate nexus between the three robberies and the enterprise such that the robberies are relevant and probative of the racketeering charges against all defendants. The decision in *United States v. Banks*, 514 F.3d 959, 968 (9th Cir. 2008), does not dictate a different result.

---

[2] This theory was forwarded in the third superseding indictment's assertion that one of the purposes of the charged enterprise was to facilitate the commission of crimes (such as robbery) that enriched the enterprise's members.

2

That decision involved the nexus between a violent act and the charged enterprise under VICAR and even then our court of appeals noted that the defendant's only or primary purpose does not need to be to benefit the enterprise. Instead, the decision simply cautioned that all violent acts committed by a gang member are not necessarily sufficient to support a VICAR conviction.

Turning to a different robbery, however, the jury was previously instructed that Witness Palma's testimony regarding his robbery of a drug dealer in the Tenderloin may only be considered to evaluate Witness Palma's credibility (Tr. 7292, 7312). This instruction will stand. Although Witness Palma was accompanied by a fellow 20th Street Clique member ("Magik") for the robbery, the testimony specified that the parties' original intention was not to rob the drug dealer, but simply to purchase drugs. The evidence indicates the robbery was an unplanned crime of opportunity and was effectuated by a .45 caliber-firearm which was not a "gang" firearm. And, an individual not shown to be affiliated with MS-13 ("Ivette"/"Juliette") was present. These circumstances are insufficient to establish a nexus with the enterprise.

Similarly, there is an inadequate nexus between the charged enterprise and the robberies/attempted robberies not involving other gang members or gang firearms. These robberies include: (1) the Daly City robbery Witness Palma perpetrated with "Ivette"/"Juliette" and "Lordis"/"Lela" on August 11, 2008; (2) the robbery and attempted robbery of taco trucks Witness Palma perpetrated with "Ranchero" on July 30, 2008; and (3) the taco truck robbery Witness Palma perpetrated with "Ivette"/"Juliette" on August 6, 2008 (Tr. 7277, 7279, 7280, 7290). The jury was previously instructed that it could only consider these incidents to evaluate Witness Palma's credibility and these instructions will stand.

**IT IS SO ORDERED.**

Dated: June 7, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3