**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

IVAN CERNA, *et al*.

    Defendants.

                                     /

No. CR 08-0730 WHA

**ORDER RE SEQUENCE OF DEFENSE CASES**

With respect to the defense cases, the Court has read defense counsel's submission. It is acceptable if one (of the seven) defense cases presents the common witnesses. On the other hand, it will not work to proceed by committee. At all times the prerogative and duty to go forward with the next witness must be clear and unavoidable. Consequently, after due consideration, the sequence of the defense cases will remain as follows:

1. Angel Noel Guevara  (Attorney Martinez/Attorney Naegele)
2. Moris Flores (Attorney Rosenbush)
3. Marvin Carcamo (Attorney Behzadi)
4. Jonathan Cruz-Ramirez (Attorney Philipsborn/Attorney Raffanti)
5. Guillermo Herrera (Attorney Sabelli)
6. Walter Cruz-Zavala (Attorney Pollock)
7. Erick Lopez (Attorney Goodman)

When any witness is examined by one defense counsel, all other counsel must then examine on all points so that the witness will be completed in one appearance. This means that advance notice must be given in writing by the defense counsel presenting his or her case as to who he or she intends to call (so that other counsel can prepare). Such notice must be via the rolling list of the next 15 witnesses as per the April 28 order (Dkt. No. 4106). If the first or any later counsel undertakes to call a group of common witnesses (*e.g.*, agents) then such counsel may do so but all other counsel must complete their examinations when that witness appears.

The proponent of a witness has the duty to timely issue valid subpoenas, to comply with any DOJ or other regulations, and to make all appropriate and timely motions as needed to head off delays.

This is a firm order and sequence. The Court has given adequate time for the defense to confer on a firm plan but they have supplied only partial ideas. If any counsel wish to move for an adjustment, a formal motion must be made in writing by **JUNE 17 AT 5 P.M.** Stipulated revisions by the defense will be welcomed but will not necessarily be granted, especially if they leave the responsibility for presenting evidence to a committee or to contingencies. To repeat, it is important that at all points in time, counsel for an identifiable defendant have the clear responsibility to go forward with the next witness or to rest. Defense counsel must be ready to present the defense evidence as soon as the government rests, all Rule 29 motions to be deemed reserved until a time window adequate to address them.

**IT IS SO ORDERED.**

Dated: June 9, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE