IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>IVAN CERNA, *et al*.<br><br>    Defendants.<br>  _____/ | No. CR 08-0730 WHA<br><br>**ORDER RE GOVERNMENT'S METRO PCS DOCUMENT CUSTODIAN AND T-MOBILE DOCUMENT PRODUCTION** |

At today's hearing, Attorney Wilson Leung stated that the document custodian for Metro PCS — scheduled to testify next week — would state that a cell site is selected based upon the strength of a radio signal, which in turn is a function of proximity, obstructions (such as buildings), and possibly other factors. This exceeds the scope of what the Court indicated it would allow without a proper expert showing. At most, the custodian will be permitted to say that the cell phone was "within radio range" of the cell tower handling the traffic (*see* Tr. 10305).

If the government (or the defense) wishes to go beyond this statement ("within radio range"), then it will be necessary to satisfy the expert disclosure requirements and to present a qualified witness under Rule 702. It would seem to be extremely late in the day to notice new experts. Nonetheless, since at least one defense attorney now seeks to introduce a new expert opinion not previously noticed, then possibly (or possibly not) a late disclosure on this issue might be allowed. Moreover, a document custodian would not ordinarily be qualified to say

anything more than a cell phone was in radio range of a certain cell tower and the testimony must be limited accordingly.

Absent further order, the government may only authenticate the records and elicit the statement that the cell phone was within radio range of the cell site indicated (without opining as to how far radio ranges can be).

Regarding a separate phone records matter, defendant Moris Flores' allegation that the government committed a discovery violation for failing to produce certain T-Mobile call detail records is rejected. Although the records were originally produced in portrait format rather than landscape format, all contents of the records at issue were previously produced. If defense counsel had questions regarding the records, counsel should have sought to clarify the matter with the government.

Dated:  June 24, 2011.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE