United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARVIN CARCAMO, *et al*.<br><br>Defendants.<br>_____/ | No. CR 08-0730 WHA<br><br>**ORDER RE ENTRAPMENT DEFENSE AND GOVERNMENT MOTION TO REQUIRE OFFER OF PROOF** |

"To raise entrapment, defendant need only point to evidence from which a rational jury could find that he was induced to commit the crime but was not otherwise predisposed to do so." *United States v. Poehlman*, 217 F.3d 692, 698 (9th Cir. 2000) (citation omitted). In our case, this means that each defendant must point to evidence on both inducement and lack of predisposition to commit the crime in question. This must be done count-by-count and defendant-by-defendant. At the close of the defense case, therefore, each defense counsel shall separately file a memorandum specifying all trial evidence specific to his or her client as to each count for which entrapment is claimed. This must be submitted no later than **24 HOURS** after the defense rests, which is still far enough away that defense counsel can effectively prepare. Counsel must explain how all elements of entrapment have been plausibly established as per the appended tentative instruction. Joinders will not be allowed, for this evaluation needs to be done count-by-count and defendant-by-defendant. Additionally, if any counsel believe the tentative instruction is an incorrect statement of the

law, counsel must explain why. The Court already knows that the tentative instruction goes beyond the "model" instruction so any critiques must cite to Ninth Circuit law.

The Court will go with the above procedure, allowing the defense to complete its case, instead of the government's proposal to require an offer of proof.

Within **48 HOURS** after the defense submissions, the government may respond, again defendant-by-defendant.

**IT IS SO ORDERED.**

Dated: July 19, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2

**TENTATIVE INSTRUCTION ON ENTRAPMENT**

You have heard evidence that Jaime Martinez and Roberto Acosta, also known as 1211 and 1218, and perhaps others, were informants for the government. An issue for you to decide is whether the informants were authorized by the government to entrap any specific defendant to commit any specific offense charged. If any defendant was entrapped into committing a charged offense, then that defendant cannot be convicted for that particular offense. The government has the burden of proving beyond a reasonable doubt that each offense charged was not the result of entrapment. With respect to any given defendant and any given offense, this means that the government must prove either: (1) the defendant committed the offense without being induced to do so by a government agent; or (2) even if there was such inducement, the defendant was already predisposed to commit the offense before being contacted by a government agent.

I will now elaborate on the first issue, namely the issue of inducement by a government agent. This divides into two parts, namely what constitutes inducement and when an informant is a government agent for purposes of entrapment.

I will now address inducement. There can be no entrapment without government inducement. Inducement is offense-specific and defendant-specific, meaning the inducement must be directed toward committing the conduct constituting the specific offense and must be directed toward a particular defendant or particular group including the defendant. In determining whether a defendant was induced by a government agent to commit an offense in question, the issue is whether conduct by a government agent created a substantial risk that an otherwise innocent person would commit the offense charged. Examples of such conduct might be persuasion, fraudulent representations, threats, coercive tactics, harassment, promises of reward, or pleas based on need, sympathy or friendship. The government, however, may use artifice and strategies to investigate criminal activities. For inducement, it is not enough that a government agent merely provided an opportunity to commit a crime. Nor would it necessarily be enough that a government agent himself participated in the crime;

3

rather, the issue is whether the government's conduct created substantial risk that an otherwise innocent person would commit the offense charged.

Now I will elaborate on when someone is deemed to be a government agent. The mere fact that someone acted as an informant for the government or received compensation from the government does not necessarily mean he was a government agent for purposes of entrapment. If an informant induced someone to commit a crime, it counts as government inducement for entrapment purposes only if the government authorized, directed, or supervised the acts of inducement or expected such inducement would occur and allowed it to occur. Put differently, if a government informant induces a crime, it does not necessarily follow that a government agent induced the crime. In determining whether and when someone was acting as a government agent, you must look to all the circumstances existing at the time of that person's activities in connection with the crimes charged in this case, including but not limited to: the nature of that person's relationship with the government, the purposes for which it was understood that person might act on behalf of the government, the instructions given to that person about the nature and extent of permissible activities, and what the government knew about those activities and permitted or used.

Remember that there is a difference between a cooperating witness and an informant. An informant is someone who gathers evidence on suspected criminal activity while that activity is underway. A cooperating witness, in contrast, is someone who testifies at trial about what happened in the past when the witness was part of the charged conduct. A mere cooperating witness who was not also an informant is not a government agent for purposes of entrapment.

I will now elaborate on the question of predisposition. Even when a government agent induces a crime, there is no entrapment for a defendant already predisposed to commit the crime in question before any contact with a government agent. In determining whether a defendant was predisposed to commit the crime before encountering a government agent, the following points may be considered: (1) whether the defendant demonstrated reluctance to commit the offense; (2) the defendant's character, reputation, and prior criminal history; (3)

4

whether the government agent initially suggested the criminal activity; (4) whether the defendant engaged in the criminal activity for profit; and (5) the nature of the government agent's inducement or persuasion.  If the defendant was already predisposed to commit the crimes in question, then you need not even consider whether he was induced to do so.