IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARVIN CARCAMO, *et al*.<br><br>Defendants.<br>_____ / | No. CR 08-0730 WHA<br><br>**ORDER TO EXCLUDE<br>ENTRAPMENT DEFENSE** |

The Court has allowed the defense a full opportunity to put on evidence regarding the possibility of entrapment by government informants. Now that the defense case-in-chief has closed, there has been extensive briefing as to the factual record and the question of whether an entrapment instruction should be given in the first place. Two defendants have alerted the Court they will no longer assert entrapment, but five defendants persist in alleging entrapment. The Court has given careful consideration particularly to the factual evidence. As our court of appeals has explained, "[w]hile it can be slight, there still must be some evidence demonstrating the elements of the defense before an instruction must be given." *United States v. Spentz*, __ F.3d __, 2011 WL 3195708 (9th Cir. July 28, 2011).

In the Court's judgment, there is not sufficient trial evidence from which a reasonable jury could find that any of the defendants were induced to commit the offenses charged by government agents and/or that a reasonable jury could find that said defendant was not predisposed before contact with any federal agent. In the Court's judgment the trial record

falls short regardless of whether the Court's proposed view of the law of entrapment is used versus whether the model instruction is used.

**IT IS SO ORDERED.**

Dated: August 2, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE