1

2

3

4

5

6                      IN THE UNITED STATES DISTRICT COURT

7                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9

10    UNITED STATES OF AMERICA,                    No. CR 08-0730 WHA

11              Plaintiff,

12    v.

13    ANGEL NOEL GUEVARA,
      MORIS FLORES,                                **COURT'S SECOND PROPOSED**
14    MARVIN CARCAMO,                              **CHARGE TO THE JURY AND**
      JONATHAN CRUZ-RAMIREZ,                       **SPECIAL VERDICT FORM**
15    GUILLERMO HERRERA,
      WALTER CRUZ-ZAVALA, and
16    ERICK LOPEZ.

17              Defendants.

18    _____/

19

20         Appended hereto is a second proposed formal charge and special verdict form for

21    review and comment by counsel.  Given the three charging conferences already held on the

22    first drafts, counsel will please concentrate any further critique to points not previously made.

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

**1.**

Members of the jury, now that you have heard all the evidence, we are about to hear closing arguments by counsel but it may assist you for me first to give you some considerations about how to evaluate evidence and some pointers about closing argument. This will take close to an hour. Then we will have closing arguments. That will take several days. After the closing arguments, I will instruct you on the 22 counts at issue and what the government must prove to sustain a conviction. A copy of all of these instructions will be available in the jury room for you to consult as necessary.

**2.**

It is your duty to weigh and to evaluate all the evidence received in this case and to decide the facts. To those facts you must apply the law as I give it to you. You must apply the law as I give it to you whether you agree with the law or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. In following my instructions, you must follow all of them and not single out some and ignore others. You must not read into these instructions or into anything the Court may have said or done as suggesting what verdict you should return — that is a matter entirely up to you.

**3.**

You are here to determine whether each defendant is guilty or not guilty of the crimes charged in this case. Your determination must be made only from the evidence received at the trial. Defendants are *not* on trial for any conduct or offense *not* charged in this case.

**4.**

The charges against defendants are set forth in the indictment. The indictment will not be in the jury room during your deliberations. During jury selection, I summarized the indictment for you in a statement of the case. I also provided you with a summary of the charges in the indictment in the beginning of the trial. I will summarize each charge for you in my later instructions and tell you the elements that must be proven by the government. Neither the indictment or my summaries are evidence.

**5.**

The defendants have pled not guilty.  The defendants are presumed to be innocent and have no burden to prove anything.  It is important for you to understand that a defendant in a criminal case has a constitutional right not to testify.  No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that a defendant in this case did not testify.  In addition, a defendant does not have to present any evidence to prove his innocence. The defendants began the trial with a "clean slate" — with no evidence against them.  As to each count, the government has the burden of proving every element of the offenses.  Anytime I say in these instructions that the government has the burden of proof, it means proof beyond a reasonable doubt.

**6.**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that a defendant is guilty.  It is not enough for the government to prove that it is "more likely than not" that a defendant is guilty.   It is not required, however, that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that a defendant is guilty as charged, it is your duty to find that defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that a defendant is guilty as charged, it is your duty to find that defendant guilty.

**7.**

The evidence from which you are to decide what the facts are consists of:

1. The sworn testimony of witnesses, on both direct and cross-examination, regardless of who called the witness;

2. The exhibits received into evidence;

3.     Any stipulated facts; and

4.     Any facts given to you by way of judicial notice.

**8.**

Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1.     Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.     A suggestion in a question to a witness is not evidence unless it is agreed to by the answer.

3.     Objections by lawyers are not evidence.

4.     Testimony or exhibits that have been excluded or stricken, or that you have been instructed to disregard, are not evidence and must not be considered.  In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

5.     Anything you may have seen or heard outside of the trial is not evidence.

**9.**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned-on garden hose, may explain the presence of water on the sidewalk.  Therefore, before

4

you decide that a fact has been proven by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

You should consider both direct and circumstantial evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

**10.**

For recordings, some were in English.  The transcripts were shown to you for your convenience.  When the audio recording is in English, however, it is the audio recording itself that is the evidence, not the transcript.  If you heard something on the recording different from what appeared in the transcript, what you heard is controlling.

For foreign language recordings, however, transcripts of the recordings containing official English-language translations were admitted.  In these instances, it is the English-language translation that is the evidence, not the recording.  Although some of you may know the Spanish language, you must go by the English-language translation in the transcripts.  For these foreign language recordings, however, you may consider the tone of voice and, where there is a dispute over what was said, whether the quality of the recording would have impacted the accuracy of the transcription and translation of the recording.

Some exhibits may have some Spanish-language writings on them, but will not be accompanied by a translation.  You are to disregard and not translate all such Spanish-language writings, except for writings that you find are simply monikers, clique names or dates.

**11.**

You have heard testimony about recordings made by informants, some of which were received in evidence and some of which were not.  You should not speculate about recordings not received in evidence.  The question is whether or not the testimony and exhibits received in evidence are sufficient to prove the charges against defendants and, in evaluating that question, you should not speculate about items not received in evidence.  Some exhibits have redacted passages.  You may not speculate about what has been redacted.  Redactions are irrelevant material.

**12.**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it or none of it. In considering the testimony of any witness, you may take into account:

1.    The opportunity and ability of the witness to see or hear or know the things testified to;

2.    The ability of the witness to remember the events testified to;

3.    The witness' manner while testifying;

4.    Any interest of the witness in the outcome of the case;

5.    Any bias or prejudice;

6.    Whether other evidence contradicted the witness' testimony;

7.    The reasonableness of the testimony in light of all the evidence; and

8.    Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. Nor does it depend on which side called the witnesses or produced evidence. What is important is how much weight you think the evidence deserves.

**13.**

A discrepancy in a witness' testimony or between a witness' testimony and that of other witnesses does not necessarily mean that the witness should be discredited. Inability to recall is common. Innocent misrecollection is not uncommon. Two persons witnessing an incident or a transaction sometimes will see or hear it differently. Whether a discrepancy pertains to an important matter or only to something trivial may be considered by you.

However, a witness who willfully testifies falsely in one part of his or her testimony may be distrusted in others. You may reject the entire testimony of a witness who has willfully testified falsely on a material point unless, from all the evidence, you believe that the probability of truth favors his or her testimony on other particulars. It is always, however, up to you to decide how much weight to give any testimony by any witness.

**United States District Court**
For the Northern District of California

**14.**

You have heard testimony of eyewitness identifications.  In deciding how much weight to give to this testimony, you may consider the various factors mentioned in these instructions concerning witness credibility.  In addition to those factors, in evaluating eyewitness identification testimony, you may also consider:

1.    The capacity and opportunity of the eyewitness to observe the offender based upon the length of time for observation and the conditions at the time of observation, including lighting, distance and angle of view;

2.    Whether the identification was the product of the eyewitness' own recollection or was the result of subsequent influence or suggestiveness;

3.    Any inconsistent identifications made by the eyewitness;

4.    The witness' familiarity with the subject identified, including whether the offender was of a different race from the witness;

5.    The strength of earlier and later identifications;

6.    Lapses of time between the event and the identification(s);

7.    The totality of circumstances, including combinations of the foregoing factors, surrounding the eyewitness' identification;

8.    The fairness of the photographic lineup shown to the eyewitness; and

9.    The fairness of the way in which the lineup was shown to the eyewitness.

Of course, the testimony of any eyewitness should be evaluated in light of all other eyewitnesses and all other evidence in the case.

**15.**

You have heard testimony from persons who, because of education or experience, were permitted to state opinions and the reasons for their opinions.  Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves.

**United States District Court**
For the Northern District of California

**16.**

You have heard testimony that some defendants made statements.  It is for you to decide:  (1) whether the defendant made the statement; and (2) if so, how much weight to give to it.  In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant may have made it.

**17.**

You have heard testimony from witnesses who pled guilty to crimes arising out of the same events for which the defendants are on trial.  As stated before, their guilty pleas are not evidence against the defendants, and you may consider their guilty pleas only in determining these witnesses' believability.

These and other witnesses entered into cooperation agreements with the government.  This means that they agreed to cooperate with the government and to testify on the government's behalf in exchange for a benefit from the government in the form of a recommendation for a reduced sentence in connection with this case or another case or other benefits for themselves or their family members.

For these reasons, in evaluating the testimony of these witnesses, you should consider whether and/or the extent to which the witnesses' testimony may have been influenced by any of these factors.  You should examine their testimony with greater caution than that of other witnesses.

**18.**

You have heard testimony from an informant — Jaime Martinez — who was involved in the government's investigation and heard about the use of other individuals as informants.  Law enforcement officials may engage in stealth and deception, such as the use of informants and undercover agents, in order to investigate criminal activities.  Undercover agents and informants may use false names and appearances and assume the roles of members in criminal organizations.

**19.**

During closing argument, counsel possibly will place transcripts of trial testimony or exhibits on the Elmo to remind you of certain evidence. This is proper but I need to remind you that while exhibits will be in the jury room for your deliberations, there will not be any trial transcripts for you to see.

**20.**

Now we are going to hear closing argument by counsel. This will take several days, given the scope of the trial. Please remember that nothing said by counsel constitutes evidence. What they say is all argument. That a lawyer may say in closing that a witness or document made a certain point at the trial or omitted a certain point may or may not be correct. You should vet all factual contentions by counsel against what you remember the evidence to be and if you remember it differently, your memory of it controls. Please pay close attention because this is an important opportunity for counsel to explain to you what they contend has or has not been proven.

**21.**

Now we turn to the specific counts charged in this case. A separate offense is charged in each count. You must decide each count separately and when the count charges more than one defendant, decide separately as to each defendant.

You are free to deliberate over the counts in any order you think most effective. You may possibly determine that certain counts ought to be considered in light of each other and consider them out of strict numerical sequence. To repeat, you are not required to address them in strict numerical sequence, so long as you decide all of the counts eventually.

**22.**

The indictment charges 22 counts. Your verdict must be unanimous on each of the 22. You will receive a special verdict form that may help to guide and organize your answers. The Clerk will now pass out to each of you an individual working copy of the special verdict form. I will pause for a few moments so you can scan the special verdict form. Do not start penciling in any answers. Please leave it totally blank until you begin deliberations.

**23.**

I will now give you specific instructions of law that you must follow in answering the questions.  I will start with Count One and go through the counts in order, but as I stated, you may deliberate over the counts in any order you think best.

**24.**

Count One charges that each defendant on trial — along with others known and unknown — knowingly and intentionally conspired with at least one other person to conduct or to participate in the conduct of the affairs of a racketeering enterprise — MS-13 — in violation of 18 U.S.C. 1962(d).  For simplicity, I will refer to this alleged conspiracy as the "RICO conspiracy."  RICO refers to the Racketeer-Influenced and Corrupt Organization Act found at Title 18 of the United States Code.  Section 1962(d) makes it unlawful to conspire to do certain things.

In order to prove a defendant violated 18 U.S.C. 1962(d), as charged in Count One, the government must prove all of the following elements beyond a reasonable doubt:

*First*, there was a conspiracy between two or more persons to conduct or participate, directly or indirectly, in the conduct of the affairs of an enterprise, through a pattern of racketeering activity.  The terms "enterprise" and "pattern of racketeering activity" will be explained in a moment.

*Second*, the defendant knowingly and intentionally joined or became a member of the conspiracy, knowing of its essential purpose and intending to facilitate it.  An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

*Third*, the common understanding and contemplation within the conspiracy, including by the defendant, was that the enterprise would be conducted in such a way that one or more members of the conspiracy would commit more than one racketeering act.  The government is not required to prove that anyone actually committed two racketeering acts or that any particular defendant agreed that he personally would commit two racketeering acts.  The

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1  government must, however, prove the defendant was aware of the essential nature and scope

2  of the enterprise and intended to participate in it, understanding that two or more racketeering

3  acts were contemplated in the conduct of the affairs of the enterprise.  You must unanimously

4  agree on at least two racketeering acts he understood would be committed.

5      I will now define some of these terms for you.  Unless I specify otherwise, these

6  definitions apply to all instances where I use the terms in these instructions.

7      **Conspiracy**

8      A conspiracy is a kind of criminal partnership — an agreement between two or more

9  persons to commit a crime.  To be convicted of conspiracy, an individual must conspire with

10  at least one co-conspirator.  There can be no conspiracy, however, when the only person with

11  whom a defendant allegedly conspired was a government agent or informant.

12      Again, the crime of conspiracy is the agreement to commit a crime.  It does not matter

13  whether the crime agreed upon is ever actually committed.  For example, if two people

14  actually agree to rob a bank, it would not matter, for purposes of criminal conspiracy, that

15  they wind up not robbing the bank or even attempting to do so.

16      For an agreement, it is not necessary to have a written or express agreement or

17  complete agreement on all details of the scheme.  An informal understanding is enough.  Nor

18  is it necessary that all members of a conspiracy join at the same time.  One may join a

19  conspiracy after it is already in progress.

20      One may become a member of a conspiracy without full knowledge of all the details

21  of its unlawful scheme and without knowledge of the names, identities or locations of all of

22  the other members.  Even if someone does not directly conspire with all or most other

23  conspirators in the overall scheme, he agrees, in effect, to participate in the conspiracy if:

24  (1) he directly conspires with one or more conspirators to carry out at least one of the objects

25  of the conspiracy; (2) he knows or has reason to know that other conspirators were involved

26  with those with whom he directly conspires; and (3) he has reason to believe that whatever

27  benefits he might get from the conspiracy were probably dependent upon the success of the

28  entire venture.

United States District Court
For the Northern District of California

It is not necessary for the government to prove that any defendants on trial dealt directly with any other defendants on trial.  Nor is it necessary for the government to prove that any defendant on trial was with any other defendant on trial during any given alleged incident.  It is, however, necessary for the government to prove that each defendant on trial was a member of the charged conspiracy after he turned 18 years old and to prove all other elements of the conspiracy charge.

It is not a defense that a person's participation in a conspiracy is minor or for a short period of time.  After turning 18, one who willfully and knowingly joins or remains in an existing conspiracy is as responsible for it as any other co-conspirator.  Events that occurred before a conspirator joined a conspiracy may be considered by you to prove the nature and scope of the conspiracy at the time he joined.  On the other hand, one who has no knowledge of the conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a co-conspirator.  Similarly, a person does not become a co-conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists or merely being present at the scene of a transaction or event related to the conspiracy.

I said a moment ago that a criminal conspiracy is an agreement to commit a crime.  What is the underlying crime in Count One?  Under the RICO statute, it is a crime to conduct, or to participate in the conduct of, the affairs of an enterprise through a pattern of racketeering activity.  In turn, the RICO statute further makes it a crime to conspire to conduct, or to participate in the conduct of, the affairs of an enterprise through a pattern of racketeering activity.  Count One charges RICO conspiracy.

**Enterprise**

The term enterprise is part of the requirement that the government prove an agreement to conduct or to participate in the conduct of the affairs of an enterprise.  What is an enterprise?  An enterprise is a group of people who have associated together for a common purpose of engaging in a course of conduct over a period of time.  This group need not be a corporation or formal partnership or other legally recognized entity.  In addition to having a

United States District Court

For the Northern District of California

1   common purpose, the group must have an ongoing organization, either formal or informal, but

2   no particular structure is required.  The personnel of the enterprise may change over time.

3          The government must prove that the charged enterprise itself, or the racketeering

4   activities of those associated with it, had some effect upon interstate or foreign commerce.

5   The effect may occur in any way and it need only be minimal.  This requirement is met if the

6   enterprise or its activities involved interstate or foreign communication devices (e.g.

7   telephone, internet, United States Postal Service) or the possession and use of firearms which

8   traveled in interstate or foreign commerce.

9          **Pattern of Racketeering Activity**

10         The government must also prove that the conspiracy contemplated that the enterprise

11  would be conducted through a pattern of racketeering activity.  A "pattern of racketeering

12  activity" is more than a single racketeering act, that is two or more racketeering acts, that have

13  a relationship to each other and that amount to or pose a threat of continued criminal activity.

14  Racketeering acts have a relationship to each other when they have the same or similar

15  purposes, results, participants, victims, or methods of commission.  Sporadic or widely

16  separated and isolated criminal activity does not form a pattern of racketeering activity.

17         **Racketeering Act**

18         The RICO statute defines a racketeering act to be any of a long list of certain crimes,

19  some of which are other federal crimes and some of which are state crimes.  I will now list the

20  racketeering acts alleged in this case and tell you what must be proven for each.  The

21  government need only prove two having a relationship, not the entire list.  The two

22  contemplated racketeering acts may be of the same type; for example, murders.

23         *Murder —* Murder means unlawfully killing a person with malice aforethought.  There

24  are two kinds of malice aforethought:  express malice aforethought and implied malice

25  aforethought.  Proof of either is sufficient to establish the state of mind required for murder.

26  A person acts with express malice aforethought if he has a specific intent to unlawfully kill.

27  A person acts with implied malice aforethought if:  (i) the killing results from an intentional

28  act; (2) the natural consequences of the act are dangerous to human life; and (3) the act was

deliberately performed with knowledge of the danger and with conscious disregard to human life.

Malice aforethought does not require hatred or ill will toward the victim.  It is a mental state that must be formed before committing the act that causes the victim's death.  It does not require deliberation or the passage of any particular period of time.

*Attempted Murder* — Attempted murder consists of taking at least one direct but ineffective step toward killing another person and doing so with express malice aforethought — which I defined for you in my discussion of murder.  The direct but ineffective step must be more than merely planning or preparing to commit the crime or obtaining or arranging for something needed to commit the crime — it must indicate a certain and unambiguous intent to commit the crime.  The act must be an immediate step towards the commission of a the crime and must put a plan in motion so that the plan will, if completed, result in the crime being committed.

*Conspiracy to Commit Murder* — Conspiracy to commit murder consists of the following three essential elements:  (i) a person specifically and intentionally agrees with one or more others to commit murder; (ii) at the time of the agreement, the person and one or more of the other alleged members of the conspiracy harbors express malice aforethought — which I previously defined for you; and (iii) an overt act is committed by one or more of the persons who agree and intend to commit murder.  An "overt act" is an act by one or more of the members of the conspiracy that is done to help accomplish the agreed-upon crime.  The overt act must happen after the person has joined the conspiracy.  The overt act must be more than the act of agreeing or planning to commit the crime, but it does not have to be a criminal act itself.

*Solicitation of Murder* — Solicitation of murder consists of the following three essential elements:  (i) a person requests someone else to commit or join in the commission of the crime of murder; (ii) the person specifically intends that the crime of murder be committed; and (iii) the soliciting message is received by the intended recipient.

*Robbery* — Robbery consists of the following five essential elements:  (i) a person

United States District Court

For the Northern District of California

takes property that is not his or her own; (ii) the property is taken from another person's possession and immediate presence; (iii) the property is taken against that person's will; (iv) the perpetrator uses force or fear to take possession of the property or maintain possession of the property; and (v) when the perpetrator takes the property, he or she specifically intends to permanently deprive the property from whomever it was taken. The intent to take the property must be formed before or during the time that he or she uses force or fear. If this intent arises only after the use of force or fear, then there is no crime of robbery.

*Attempted Robbery* — Attempted robbery consists of the following two essential elements: (i) taking a direct but ineffective step toward committing robbery; (ii) with specific intent to commit robbery. I previously defined "direct but ineffective step" for you in my definition of attempted murder.

*Extortion* — Extortion consists of the following four essential elements: (i) obtaining money or property from a victim; (ii) with the consent of the victim; (iii) when such consent is induced by the wrongful use of force or fear; and (iv) the perpetrator uses force or fear with the specific intent to induce the victim to consent to give up his or her money or property. The term consent has a special meaning here. Consent for extortion can be coerced or unwilling, as long as it is given as a result of the wrongful use of force or fear. The threat or use of force must be the controlling reason that the other person consents. If the other person consents because of some other controlling reason, there is no extortion. The threat may involve harm to be inflicted by the perpetrator or by someone else.

*Attempted Extortion* — Attempted extortion consists of the following two essential elements: (i) taking a direct but ineffective step toward committing extortion; (ii) with the specific intent to commit extortion. I previously defined "direct but ineffective step" for you in my definition of attempted murder.

\*                    \*                    \*

All of the foregoing are state crimes but are incorporated into the federal RICO statute as racketeering acts. Now I will tell you about other federal offenses that qualify as racketeering acts under the RICO statute.

**United States District Court**
For the Northern District of California

16

United States District Court

For the Northern District of California

1    *Possession with Intent to Distribute a Controlled Substance* — Possession with intent

2    to distribute a controlled substance consists of the following two essential elements:

3    (i) knowingly possessing the controlled substance; (ii) with the intent to deliver it to

4    another person.

5    *Narcotics Conspiracy* — The crime of conspiracy to distribute or to possess with

6    intent to distribute a controlled substance consists of the following three essential elements:

7    (i) two or more persons agree either to distribute a controlled substance or to possess a

8    controlled substance with the intent to distribute it; (ii) the accused co-conspirator knows the

9    agreement has an unlawful object or purpose; and (iii) the accused co-conspirator joins in the

10   agreement intending to deliver or transfer possession to another person.

11   *Witness Retaliation and Tampering* — Witness retaliation and tampering means killing

12   or attempting to kill another person with the intent to do one of the following:  (a) prevent the

13   attendance or testimony of another person in an official proceeding; (b) prevent the

14   production of a record, document or other object in an official proceeding; or (c) prevent the

15   communication by any person to a law enforcement officer or judge of the United States of

16   information relating to the commission or possible commission of a federal offense or a

17   violation of conditions of probation, parole or release pending judicial proceedings.

18       Witness retaliation and tampering also means using physical force or the threat of

19   physical force against another person, or attempting to do so in order to:  (1) influence, delay

20   or prevent the testimony of any person in an official proceeding; (2) cause or induce another

21   person to:  (a) withhold testimony or withhold a record, document or other object from an

22   official proceeding; (b) alter, destroy, mutilate or conceal an object with intent to impair the

23   integrity or availability of the object for use in an official proceeding; or (c) be absent from an

24   official proceeding to which that person has been summoned by legal process; or (3) hinder,

25   delay or prevent the communication by any person to a law enforcement officer or judge of

26   the United States of information relating to the commission or possible commission of a

27   federal offense or a violation of conditions of probation, parole or release pending

28   judicial proceedings.

17

*Obstruction of Justice* — Obstruction of justice means influencing, obstructing, impeding, or trying to influence, obstruct, or impede the due administration of justice and doing so corruptly, or by threats or force, or by any threatening communication, with the intent to obstruct justice.

*     *     *

This concludes the list of alleged racketeering acts.  Remember that the government must prove that the conspiracy was to conduct or to participate in the conduct of the affairs of an enterprise through a pattern of racketeering activity, including at least two alleged racketeering acts.

Your verdict on Count One, if unanimous, must be entered under Question 1A on the special verdict form.  You will do the same for all other counts — enter your unanimous verdict for each count under the question that corresponds to that count.

**25.**

If you find any defendant guilty of the RICO conspiracy in violation of 18 U.S.C. 1962(d), you must then determine whether the government has proven beyond a reasonable doubt that certain particular offenses were part of the pattern of racketeering activity that the defendant knowingly agreed would be committed within the essential nature and scope of the enterprise and fill out Question 1B on the special verdict form accordingly.  These offenses are:  (1) murder, regardless of degree; and (2) conspiracy to commit murder.  The elements of these offenses were just provided to you.  You must determine whether each defendant knowingly agreed that either of these two offenses would be part of the activity taken in furtherance of the RICO conspiracy charged in Count One.  Your decision must be unanimous.

**26.**

Turning to Count Two, it is another conspiracy charge against all defendants but charges a different type of conspiracy.  Count Two charges that all defendants on trial — along with others known and unknown — knowingly and intentionally conspired with one another to commit murder in aid of racketeering in violation of 18 U.S.C. 1959(a)(5).

18

United States District Court

For the Northern District of California

1    Specifically, the indictment alleges that the defendants agreed to kill actual and suspected

2    Norteños, actual and suspected members of other gangs, and individuals suspected of

3    cooperating with law enforcement, in order to gain entrance to, or to maintain or increase their

4    position in the alleged enterprise.  This is not an alleged RICO conspiracy but an alleged

5    conspiracy under 18 U.S.C. 1959(a)(5).

6         In order to prove a defendant violated 18 U.S.C. 1959(a)(5), the government must

7    prove the following elements beyond a reasonable doubt.

8         *First*, an enterprise affecting interstate or foreign commerce existed.  The requirements

9    to prove an enterprise were previously explained to you in my discussion of Count One.

10        *Second*, the enterprise engaged in racketeering activity.  Racketeering activity was

11   previously defined for you in my discussion of Count One.

12        *Third*, the defendant conspired to commit murder.  The elements the government must

13   prove beyond a reasonable doubt to establish a conspiracy to commit murder were previously

14   explained to you in my discussion of Count One.

15        *Fourth*, the defendant's purpose in conspiring to commit murder was to gain entrance

16   to, or to maintain or increase his position in the enterprise.  It is not necessary for the

17   government to prove that this motive was the sole purpose, or even the primary purpose of the

18   defendant in committing the charged crime.  You need only find that gaining entrance to, or

19   maintaining or increasing his position in the enterprise was a substantial purpose of the

20   defendant or that he committed the charged crime as an integral aspect of membership in the

21   enterprise.  An incidental motivation, however, is not enough.

22        In determining a defendant's purpose in committing the alleged crime, you must

23   determine what he had in mind.  Since you cannot look into a person's mind, you have to

24   determine purpose by considering all the facts and circumstances before you.

**27.**

26        Turning to Count Three, it is yet another conspiracy charge.  Count Three charges that

27   all defendants on trial — along with others known and unknown — knowingly and

28   intentionally conspired with one another to commit assault with a dangerous weapon in aid of

racketeering in violation of 18 U.S.C. 1959(a)(6).  Specifically, the indictment alleges that the defendants agreed to attack with firearms, knives and other dangerous weapons actual and suspected Norteños, actual and suspected members of other gangs, and individuals suspected of cooperating with law enforcement, in order to gain entrance to, or to maintain or increase their position within the alleged enterprise.

In order to prove a defendant violated 18 U.S.C. 1959(a)(6), the government must prove the following elements beyond a reasonable doubt.

*First*, an enterprise affecting interstate commerce existed.  The requirements to prove an enterprise were previously explained to you in my discussion of Count One.

*Second*, the enterprise engaged in racketeering activity.  Racketeering activity was previously defined for you in my discussion of Count One.

*Third*, the defendant conspired to commit assault with a dangerous weapon.  In order to prove conspiracy to commit assault with a dangerous weapon, the government must show that the defendant specifically intended to agree and did agree with one or more other persons to intentionally and unlawfully commit assault with a dangerous weapon, and that an overt act was committed by one or more persons who agreed and intended to commit the assault.

*Fourth*, the defendant's purpose in conspiring to commit assault with a dangerous weapon was to gain entrance to, or to maintain or increase his position in the enterprise.  As stated before, it is not necessary for the government to prove that this motive was the sole purpose, or even the primary purpose of the defendant in committing the charged crime.  You need only find that gaining entrance to, or maintaining or increasing his position in the enterprise was a substantial purpose of the defendant or that he committed the charged crime as an integral aspect of membership in the enterprise.  An incidental motivation, however, is not enough.

In determining the defendant's purpose in committing the alleged crime, you must determine what he had in mind.  Since you cannot look into a person's mind, you have to determine purpose by considering all the facts and circumstances before you.

I previously provided you with the definition of overt act in my discussion of the alleged

United States District Court
For the Northern District of California

1    racketeering acts. I have not yet provided you with a definition of assault with a dangerous

2    weapon. Assault with a dangerous weapon consists of the following essential elements. *First*,

3    someone willfully does an act with a dangerous weapon that by its nature would directly and

4    probably result in the application of force to a person. Someone commits an act "willfully"

5    when he does it willingly or on purpose. It is not required that he intend to break the law, hurt

6    someone else, or gain any advantage. *Second*, when the accused person acts, he is aware of

7    facts that would lead a reasonable person to realize that his act by its nature would directly and

8    probably result in the application of force to someone. *Third*, when the accused person acts, he

9    has the present ability to apply force with a dangerous weapon to a person.

10

**28.**

11    In some of the following counts, we are going to discuss two somewhat similar but

12    different provisions of Section 924 of Title 18, all of which deal with firearms. Section 924(c)

13    makes it a crime to possess a firearm in furtherance of what it defines as a crime of violence.

14    For its part, Section 924(j)(1) makes it a crime to commit murder in aid of racketeering

15    through the use of a firearm. I will give you more details as we move along but this is simply

16    a "heads up" to alert you to different firearms offenses.

17

**29.**

18    Count Four charges four defendants, namely Marvin Carcamo, Angel Noel Guevara,

19    Moris Flores, and Walter Cruz-Zavala, with possessing a firearm in furtherance of a crime of

20    violence in violation of 18 U.S.C. 924(c). The crimes of violence alleged in this count are:

21    RICO conspiracy in violation of 18 U.S.C. 1962(d), as charged in Count One; conspiracy to

22    commit murder in aid of racketeering in violation of 18 U.S.C. 1959(a)(5), as charged in

23    Count Two; and conspiracy to commit assault with a dangerous weapon in aid of racketeering

24    in violation of 18 U.S.C. 1959(a)(6), as charged in Count Three. If you find a defendant not

25    guilty of all of Counts One, Two, and Three, then you must also find that defendant not guilty

26    of Count Four.

27    In order for a defendant to be found guilty of Count Four, the government must prove

28    the following beyond a reasonable doubt:

*First*, the defendant committed at least one of the crimes charged in Counts One, Two or Three — all of which alleged crimes I instruct you are crimes of violence within the meaning of the law.  You must all agree on which of Counts One, Two, or Three the defendant committed, if any.

*Second*, the defendant knowingly possessed a firearm.  An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

*Third*, the defendant possessed the firearm in furtherance of any crime proven under Count One, Two, or Three.

A person possesses a firearm if the person knows of its presence and has physical control over it, or knows of its presence and has the power and intention to control it.  More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.

**30.**

The next group of counts pertains to the homicides of Ernad Joldic and Phillip Ng.

**31.**

Count Five charges defendant Erick Lopez with murdering Ernad Joldic in aid of racketeering in violation of 18 U.S.C. 1959(a)(1) on or about March 29, 2008.  In order for defendant Lopez to be found guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

*First*, a criminal organization existed.

*Second*, the organization was an enterprise engaged in racketeering activity.  Racketeering activity was previously defined for you in my discussion of Count One.

*Third*, defendant Lopez committed the crime of murdering Ernad Joldic.  The elements the government must prove beyond a reasonable doubt to establish murder were previously explained to you in my discussion of Count One.

*Fourth*, defendant Lopez's purpose was to gain entrance to, or to maintain or increase

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

1  his position in the enterprise. As I previously explained, it is not necessary for the

2  government to prove that this motive was the sole purpose, or even the primary purpose of the

3  defendant in committing the charged crime. You need only find that gaining entrance to, or

4  maintaining or increasing his position in the enterprise was a substantial purpose of the

5  defendant or that he committed the charged crime as an integral aspect of membership in the

6  enterprise. An incidental motivation, however, is not enough.

7          In determining the defendant's purpose in committing the alleged crime, you must

8  determine what he had in mind. Since you cannot look into a person's mind, you have to

9  determine purpose by considering all the facts and circumstances before you.

10                                        **32.**

11          Count Six charges defendant Erick Lopez with murdering Phillip Ng in aid of

12  racketeering in violation of 18 U.S.C. 1959(a)(1) on or about March 29, 2008. I just told you

13  the required elements of proof for a violation of 18 U.S.C. 1959(a)(1) with respect to Count

14  Five. In order for defendant Lopez to be found guilty of Count Six, the government must

15  prove beyond a reasonable doubt each of the elements discussed for Count Five except that

16  the alleged victim for this count is Phillip Ng rather than Ernad Joldic.

17                                        **33.**

18          Count Seven charges defendant Erick Lopez with using a firearm in furtherance of a

19  crime of violence causing the murder of Ernad Joldic and/or Phillip Ng in violation of 18

20  U.S.C. 924(j)(1) on or about March 29, 2008. If you find defendant Lopez not guilty of

21  Counts Five and Six, then you must also find him not guilty of Count Seven.

22          In order for defendant Lopez to be found guilty of Count Seven, the government must

23  prove the following beyond a reasonable doubt:

24          *First*, defendant Lopez committed the murder in aid of racketeering of either Ernad

25  Joldic or Phillip Ng charged in Counts Five and/or Six. I instruct you that murder in aid of

26  racketeering is a crime of violence within the meaning of the law.

27          *Second*, defendant Lopez knowingly used a firearm. An act is done knowingly if the

28  defendant is aware of the act and does not act through ignorance, mistake, or accident. You

may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

*Third*, defendant Lopez used the firearm in furtherance of either of the murders in aid of racketeering.

*Fourth*, the use of the firearm caused the death of Ernad Joldic or Phillip Ng, which was the result of an unlawful killing done with malice aforethought.

**34.**

Count Eight charges defendant Erick Lopez with possessing a firearm in furtherance of a crime of violence, specifically the murders in aid of racketeering of Ernad Joldic and/or Phillip Ng in violation of 18 U.S.C. 924(c) on or about March 29, 2008.  If you find defendant Lopez not guilty of Counts Five and Six, then you must also find him not guilty of Count Eight.

In order for defendant Lopez to be found guilty of Count Eight, the government must prove the following beyond a reasonable doubt:

*First*, the defendant committed murder in aid of racketeering of either Ernad Joldic or Phillip Ng as charged in Counts Five and/or Six, both of which charged offenses, if proven, constitute crimes of violence.

*Second*, the defendant knowingly possessed a firearm.

*Third*, the defendant possessed the firearm in furtherance of either of the alleged murders in aid of racketeering.

The terms "knowingly" and "possessed" were defined for you earlier under Count Four.

**35.**

Count Nine charges defendant Erick Lopez with using a firearm in furtherance of a crime of violence, again in alleged violation of 18 U.S.C. 924(c) on or about March 30, 2008. For this count, however, the crimes of violence alleged are:  RICO conspiracy in violation of 18 U.S.C. 1962(d), as charged in Count One; conspiracy to commit murder in aid of racketeering in violation of 18 U.S.C. 1959(a)(5), as charged in Count Two; and conspiracy to commit assault with a dangerous weapon in aid of racketeering in violation of 18 U.S.C.

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1959(a)(6), as charged in Count Three.  If you find defendant Lopez not guilty of Counts One, Two, and Three, then you must also find him not guilty of Count Nine.

As stated, Section 924(c) is the same federal statute that forms the basis for Count Four.  I have already told you the required elements of proof for violations of the statute in my discussion of Count Four, which elements include proving Counts One, Two, and/or Three. The same required elements of proof must be proven beyond a reasonable doubt for Count Nine except the accused is only defendant Lopez and again the alleged offense occurred on or about March 30, 2008.  I again instruct you that Counts One, Two, and Three are all crimes of violence within the meaning of the law.

**36.**

The next group of counts pertains to the homicide of Juan Rodriguez.

**37.**

Count Ten charges defendant Jonathan Cruz-Ramirez with murdering Juan Rodriguez in aid of racketeering in violation of 18 U.S.C. 1959(a)(1) on or about May 31, 2008.  This is the same federal statute that forms the basis for Count Five.  I previously explained the required elements of proof for a violation of 18 U.S.C. 1959(a)(1) with respect to Count Five. In order for defendant Cruz-Ramirez to be found guilty of Count Ten, the government must prove beyond a reasonable doubt each of the elements discussed for Count Five except that the alleged victim for this count is Juan Rodriguez rather than Ernad Joldic.

**38.**

Count Eleven charges defendant Jonathan Cruz-Ramirez with using a firearm in furtherance of a crime of violence causing the murder of Juan Rodriguez in violation of 18 U.S.C. 924(j)(1) on or about May 31, 2008.  If you find defendant Cruz-Ramirez not guilty of Count Ten, then you must also find him not guilty of Count Eleven.

Section 924(j)(1) is the same statute that formed the basis for other counts I have discussed with you.  The required elements of proof are the same as described to you in Count Seven except the alleged crime of violence is the murder of Juan Rodriguez in aid of racketeering and the defendant charged is defendant Cruz-Ramirez.  For purposes of your

25

1   deliberations on this count, I instruct you that murder in aid of racketeering is a crime of

2   violence within the meaning of the law.

**39.**

4       Count Twelve charges defendant Jonathan Cruz-Ramirez with possessing a firearm in

5   furtherance of the murder in aid of racketeering of Juan Rodriguez in violation of 18 U.S.C.

6   924(c) on or about May 31, 2008.  If you find defendant Cruz-Ramirez not guilty of Count

7   Ten, then you must also find him not guilty of Count Twelve.

8       Section 924(c) is the same federal statute that formed the basis for Count Eight.  I have

9   already told you the required elements of proof for violations of the statute in my discussion

10  of Count Eight.  The same required elements of proof must be proven beyond a reasonable

11  doubt for Count Twelve except the accused is defendant Cruz-Ramirez and the alleged victim

12  is Juan Rodriguez.  I instruct you that murder in aid of racketeering is a crime of violence

13  within the meaning of the law.

**40.**

15      The next group of counts pertains to the homicide of Armando Estrada.

**41.**

17      Count Thirteen charges defendants Jonathan Cruz-Ramirez and Guillermo Herrera

18  with murdering Armando Estrada in aid of racketeering, in violation of 18 U.S.C. 1959(a)(1)

19  on or about July 11, 2008.  This is the same federal statute that forms the basis for Count Five

20  and the same required elements of proof as established in Count Five must be proven beyond

21  a reasonable doubt except that the accuseds are defendants Cruz-Ramirez and Herrera and the

22  alleged victim is Armando Estrada.

**42.**

24      Count Fourteen charges defendants Jonathan Cruz-Ramirez and Guillermo Herrera

25  with using a firearm in furtherance of a crime of violence causing the murder of Armando

26  Estrada in violation of 18 U.S.C. 924(j)(1) on or about July 11, 2008.  If you find defendants

27  Cruz-Ramirez and/or Herrera not guilty of Count Thirteen, then you must also find the same

28  defendant(s) not guilty of Count Fourteen.

26

Section 924(j)(1) is the same statute that formed the basis for Count Seven.  The required elements of proof are the same except the alleged crime of violence is the murder in aid of racketeering of Armando Estrada and the defendants charged are defendants Cruz-Ramirez and Herrera.  For purposes of your deliberation on this count, I again instruct you that murder in aid of racketeering is a crime of violence within the meaning of the law.

**43.**

Count Fifteen charges defendants Jonathan Cruz-Ramirez and Guillermo Herrera with possessing a firearm in furtherance of the murder in aid of racketeering of Armando Estrada, in violation of 18 U.S.C. 924(c) on or about July 11, 2008.  If you find defendants Cruz-Ramirez and/or Herrera not guilty of Count Thirteen, then you must also find that same defendant(s) not guilty of Count Fourteen.

Section 924(c) is the same federal statute that formed the basis for Count Eight.  I have already told you the required elements of proof for violations of the statute in my discussion of Count Eight.  The same required elements of proof must be proven beyond a reasonable doubt for Count Fifteen except the accuseds are defendants Cruz-Ramirez and Herrera and the alleged victim is Armando Estrada.  For purposes of your deliberation on this count, I again instruct you that murder in aid of racketeering is a crime of violence within the meaning of the law.

**44.**

Count Sixteen charges defendant Cruz-Ramirez with possessing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. 924(c), on or about July 25, 2008.  The crimes of violence are:  RICO conspiracy in violation of 18 U.S.C. 1962(d), as charged in Count One; conspiracy to commit murder in aid of racketeering in violation of 18 U.S.C. 1959(a)(5), as charged in Count Two; and conspiracy to commit assault with a dangerous weapon in aid of racketeering in violation of 18 U.S.C. 1959(a)(6), as charged in Count Three.

As stated, Section 924(c) is the same federal statute that forms the basis for Count Four.  I have already told you the required elements of proof for violations of the statute in my discussion of Count Four, which elements include proving Counts One, Two, or Three.  The same required elements of proof must be proven beyond a reasonable doubt for Count Sixteen

27

1   except the accused is only defendant Cruz-Ramirez and the alleged offense occurred on or

2   about July 25, 2008.  Again, Counts One, Two, and Three all allege crimes of violence within

3   the meaning of the law.  If you find defendant Cruz-Ramirez not guilty of Counts One, Two,

4   and Three, then you must also find him not guilty of Count Sixteen.

**45.**

6        We will now skip to Count Twenty-Five.  The counts between Count Sixteen and

7   Twenty-Five are not part of this trial.  The next group of counts pertains to alleged stabbings.

**46.**

9        Count Twenty-Five charges defendant Angel Noel Guevara with assaulting Jesus

10  Reynoso with a dangerous weapon in aid of racketeering in violation 18 U.S.C. 1959(a)(3).

11  In order for defendant Guevara to be found guilty of that charge, the government must prove

12  each of the following elements beyond a reasonable doubt.

13       *First*, a criminal organization existed.

14       *Second*, the organization was an enterprise engaged in racketeering activity.

15  Racketeering activity was previously defined for you in my discussion of Count One.

16       *Third*, defendant Guevara committed the violent crime of assault with a dangerous

17  weapon.  I previously defined assault with a dangerous weapon for you in my discussion of

18  Count Three.

19       *Fourth*, defendant Guevara's purpose was to gain entrance to, or to maintain or

20  increase his position in the enterprise.  It is not necessary for the government to prove that this

21  motive was the sole purpose, or even the primary purpose of defendant Guevara in

22  committing the charged crime.  You need only find that gaining entrance to, or maintaining or

23  increasing his position in the enterprise was a substantial purpose or that he committed the

24  charged crime as an integral aspect of membership in the enterprise.  An incidental

25  motivation, however, is not enough.

26       In determining defendant Guevara's purpose in committing the alleged crime, you

27  must determine what he had in mind.  Since you cannot look into a person's mind, you have

28  to determine purpose by considering all the facts and circumstances before you.

**United States District Court**
For the Northern District of California

28

**United States District Court**
For the Northern District of California

**47.**

Count Twenty-Six charges defendant Angel Noel Guevara with attempting to murder Jesus Reynoso in aid of racketeering in violation of 18 U.S.C. 1959(a)(5).  In order for defendant Guevara to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt.

*First*, a criminal organization existed.

*Second*, the organization was an enterprise engaged in racketeering activity. Racketeering activity was previously defined for you in my discussion of Count One.

*Third*, defendant Guevara committed attempted murder.  The elements the government must prove beyond a reasonable doubt to establish attempted murder were previously explained to you in my discussion of Count One.

*Fourth*, defendant Guevara's purpose was to gain entrance to, or to maintain or increase his position in the enterprise.  It is not necessary for the government to prove that this motive was the sole purpose, or even the primary purpose of defendant Guevara in committing the charged crime.  You need only find that gaining entrance to, or maintaining or increasing his position in the enterprise was a substantial purpose or that he committed the charged crime as an integral aspect of membership in the enterprise.  An incidental motivation, however, is not enough.

In determining defendant Guevara's purpose in committing the alleged crime, you must determine what he had in mind.  Since you cannot look into a person's mind, you have to determine purpose by considering all the facts and circumstances before you.

**48.**

Count Twenty-Seven charges defendant Angel Noel Guevara with assaulting Milagro Moraga with a dangerous weapon in aid of racketeering in violation of 18 U.S.C. 1959(a)(3). In order for defendant Guevara to be found guilty of this count, the government must prove each of the following elements beyond a reasonable doubt.  The required elements of proof for this count are identical to those for Count Twenty-Five except this count involves a different victim — Milagro Moraga.

**49.**

Count Twenty-Eight charges defendant Angel Noel Guevara with attempting to murder Milagro Moraga in aid of racketeering in violation of 18 U.S.C. 1959(a)(5).  The required elements of proof for this count are identical to those for Count Twenty-Six except this count involves a different victim — Milagro Moraga.

**50.**

Count Twenty-Nine charges defendant Angel Noel Guevara with assaulting Ronald Donaire with a dangerous weapon in aid of racketeering in violation of 18 U.S.C. 1959(a)(3). The required elements of proof for this count are identical to those for Count Twenty-Five except this count involves a different victim — Ronald Donaire.

**51.**

Count Thirty charges defendant Angel Noel Guevara with attempting to murder Ronald Donaire in aid of racketeering, in violation of 18 U.S.C. 1959(a)(5).  The required elements of proof for this count are identical to those for Count Twenty-Six except this count involves a different victim — Ronald Donaire.

**52.**

Now I will provide you with more general instructions that apply more broadly to all or at least some of the counts.

**53.**

I will start with aiding and abetting.  A defendant may also be found guilty of any of the non-conspiracy counts even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission.  To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

*First*, the crime in question was committed by someone;

*Second*, the defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit each element of the crime; and

*Third*, the defendant acted before the crime was completed.  It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1    unintentionally did things that were helpful to that person, or was present at the scene of the

2    crime.  The evidence must show beyond a reasonable doubt that the defendant acted with the

3    knowledge and intention of helping that person commit the underlying crime.

4        The government is not required to prove precisely which defendant actually

5    committed the crime and which defendant aided and abetted.

6                                              **54.**

7        [If an instruction on *Pinkerton* liability is given, it will go here.]

8                                              **55.**

9        It is not a crime simply to be a member of a gang.  Rather, as I have already described,

10   the crimes charged in this case concern specific federal crimes.  In deciding whether the

11   government has proven the required elements of the federal offenses charged, you may consider

12   the fact of gang membership, if proven, and give it such weight as you think it deserves in

13   deciding whether the required elements have been proven for the offenses charged.

14                                             **56.**

15       As you recall, some of the events and statements described by the evidence occurred

16   while at least some of the defendants were under 18 years old and still juveniles.  This has

17   been referred to at times as "pre-majority acts" or "pre-majority conduct."  You must follow

18   my prior instruction regarding how the age of 18 affects this case and your evaluation of the

19   evidence.  To refresh your memory, I will repeat my prior instruction.

20       As to any count, the United States must prove beyond a reasonable doubt a defendant

21   charged in the count committed the crime after he turned 18, that is, it must prove all elements

22   of the crime as of or after the defendant's 18th birthday.  Does this, however, mean that events

23   and conduct before the 18th birthday must be ignored?  No, such evidence may be considered

24   by you for certain purposes.  You may consider such evidence insofar as, in your judgment, it

25   sheds light on what the defendant knew and understood *after* he turned 18.  This might, for

26   example, be relevant to the questions of intent versus mistake or knowledge versus ignorance.

27   Another way you may consider such evidence concerns the conspiracy counts.  You may

28   consider evidence occurring before age 18 in ascertaining the scope and nature of any alleged

conspiracy.  Again, a defendant may not be held criminally liable for an alleged conspiracy occurring before he turned 18, but he may be held liable for continuing in a conspiracy after he turned 18 and you may consider the earlier evidence to evaluate the nature and scope of an alleged conspiracy after age 18, so long as all elements of the conspiracy are proven to have existed after his 18th birthday.  This includes not only conduct by the defendant but also conduct by any others you may find were shown to have been in an alleged conspiracy.  In short, you may not convict a defendant unless the government proves all elements of a charged offense occurred after the age of 18, but evidence of events before age 18 may be considered by you in evaluating whether the government has carried its burden of proof.

**57.**

Similarly, you have heard testimony that various defendants were in custody at the time of certain homicides and other events.  Of course, if someone was in jail, that person could not have been present at the scene of a homicide or other event outside of the jail.  I instruct you, however, that being in custody does not automatically mean the person in custody cannot be held responsible for acts committed outside the jail.  If the government proves all required elements of a crime against a given defendant, then the fact that the defendant was in custody would not excuse the crime.  In deciding whether all elements have been proven, you may consider the circumstance that a defendant was in custody at the time of the key events.

**58.**

Evidence has been admitted that defendant Erick Lopez may have suffered from diminished mental capacity in August/September 2005.  Whether he actually did or did not or the actual extent thereof is for you to decide.

You may consider all evidence bearing on the issue of defendant Lopez's mental capacity in deciding whether the government proved beyond a reasonable doubt that defendant Lopez acted with the mental state required to join or remain in the conspiracies alleged in Counts One, Two, and Three.

32

**59.**

You have heard evidence about the government's alleged mishandling of informants and/or misconduct and crimes by informants.  This evidence may be considered by you in evaluating the credibility of witnesses who have testified or non-testifying declarants whose statements were allowed into evidence via other witnesses who did testify.  After considering all the facts and evidence in the case, if you find that the government has proven all elements of an offense charged against one or more defendants, it would not be a defense that the government could have run a better investigation or that informants themselves may have also engaged in misconduct or criminal acts.

**60.**

You have heard reference to contentions of inducement and to predisposition, both of which are subparts of a larger subject called of entrapment, to which you have also heard reference.  These are not issues for you to decide.  If you find that the government has proven beyond a reasonable doubt all elements of an offense charged against one or more defendants, it would not be a defense that any informant induced or entrapped any defendant to commit the offense.  Entrapment and inducement and predisposition are not for you to decide.  In deciding whether the government has proven the charged offenses, you must ignore any evidence that was received in evidence solely on the question of predisposition to criminal conduct prior to a defendant's contact with any informant or lack thereof.  Such evidence must be ignored regardless of which side presented the evidence.

**61.**

The punishment provided by law for the alleged crimes is for the Court to decide, if a guilty verdict is returned.  You may not consider punishment in deciding whether the government has proven its case against any defendant beyond a reasonable doubt.  Punishment is an entirely separate matter not relevant here and on which you should not speculate or base your decision in any way.

**62.**

When you begin your deliberations, you should elect one member of the jury as your

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

foreperson.  That person will preside over the deliberations and speak for you here in court. I recommend that you select a foreperson who will be good at leading a fair and balanced discussion of the evidence and the issues.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict as to each count, if any, must be unanimous.  Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.  It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**63.**

Most, if not all, of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes.  When you go into the jury room, the Clerk will bring you the trial exhibits received into evidence to be available for your deliberations.  The Clerk will also provide you with an index to the exhibits.

**64.**

When you retire to the jury room to deliberate, you will have with you the following things:

1.   All of the exhibits received into evidence;

2.   An index to the exhibits (but please remember that the index is not itself evidence);

3.   A work copy of these jury instructions for each of you;

4.   A work copy of the verdict form for each of you; and

5.   An official verdict form.

When you recess at the end of a day, please place your work materials in the brown

United States District Court

For the Northern District of California

envelope provided and cover up any easels with your work notes so that if my staff needs to go into the jury room, they will not inadvertently see any of your work in progress.

**65.**

The admitted exhibits will be placed in the jury room during your deliberations with the exception of the firearms and ammunition.  If you wish to examine the firearms and ammunition, please send out a note and we will make arrangements for you to do so.

**66.**

As I said, you will have the exhibits in the jury room.  Most of the exhibits were displayed on the Elmo and some witnesses used the computer graphics feature to draw lines, arrows, X's and so forth.  Those graphic drawings are not in evidence but most were preserved and if you wish to see any of those graphics again, you may request to reconvene in the courtroom to re-view a graphic, assuming it was preserved.

**67.**

In your deliberations it is usually a mistake to take a straw vote early on.  This is due to the risk of jury members expressing a premature opinion and then, out of pride, digging in their heels.  Rather, it is usually better to discuss the evidence, pro and con, on the various issues before proceeding to take even a straw vote.  In this way, all the viewpoints will be on the table before anyone expresses a vote.  These are merely recommendations, however, and it is up to you to decide on how you wish to deliberate.

A United States Marshal will be outside the jury-room door during your deliberations. If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, on the question of the innocence or guilt of the defendants,

35

1  until after you have reached a unanimous verdict or have been discharged.

2  **68.**

3  You have been required to be here each day from 7:45 a.m. to 1:00 p.m.  Now that you

4  are going to begin your deliberations, however, you are free to modify this schedule within

5  reason.  For example, if you wish to continue deliberating in the afternoons after a reasonable

6  lunch break, that is fine.  The Court does, however, recommend that you continue to start your

7  deliberations by 8:00 a.m.  If you do not reach a verdict by the end of today, then you will

8  resume your deliberations tomorrow and thereafter.

9  It is very important that you let the Clerk know in advance what hours you will

10  be deliberating so that the lawyers may be present in the courthouse at any time the jury

11  is deliberating.

12  **69.**

13  You may only deliberate when all twelve of you are together in the same room.  This

14  means, for instance, that in the mornings before everyone has arrived or when someone steps

15  out of the jury room to go to the restroom, you may not discuss the case.  As well, the

16  admonition that you are not to speak to anyone outside the jury room about this case still

17  applies during your deliberations.

18  **70.**

19  Some of you are serving as alternate jurors.  As such, you will not be deliberating with

20  the rest of the jury at the outset.  You will leave before the jury begins its deliberations.  You

21  may, however, be called in to replace one of the jurors.  Your responsibilities as an alternate

22  therefore remain in effect.  This means you are not to discuss this case with anyone until you

23  join the regular jury in deliberations or until a verdict is returned and I expressly release you

24  from service.  If it becomes necessary to have you replace a juror, you will be asked to return

25  to the court.  You will then be sworn into the main jury and you and the rest of the jury will

26  begin deliberations anew.  If you will not be needed, you will be notified as soon as the Court

27  itself makes that determination.

28  Sometimes alternate jurors are tempted to tell the main twelve jurors how they feel

United States District Court

For the Northern District of California

36

about the case before they leave and sometimes the main twelve jurors are tempted to seek the input of the alternates before the alternates leave.  No, you must not do this.  The twelve jurors may not receive or consider the views of the alternates unless and until, if ever, one or more alternates are sworn into the main jury.

**71.**

If and when you have reached a unanimous agreement on a verdict, your foreperson will fill in, date and sign the master copy of the verdict form and advise the Court through the marshal that you have reached a verdict.  The foreperson should hold onto the filled-in verdict form and bring it into the courtroom when the jury returns the verdict.

I am about to ask all of you to return to the jury room.  Our alternate jurors should first proceed to the jury room and retrieve their personal items and return to work or home, as the case may be.  As soon as they have done so, the marshal will then escort the remaining twelve jurors to the jury room.  Please do not begin your deliberations until all twelve of you are in the jury room together and the alternate jurors have left.  The Clerk will bring the trial exhibits into the jury room.  Thank you all for your careful attention.  The case is now in your hands.  You may now retire to the jury room and begin your deliberations.

Dated:  August 3, 2011.

_____
[DRAFT]
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

MARVIN CARCAMO,
JONATHAN CRUZ-RAMIREZ,
WALTER CRUZ-ZAVALA,
MORIS FLORES,
ANGEL NOEL GUEVARA,
GUILLERMO HERRERA, and
ERICK LOPEZ.

        Defendants.

_____/

No. CR 08-0730 WHA

**SPECIAL VERDICT FORM**

**[SECOND DRAFT]**

1

**COUNT ONE**

2

1A.    As to each defendant below, has the government proven him guilty beyond a reasonable

3      doubt of conspiring to conduct or participate in the conduct of the affairs of an enterprise
       through a pattern of racketeering activity in violation of 18 U.S.C. 1962(d), as alleged in
       Count One?

4

|  | YES, GUILTY | NO, NOT GUILTY |
|---|---|---|
| Angel Noel Guevara | _____ | _____ |
| Moris Flores | _____ | _____ |
| Marvin Carcamo | _____ | _____ |
| Jonathan Cruz-Ramirez | _____ | _____ |
| Guillermo Herrera | _____ | _____ |
| Walter Cruz-Zavala | _____ | _____ |
| Erick Lopez | _____ | _____ |

Please answer the following question only for any defendant you have found guilty in Question 1A:

1B.    Has the government further proven beyond a reasonable doubt that the defendant
       knowingly agreed and understood that the pattern of racketeering activity would include
       any of the following offenses?  If the government has so proven one or more such acts,
       write "Yes" in the space(s) indicated.  If not, then write "No" in the appropriate space(s).

|  | MURDER | CONSPIRACY TO COMMIT MURDER |
|---|---|---|
| Angel Noel Guevara | _____ | _____ |
| Moris Flores | _____ | _____ |
| Marvin Carcamo | _____ | _____ |
| Jonathan Cruz-Ramirez | _____ | _____ |
| Guillermo Herrera | _____ | _____ |
| Walter Cruz-Zavala | _____ | _____ |
| Erick Lopez | _____ | _____ |

**United States District Court**
For the Northern District of California

2

United States District Court

For the Northern District of California

**COUNT TWO**

2.     As to each defendant below, has the government proven him guilty beyond a reasonable doubt of conspiring to commit murder in aid of racketeering in violation of 18 U.S.C. 1959(a)(5), as charged in Count Two?

|  | YES, GUILTY | NO, NOT GUILTY |
|---|---|---|
| Angel Noel Guevara | _____ | _____ |
| Moris Flores | _____ | _____ |
| Marvin Carcamo | _____ | _____ |
| Jonathan Cruz-Ramirez | _____ | _____ |
| Guillermo Herrera | _____ | _____ |
| Walter Cruz-Zavala | _____ | _____ |
| Erick Lopez | _____ | _____ |

**COUNT THREE**

3.     As to each defendant below, has the government proven him guilty beyond a reasonable doubt of conspiring to commit assault with a dangerous weapon in aid of racketeering in violation of 18 U.S.C. 1959(a)(6), as charged in Count Three?

|  | YES, GUILTY | NO, NOT GUILTY |
|---|---|---|
| Angel Noel Guevara | _____ | _____ |
| Moris Flores | _____ | _____ |
| Marvin Carcamo | _____ | _____ |
| Jonathan Cruz-Ramirez | _____ | _____ |
| Guillermo Herrera | _____ | _____ |
| Walter Cruz-Zavala | _____ | _____ |
| Erick Lopez | _____ | _____ |

3

United States District Court

For the Northern District of California

**COUNT FOUR**

4.    As to each defendant below, has the government proven beyond a reasonable doubt that the defendant knowingly possessed a firearm in furtherance of Counts One, Two, or Three in violation of 18 U.S.C. 924(c), as charged in Count Four?  (If you found Counts One, Two, and Three unproven as to a defendant, then leave both indicated spaces blank for that defendant.)

|  | YES, GUILTY | NO, NOT GUILTY |
|---|---|---|
| Angel Noel Guevara | _____ | _____ |
| Moris Flores | _____ | _____ |
| Marvin Carcamo | _____ | _____ |
| Walter Cruz-Zavala | _____ | _____ |

**COUNT FIVE**

5.    Has the government proven beyond a reasonable doubt that on or about March 29, 2008, defendant ERICK LOPEZ unlawfully and with malice aforethought murdered Ernad Joldic for the purpose of gaining entrance, maintaining his position, or increasing his position within an enterprise engaged in racketeering activity in violation of 18 U.S.C. 1959(a)(1), as charged in Count Five?

YES, GUILTY              NO, NOT GUILTY

_____              _____

**COUNT SIX**

6.    Has the government proven beyond a reasonable doubt that on or about March 29, 2008, defendant ERICK LOPEZ unlawfully and with malice aforethought murdered Phillip Ng for the purpose of gaining entrance, maintaining his position, or increasing his position within an enterprise engaged in racketeering activity in violation of 18 U.S.C. 1959(a)(1), as charged in Count Six?

YES, GUILTY              NO, NOT GUILTY

_____              _____

**United States District Court**
For the Northern District of California

## COUNT SEVEN

Please answer this question only if you found defendant Erick Lopez guilty of Counts Five or Six; otherwise leave blank and go to Count Nine:

7.      Has the government proven beyond a reasonable doubt that on or about March 29, 2008, defendant ERICK LOPEZ knowingly used a firearm in furtherance of the murders in aid of racketeering of Ernad Joldic and/or Phillip Ng and that the firearm was used to cause the death of Ernad Joldic and/or Phillip Ng in violation of 18 U.S.C. 924(j)(1), as charged in Count Seven?

YES, GUILTY                          NO, NOT GUILTY

_____                          _____

## COUNT EIGHT

Please answer this question only if you found defendant Erick Lopez guilty of Counts Five or Six; otherwise leave blank and go to Count Nine:

8.      Has the government proven beyond a reasonable doubt that on or about March 29, 2008, defendant ERICK LOPEZ knowingly possessed a firearm in furtherance of the murders in aid of racketeering of Ernad Joldic and/or Phillip Ng in violation of 18 U.S.C. 924(c), as charged in Count Eight?

YES, GUILTY                          NO, NOT GUILTY

_____                          _____

## COUNT NINE

Please answer this question only if you found defendant Erick Lopez guilty of Counts One, Two, or Three; otherwise leave blank and go to Count Ten:

9.      Has the government proven beyond a reasonable doubt that on or about March 30, 2008, defendant ERICK LOPEZ knowingly possessed a firearm in furtherance of Counts One, Two, or Three in violation of 18 U.S.C. 924(c), as charged in Count Nine?

YES, GUILTY                          NO, NOT GUILTY

_____                          _____

## COUNT TEN

10.     Has the government proven beyond a reasonable doubt that on or about May 31, 2008, defendant JONATHAN CRUZ-RAMIREZ unlawfully and with malice aforethought murdered Juan Rodriguez for the purpose of gaining entrance, maintaining his position, or increasing his position within an enterprise engaged in racketeering activity in violation of 18 U.S.C. 1959(a)(1), as charged in Count Ten?

YES, GUILTY                          NO, NOT GUILTY

_____                          _____

5

United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## COUNT ELEVEN

Please answer this question only if you found defendant Jonathan Cruz-Ramirez guilty of Count Ten; otherwise leave blank and go to Count Thirteen:

11.  Has the government proven beyond a reasonable doubt that on or about May 31, 2008, defendant JONATHAN CRUZ-RAMIREZ knowingly used a firearm in furtherance of the murder in aid of racketeering of Juan Rodriguez and that the firearm was used to cause the death of Juan Rodriguez in violation of 18 U.S.C. 924(j)(1), as charged in Count Eleven?

YES, GUILTY                              NO, NOT GUILTY

_____                    _____

## COUNT TWELVE

Please answer this question only if you found defendant Jonathan Cruz-Ramirez guilty of Count Ten; otherwise leave blank and go to Count Thirteen:

12.  Has the government proven beyond a reasonable doubt that on or about May 31, 2008, defendant JONATHAN CRUZ-RAMIREZ knowingly possessed a firearm in furtherance of the murder in aid of racketeering of Juan Rodriguez in violation of 18 U.S.C. 924(c), as charged in Count Twelve?

YES, GUILTY                              NO, NOT GUILTY

_____                    _____

## COUNT THIRTEEN

13.  As to each defendant below, has the government proven beyond a reasonable doubt that on or about July 11, 2008, the defendant unlawfully and with malice aforethought murdered Armando Estrada for the purpose of gaining entrance, maintaining his position, or increasing his position within an enterprise engaged in racketeering activity in violation of 18 U.S.C. 1959(a)(1), as charged in Count Thirteen?

|  | YES, GUILTY | NO, NOT GUILTY |
|---|---|---|
| Jonathan Cruz-Ramirez | _____ | _____ |
| Guillermo Herrera | _____ | _____ |

6

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### COUNT FOURTEEN

Please answer this question only if you found either defendant guilty of Count Thirteen; otherwise leave blank and go to Count Sixteen:

14.     As to each defendant below, has the government proven beyond a reasonable doubt that on or about July 11, 2008, the defendant knowingly used a firearm in furtherance of the murder in aid of racketeering of Armando Estrada and that the firearm was used to cause the death of Armando Estrada in violation of 18 U.S.C. 924(j)(1), as charged in Count Fourteen?  (If you found a defendant not guilty of Count Thirteen, then leave the spaces blank as to that defendant.)

                              YES, GUILTY                    NO, NOT GUILTY

Jonathan Cruz-Ramirez        _____                  _____

Guillermo Herrera            _____                  _____

### COUNT FIFTEEN

Please answer this question only if you found either or both defendant(s) guilty of Count Thirteen; otherwise leave blank and go to Count Sixteen:

15.     As to each defendant below, has the government proven beyond a reasonable doubt that on or about July 11, 2008, the defendant knowingly possessed a firearm in furtherance of the murder in aid of racketeering of Armando Estrada in violation of 18 U.S.C. 924(c), as charged in Count Fifteen?  (If you found a defendant not guilty of Count Thirteen, then leave the spaces blank as to that defendant.)

                              YES, GUILTY                    NO, NOT GUILTY

Jonathan Cruz-Ramirez        _____                  _____

Guillermo Herrera            _____                  _____

### COUNT SIXTEEN

Please answer the following if you found defendant Jonathan Cruz-Ramirez guilty of Counts One, Two, or Three; otherwise leave blank and go to Count Twenty-Five:

16.     Has the government proven beyond a reasonable doubt that on or about July 25, 2008, defendant JONATHAN CRUZ- RAMIREZ knowingly possessed a firearm in furtherance of Counts One, Two, or Three in violation of 18 U.S.C. 924(c), as charged in Count Sixteen?

        YES, GUILTY                    NO, NOT GUILTY

        _____                  _____

**United States District Court**
For the Northern District of California

## COUNT TWENTY-FIVE

17.     Has the government proven beyond a reasonable doubt that on or about December 26, 2007, defendant ANGEL NOEL GUEVARA assaulted Jesus Reynoso with a dangerous weapon for the purpose of gaining entrance, maintaining his position, or increasing his position within the charged racketeering enterprise in violation of 18 U.S.C. 1959(a)(3), as charged in Count Twenty-Five?

YES, GUILTY                   NO, NOT GUILTY

_____                   _____

## COUNT TWENTY-SIX

18.     Has the government proven beyond a reasonable doubt that on or about December 26, 2007, defendant ANGEL NOEL GUEVARA attempted to murder Jesus Reynoso for the purpose of gaining entrance, maintaining his position, or increasing his position within the charged racketeering enterprise in violation of 18 U.S.C. 1959(a)(5), as charged in Count Twenty-Six?

YES, GUILTY                   NO, NOT GUILTY

_____                   _____

## COUNT TWENTY-SEVEN

19.     Has the government proven beyond a reasonable doubt that on or about December 26, 2007, defendant ANGEL NOEL GUEVARA assaulted Milagro Moraga with a dangerous weapon for the purpose of gaining entrance, maintaining his position, or increasing his position within the charged racketeering enterprise in violation of 18 U.S.C. 1959(a)(3), as charged in Count Twenty-Seven?

YES, GUILTY                   NO, NOT GUILTY

_____                   _____

## COUNT TWENTY-EIGHT

20.     Has the government proven beyond a reasonable doubt that on or about December 26, 2007, defendant ANGEL NOEL GUEVARA attempted to murder Milagro Moraga for the purpose of gaining entrance, maintaining his position, or increasing his position within the charged racketeering enterprise in violation of 18 U.S.C. 1959(a)(5), as charged in Count Twenty-Eight?

YES, GUILTY                   NO, NOT GUILTY

_____                   _____

**COUNT TWENTY-NINE**

21.    Has the government proven beyond a reasonable doubt that on or about December 26, 2007, defendant ANGEL NOEL GUEVARA assaulted Ronald Donaire with a dangerous weapon for the purpose of gaining entrance, maintaining his position, or increasing his position within the charged racketeering enterprise in violation of 18 U.S.C. 1959(a)(3), as charged in Count Twenty-Nine?

YES, GUILTY                      NO, NOT GUILTY

_____                    _____

**COUNT THIRTY**

22.    Has the government proven beyond a reasonable doubt that on or about December 26, 2007, defendant ANGEL NOEL GUEVARA attempted to murder Ronald Donaire for the purpose of gaining entrance, maintaining his position, or increasing his position within the charged racketeering enterprise in violation of 18 U.S.C. 1959(a)(5), as charged in Count Thirty?

YES, GUILTY                      NO, NOT GUILTY

_____                    _____

**DATED:** _____        **NUMBER OF FOREPERSON:** _____