IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 08-0730 WHA |
| Plaintiff, | |
| v. | **ORDER RE AGENT SKOVRAN** |
| MARVIN CARCAMO, *et al*. | |
| Defendants. | |

With respect to Agent Nikki Skovran and her expert testimony, the Court held a *Daubert* hearing today and determined that her methodology is sufficiently sound for her testimony to be presented to the jury.

The question whether her testimony is proper rebuttal and/or should be allowed under Rule 403 is a closer question. The government fully concedes that it erred in not designating her as an expert for its case-in-chief. Had it done so, then the defense could have prepared its expert response in a more orderly fashion. Rule 16, however, requires an expert disclosure only for case-in-chief evidence. It does not require expert disclosures for rebuttal evidence.

The fact that the evidence could have been presented in the government's case-in-chief (with proper notice and disclosure if required) does not mean that the evidence is improper as rebuttal.

A district judge has wide discretion in regulating rebuttal cases. Normally rebuttal evidence is (i) directed to specific challenges to specific points or evidence presented in the

defense case-in-chief or (ii) directed to attacking the credibility of a defense witness. While those are the two clearest cases, rebuttal is sometimes permitted that merely addresses larger issues to which specific defense evidence is supportive. This is a less compelling category of rebuttal and is a category to which traditional Rule 403 considerations may militate for or against allowance as rebuttal.

Here, the strongest case for rebuttal concerns Defendant Erick Lopez. While defendant Lopez has not introduced alibi evidence, he has contended during his case-in-chief that the Ng/Joldic homicides were committed by someone else — namely by Carlos Flores and/or Walter Palma. In addition, he has introduced defense evidence concerning the use of cell phones in the hours leading up to the Ng/Joldic homicides, namely while at Mission Playground immediately following the shooting of Danilo Velasquez, the event which evidently triggered a vengeful hunt for Nortenos, or so the government evidence suggests. This defense evidence was clearly directed at an argument that law enforcement arrested and charged the wrong perpetrator for the Ng/Joldic homicides.

The rebuttal evidence would convincingly place the cell phone of defendant Lopez in the immediate neighborhood of the Ng/Joldic homicides in the moments immediately thereafter in the wee hours of the morning. In the Court's view of this case, this constitutes rebuttal evidence. Admittedly, it is not in the clearest categories of rebuttal evidence but nonetheless it qualifies as rebuttal, subject to Rule 403 considerations. One of those considerations is the additional time that will be taken not only for the direct testimony but for cross-examination and the counter-expert on sur-rebuttal, for it would be unfair to permit the rebuttal expert to testify without letting Expert John Norris to do likewise on sur-rebuttal (Mr. Norris is the cell-site expert retained by defendant Lopez). The direct testimony shall be limited to the maps and power point tracing the Lopez cell phone hits from the evening of March 28th through the early morning hours of March 29, as shown at the *Daubert* hearing. Slight embroiderment shall be allowed as to visuals to account for the limited time allowed at today's hearing.

\*                               \*                               \*

The proposed rebuttal testimony as to the Herrera cell phone is likewise in the less compelling category of rebuttal evidence but it nonetheless qualifies as rebuttal evidence. Attorney Martin Sabelli presented defense evidence for Defendant Guillermo Herrera that the defendant's hairstyle on July 11, 2008, was different from that of the perpetrator seen by the eyewitnesses and further presented defense evidence that the getaway vehicle windows were tinted and thus the eyewitnesses would not have been able to place Defendant Herrera at the scene of the crime in any event, all of this in support of the larger point that law enforcement again charged the wrong man. In contrast, the rebuttal evidence would place the cell phone used by defendant Herrera very close to the scene of the homicide within one or two minutes of the shooting. It would track the cell phone across the Bay Bridge into Oakland where other evidence already shows the get-away vehicle was dumped.

This evidence is proper rebuttal even if not precisely responsive to the specific evidence presented by the defense. The proposed analysis would meet the more general point supported by the specific defense evidence. For the same reason as above, Defendant Herrera may cross-examine and may present on sur-rebuttal his own expert, if he chooses and is ready to do so. The issue of cell-site analysis has been in play for many weeks in this case, if not months, and all defense counsel have been on notice that this day of rebuttal might come and could have prepared for it. Indeed, counsel for Defendant Lopez has done so (Expert John Norris). Counsel for Defendant Herrera did so at one time (Expert John Minor). While it is true that during the government's case-in-chief the Court refused to allow the government's expert evidence due to a variety of procedural shortfalls and further said that the government would be allowed to argue from the cell-site records that the phone was "within radio range," the record since then will show that all counsel have been on notice that the government would try again in its rebuttal case and might be allowed to present the very evidence at issue.

\*                               \*                               \*

As for all other cell phones and defendants, their counsel did not sufficiently open the door to the type of locational evidence now proposed and it will not be allowed on rebuttal.

3

\* \* \*

In sum, the rebuttal will be limited to the Lopez (for March 28 and 29) and Herrera (for July 11) cell phones and must stay close to the maps and power point presented in Court today, although some latitude will be permitted as to the form of maps and power point. No latitude will be permitted beyond the Lopez phone for March 28 and 29 and the Herrera cell phone for July 11. The Court expects the entire direct testimony of Agent Skovran to be one hour or less. The Court expects the sur-rebuttal witnesses, if any, to be presented on Friday at the close of the government's rebuttal case so that all evidence will be completed this week.

**IT IS SO ORDERED.**

Dated: August 4, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE